EVAN C. BORGES, State Bar No. 128706
 *EBorges@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Defendants Erika Girardi, EJ Global, LLC, and Pretty Mess, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | Adv No. 2:21-ap-01155-BR |
| ELISSA D. MILLER, Chapter 7 Trustee, | **ANSWER OF DEFENDANTS ERIKA GIRARDI, EJ GLOBAL, LLC, AND PRETTY MESS, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| Plaintiff, | |
| v. | |
| ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation, | Judge:    Hon. Barry Russell |
| Defendants. | |

Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure and Rule 8 of the Federal Rules of Civil Procedure, Defendants Erika Girardi ("Ms. Girardi"), EJ Global, LLC, and Pretty Mess, Inc. (collectively "Defendants") hereby respond to Plaintiff's *First Amended Complaint For: 1) Declaratory Relief; 2) Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542; (3) Avoidance and Recovery of Fraudulent Transfer; (4) Conversion, (5) Constructive Trust, (6) Account Stated; (7) Open Book Account; (8) Money Had and Received; (9) Unjust Enrichment; (10) Accounting* (the "FAC") as follows

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. Responding to Paragraph 1 of the FAC, Defendants admit that the Bankruptcy Court has limited jurisdiction over this adversary proceeding. Defendants reserve and assert all jurisdictional defenses, do not consent to entry of final judgment in this matter by the Bankruptcy Court, and do not consent to a jury trial in the Bankruptcy Court. Defendants further assert their right to a jury trial in the District Court on the claims asserted in the FAC. Based on Defendants' right to a jury trial in the District Court, withdrawal of the reference of this adversary proceeding is appropriate and required. Defendants intend to and will file a motion to withdraw the reference within the time period set forth in Local Bankruptcy Rule 9015-2(h).

2. Responding to Paragraph 2 of the FAC, Defendants admit that plaintiff Elissa D. Miller ("Plaintiff" or the "Trustee") has been appointed as chapter 7 trustee in the Girardi Keese ("GK") bankruptcy case. Except as expressly admitted, Defendants deny the allegations of Paragraph 2.

3. Responding to Paragraph 3 of the FAC, Defendants admit the allegations therein.

4. Responding to Paragraph 4 of the FAC, Defendants aver and allege that on or about November 3, 2020, Ms. Girardi filed a petition for divorce against Thomas Girardi in Los Angeles Superior Court. Defendants are informed and believe that the divorce petition is currently stayed due to the separate involuntary bankruptcy case filed against Mr. Girardi on December 18, 2020. Defendants admit that at all relevant times, Ms. Girardi has resided and/or done business in this District in her capacity as an entertainer. Except as expressly admitted, Defendants deny the allegations of Paragraph 4.

5.	Responding to Paragraph 5 of the FAC, Defendants admit that at all relevant times, EG Global LLC was and is an LLC, the sole interest holder of which has been Ms. Girardi. Defendants aver and allege that at all relevant times, GK managed the financial affairs of EG Global LLC, maintained all financial records of EJ Global LLC, and in conjunction with outside accountants, prepared the tax returns for EJ Global LLC. GK and Mr. Girardi also managed the personal finances of Mr. and Ms. Girardi during her marriage, and in conjunction with outside accountants, prepared the tax returns of Mr. and Ms. Girardi. Except as expressly admitted, Defendants deny the allegations of Paragraph 5.

6.	Responding to Paragraph 6 of the FAC, Defendants admit that Pretty Mess, Inc. was formed in early 2021 and is a corporation owned by Ms. Girardi. Ms. Girardi avers and alleges that she formed Pretty Mess, Inc. for lawful and legitimate reasons, to have an entity through which she could conduct her business as an entertainer as her separate property following her divorce filing against Mr. Girardi in early November 2020. Further, Ms. Girardi, both directly and through her business manager, has been fully transparent and provided to the Trustee all bank account statements and financial information for Pretty Mess, Inc., which establish that it was and is a new corporation through which she has been conducting business post-divorce filing. Except as expressly admitted, Defendants deny the allegations of Paragraph 6.

7.	Responding to Paragraph 7 of the FAC, Defendants deny the allegations therein.

8.	Responding to Paragraph 8 of the FAC, Defendants admit that as a matter of law, any and all alleged debts or liabilities of EJ Global LLC, if valid, can be recovered only from the assets of EJ Global LLC. Accordingly, as a matter of law, Ms. Girardi has no personal or individual liability for any debts or liabilities of EJ Global LLC. Except as expressly admitted, Defendants deny the allegations of Paragraph 8.

9.	Responding to Paragraph 9 of the FAC, Defendants admit that they are represented by the same attorney in this adversary proceeding. The remaining allegations of Paragraph 9 constitute speculation and improper argument. Except as expressly admitted, Defendants deny the allegations of Paragraph 9.

10.	Responding to Paragraph 10 of the FAC, this paragraph alleges only a definition of

"Defendants" to which no response is required.

**GENERAL FACTUAL ALLEGATIONS**

11.     Responding to Paragraph 11 of the FAC, Defendants admit that a copy of an August 2012 "Court Approved Settlement Agreement" (as defined in the FAC) is attached as Exhibit A to the FAC, and speaks for itself. Defendants aver and allege that on its face, the Court Approved Settlement Agreement shows that it was publicly filed, bears signatures of GK and GK's clients, was approved by a public Court order, contains a binding assignment to Ms. Girardi (among others) of the right to a portion of certain Lottery Payments (as defined in the FAC), and constitutes a binding obligation incurred by GK in August 2012 – more than eight years prior to the commencement of the GK bankruptcy case. Given these facts, two conclusions follow: ***First***, any and all claims in the FAC arising out of the Court Approved Settlement Agreement and the related Lottery Payments are barred by the absolute statute of limitations and statute of repose set forth in California Civil Code section 3439.09(c), which provides: "*Notwithstanding any other provision of law*, a cause of action under this chapter with respect to a transfer ***or obligation*** *is extinguished if no action is brought or levy made within seven years* after the transfer was made ***or the obligation was incurred***." (emphasis added). ***Second***, it is impossible for the Trustee to allege in good faith either: (1) that the Court Approved Settlement Agreement and the assignment of the Lottery Payments therein were in any way concealed or the subject of any sort of "fraud"; or (2) that Ms. Girardi, as of August 2012, was not granted a binding and court-approved right to the funds at issue, based on the binding assignment. Based on the above undisputed facts and legal conclusions, the Trustee's claims in the FAC related to the Court Approved Settlement Agreement and the Lottery Payments are without any merit or good faith basis. Pursuant to Federal Rule 11 and Bankruptcy Rule 9011, before the Trustee filed the FAC, Defendants put the Trustee on notice in writing of the lack of any good faith basis for the claims related to the Court Approved Settlement Agreement and the Lottery Payments. Nonetheless, the Trustee filed the FAC including these claims. Defendants reserve all rights, including the right to file a dispositive motion on all claims in the FAC arising out of the Court Approved Settlement Agreement and the Lottery Payments, and the right to seek an award of sanctions, attorneys' fees, and costs.

12. Responding to Paragraph 12 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above response to Paragraph 11 of the FAC.

13. Responding to Paragraph 13 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above response to Paragraph 11 of the FAC. Per the Court Approved Settlement Agreement, the Lottery Payments assigned to Ms. Girardi were mailed directly to the offices of GK. Ms. Girardi does not have a recollection of receiving the Lottery Payments, and is currently investigating based on the records to which she has access whether she received any of the Lottery Payments. Ms. Girardi, through counsel, has demanded that the Trustee account for any and all of the Lottery Payments that, in addition to being received by GK, were deposited by GK into its bank account(s) or deposited by Mr. Girardi in his bank account(s). The Trustee has full access to the books, records, and accounts of GK, and knowledge of the contents of those records is imputed to the Trustee. Further, the Trustee has the power to make inquiry of the trustee in the Tom Girardi bankruptcy case regarding his books, records, and accounts, to determine if, in fact, Lottery Payments were deposited into Mr. Girardi's bank account(s). The Trustee has had, and continues to have, ample time to conduct this diligence without recklessly rushing to file suit against Ms. Girardi based on a false premise, given that, to the extent statutes of limitation had not already expired as of the time of the GK bankruptcy filing, under section 108 of the Bankruptcy Code, the Trustee has two years from the petition date in which to file an action. If notwithstanding Ms. Girardi's request and demand that the Trustee perform this basic due diligence, it results that the Trustee in the FAC has recklessly and knowingly sued Ms. Girardi under the false premise that Ms. Girardi actually received the Lottery Payments, when in fact it was and is easily known and verifiable by the Trustee that Ms. Girardi did not receive any or certain of the Lottery Payments, then Ms. Girardi will seek sanctions against the Trustee for bringing a knowingly false claim. Except as expressly averred and alleged above, Defendants deny the allegations of Paragraph 13 of the FAC.

14. Responding to Paragraph 14 of the FAC, as noted above, Defendants admit that the reason the Trustee received the 2021 Lottery Payment to Ms. Girardi is that the Court Approved Settlement Agreement requires that the State of California mail the payments to GK, and the

Trustee has been in the possession of the business of GK since late 2020.  Defendants further admit that as an interim measure, Ms. Girardi entered into the standstill agreement with the Trustee as evidenced by Exhibit B to the FAC.  Except as expressly admitted, Defendants deny the allegations of Paragraph 14 of the FAC.

15. Responding to Paragraph 15 of the FAC, as noted above, Defendants admit that Ms. Girardi made a prior demand on the Trustee to investigate whether any or all of the Lottery Payments to date, after receipt by GK, were deposited by GK into its bank account(s) or by Mr. Girardi into his bank account(s).  Defendants further admit that counsel for the Trustee sent the demand letter attached as Exhibit C to the FAC.  Defendants aver and allege that the allegation in Paragraph 15, which states – "[t]o the extent the Debtor has already received some of the earlier Lottery Payments, the Debtor will credit those from the prayer in this action" – constitutes an admission by the Trustee that, notwithstanding the lack of time constraints, the Trustee has not conducted necessary and critical due diligence to have a good faith basis for suing Ms. Girardi in the FAC based on her alleged receipt of the Lottery Payments.  Except as expressly admitted, Defendants deny the allegations of Paragraph 15 of the FAC.

16. Responding to Paragraph 16 of the FAC, which relates to certain alleged "Luxury Items" (as defined in the FAC), the Trustee again concedes the lack of a necessary and diligent investigation prior to filing suit against Ms. Girardi in the FAC.  Specifically, in Paragraph 16, the Trustee alleges, on information and belief, that "Defendants received jewelry and other luxury items purchased using the Debtor's funds (the "Luxury Items").  **As discovery is taken, the Trustee will outline the specific luxury items**." (emphasis added).  The law does not permit or condone shooting first and asking questions later, which Paragraph 16 admits is the Trustee's approach.  The Trustee has in her possession all the books and records of GK, and if a basis exists for the purported claims related to the Luxury Items, the Trustee is obligated to plead facts that show the existence of a claim.  It is impossible to tell from the FAC to what purported Luxury Items it refers, when the alleged transactions at issue occurred, in what dollar amounts, and for what alleged property.  Thus, as to the purported Luxury Items, the FAC fails to state a claim for relief..  Once again, the Trustee – while not under any time constraints to the extent statutes of

-6-

limitations had not already expired as of the petition date (and if such statutes of limitation have expired, no claim should be brought regardless) – has filed suit recklessly and admittedly without a proper investigation or basis, much less a good faith basis.  For all these reasons, Defendants deny the allegations in Paragraph 16 of the FAC.

17.    Responding to Paragraph 17 of the FAC, to the extent it purports to allege facts beyond defining the term "Transfers," Defendants deny the allegations therein.

18.    Responding to Paragraph 18 of the FAC, as noted above, no allegation of concealment can be made in good faith as to the Court Approved Settlement Agreement and its assignment of the Lottery Payments, given that the Court Approved Settlement Agreement was publicly filed and approved by an order of a Court.  Moreover, as noted above, the allegations of the FAC related to the so-called "Luxury Items" provide no information whatsoever, other than admitting the Trustee has not conducted an adequate investigation and has no basis for the claims.  Accordingly, Defendants deny the allegations of Paragraph 18 of the FAC.

19.    Responding to Paragraph 19 of the FAC, Defendants are informed and believe that the business records and tax returns of GK, to the extent these refer to Receivables (as defined in the FAC) owing to GK, only refer to an alleged receivable or receivables owing by EJ Global LLC, **not** by Ms. Girardi or Pretty Mess, Inc.  As noted above, Defendants further aver that at all relevant times, the finances of EJ Global LLC were managed by GK, and GK, along with outside accountants, prepared tax returns for EJ Global LLC.  In addition, GK was run by attorneys who understood the significance of claiming that an alleged receivable was owed solely by EJ Global LLC, which is that GK's claim, if it is valid, is limited to the assets of EJ Global LLC.  Accordingly, neither Ms. Girardi nor Pretty Mess, Inc. (which was not incorporated until 2021, after the last of the so-called Receivables transactions alleged in the FAC in June 2020) has any liability for the Receivables claim made by the Trustee in the FAC.  Except as expressly averred and alleged above, Defendants deny the allegations of Paragraph 19 of the FAC.

20.    Responding to Paragraph 20 of the FAC, as noted above, Defendants aver and allege that at all relevant times, the finances of EJ Global LLC were managed by GK, and GK, along with outside accountants, prepared tax returns for EJ Global LLC.  In addition, GK was run

by attorneys who understood the significance of claiming that an alleged receivable was owed solely by EJ Global LLC, which is that GK's claim, if it is valid, is limited to the assets of EJ Global LLC. Accordingly, neither Ms. Girardi nor Pretty Mess, Inc. (which was not incorporated until 2021, after the last of the so-called Receivables transactions alleged in the FAC in June 2020) has any liability for the Receivables claim made by the Trustee in the FAC. In addition, the Trustee has not produced to Defendants the GK records that form the basis for the allegations in Paragraph 20, including the credit card records referred to therein. Except as expressly averred and alleged above, Defendants deny the allegations of Paragraph 20 of the FAC.

21. Responding to Paragraph 21 of the FAC, this paragraph contains multiple assertions that are vague and ambiguous, including an allegation regarding "Debtor's tax fraud," which is not explained in any manner in the FAC. For the avoidance of doubt, Ms. Girardi, the only one of Defendants referred to in Paragraph 21, avers and alleges on information and belief that all tax returns of GK were prepared by GK working with its outside accountants. In addition, as noted above, all tax returns of Mr. and Ms. Girardi, as well as of EJ Global LLC, were also prepared by GK, Mr. Girardi, and outside accountants. Ms. Girardi at all times was and is an entertainer with a 12th grade education. Ms. Girardi was never and is not an attorney, and she trusted that GK, Mr. Girardi, and the outside accountants, given their superior knowledge and expertise, prepared proper, lawful, and legitimate tax returns. Except as expressly averred and alleged, Defendants deny the allegations of Paragraph 21 of the FAC.

22. Responding to Paragraph 22 of the FAC, Ms. Girardi (the only one of Defendants to whom the allegations are directed) recalls that she has signed married filing jointly tax returns during her more than 20 year marriage to Mr. Girardi, but specific tax returns would need to be shown to her to be able to verify. Except as expressly admitted, Defendants deny the allegations of Paragraph 22 of the FAC.

23. Responding to Paragraph 23 of the FAC, Ms. Girardi (the only one of Defendants to whom the allegations are directed) recalls that she has signed married filing jointly tax returns during her more than 20 year marriage to Mr. Girardi, but specific tax returns would need to be shown to her to be able to verify. Ms. Girardi does not have information available to her at this

time to be able to admit or deny the allegation related to the specific title of an episode in the past on the Real Housewives of Beverly Hills television show.  Ms. Girardi, however, admits that the theme of "expensive" has been part of her entertainment routine in the past, including on the television show.  Except as expressly admitted, Defendants deny the allegations of Paragraph 23 of the FAC.

24.    Responding to Paragraph 24 of the FAC, Defendants deny the allegations therein.

25.    Responding to Paragraph 25 of the FAC, Defendants do not have information or knowledge relevant to the allegations in this paragraph, which discuss purported internal workings and action taken by GK.  Defendants further aver and allege that, for the reasons mentioned above, neither Ms. Girardi nor Pretty Mess, Inc. has any legal liability for the Receivables transactions that are the subject of the FAC.  Accordingly, Defendants deny the allegations of Paragraph 25.

26.    Responding to Paragraph 26 of the FAC, this paragraph contains legal argument (not factual allegations), to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 26.

27.    Responding to Paragraph 27 of the FAC, Defendants admit that counsel for the Trustee sent the demand letter attached as Exhibit D to the FAC.  Defendants do not have sufficient information available to them at this time to be able to verify the authenticity of Exhibit E to the FAC.  Accordingly, except as expressly admitted, Defendants deny the allegations of Paragraph 27.

28.    Responding to Paragraph 28 of the FAC, Defendants deny the allegations therein, which are intentionally inflammatory, malicious, and reckless with no good faith basis whatsoever in any actual evidence or facts.  Counsel for Ms. Girardi previously gave notice to the Trustee, pursuant to Federal Rule 11 and Bankruptcy Rule 9011, that these allegations, which were contained in the original Complaint filed herein by the Trustee, are specious, without any good faith basis in any evidence or facts, and should be stricken.  Nonetheless, the Trustee recklessly and maliciously filed the FAC including these allegations.  Defendants reserve all rights, including without limitation the right to seek sanctions, which Defendants will pursue upon establishing in discovery that the Trustee has no basis whatsoever for the allegations in Paragraph 28.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

29. Responding to Paragraph 29 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 28 of the FAC.

30. Responding to Paragraph 30 of the FAC, while the allegations contained therein summarize at least part of the dispute between the parties, they do not address the entire dispute, and on this basis, Defendants deny the allegations in Paragraph 30.

31. Responding to Paragraph 31 of the FAC, this paragraph only asserts the relief sought by the Trustee, which is disputed by Defendants; and on this basis, Defendants deny the allegations in Paragraph 31.

## SECOND CLAIM FOR RELIEF

### (Turnover of Property Of the Estate Pursuant to 11 U.S.C. § 542(a))

32. Responding to Paragraph 32 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 31 of the FAC.

33. Responding to Paragraph 33 of the FAC, Defendants deny the allegations therein.

34. Responding to Paragraph 34 of the FAC, Defendants deny the allegations therein.

## THIRD CLAIM FOR RELIEF

### (Turnover of Property Of the Estate Pursuant to 11 U.S.C. § 542(b))

35. Responding to Paragraph 35 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 34 of the FAC.

36. Responding to Paragraph 36 of the FAC, Defendants deny the allegations therein. In addition, Defendants note that the allegation in the second sentence of Paragraph 36 regarding alleged receipt by Defendants of the payments comprising the alleged Receivable claim in the FAC is known to be false by the Trustee, and should and must be corrected in an amended pleading. Specifically, the Trustee has admitted and admits elsewhere in the FAC that the payments comprising the Receivable claim were allegedly made by GK directly to outside vendors or creditors of EJ Global LLC, and never even to EJ Global LLC. Nor has the Trustee ever alleged that the payments that are the subject of the Receivables claim in the FAC were made to

1  Ms. Girardi or Pretty Mess, Inc., because the Trustee knows this never occurred.

2      37.    Responding to Paragraph 37 of the FAC, Defendants deny the allegations therein.

## FOURTH CLAIM FOR RELIEF

**(Avoidance Of Fraudulent Transfer, Actual Intent, Pursuant to [11 U.S.C. §§ 544(b) and 548 and Cal Civ. Code § 3439.04(a)(1))**

6      38.    Responding to Paragraph 38 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 37 of the FAC.

8      39.    Responding to Paragraph 39 of the FAC, Defendants deny the allegations therein.

9      40.    Responding to Paragraph 40 of the FAC, Defendants deny the allegations therein.

## FIFTH CLAIM FOR RELIEF

**(Avoidance Of Fraudulent Transfer, Constructive Intent, Pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal Civ. Code § 3439.05)**

13      41.    Responding to Paragraph 41 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 40 of the FAC.

15      42.    Responding to Paragraph 42 of the FAC, Defendants deny the allegations therein.

16      43.    Responding to Paragraph 43 of the FAC, Defendants deny the allegations therein.

## SIXTH CLAIM FOR RELIEF

**(Avoidance Of Fraudulent Transfer, Constructive Intent, Pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal Civ. Code § 3439.04(a)(2)(A))**

20      44.    Responding to Paragraph 44 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 43 of the FAC.

22      45.    Responding to Paragraph 45 of the FAC, Defendants deny the allegations therein.

23      46.    Responding to Paragraph 46 of the FAC, Defendants deny the allegations therein.

## SEVENTH CLAIM FOR RELIEF

**(Avoidance Of Fraudulent Transfer, Constructive Intent, Pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal Civ. Code § 3439.04(a)(2)(B))**

27      47.    Responding to Paragraph 47 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 46 of the FAC.

48. Responding to Paragraph 48 of the FAC, Defendants deny the allegations therein.

49. Responding to Paragraph 49 of the FAC, Defendants deny the allegations therein.

### EIGHTH CLAIM FOR RELIEF

### (Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550(a))

50. Responding to Paragraph 50 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 49 of the FAC.

51. Responding to Paragraph 51 of the FAC, Defendants deny the allegations therein.

### NINTH CLAIM FOR RELIEFT

### (Conversion)

52. Responding to Paragraph 52 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 51 of the FAC.

53. Responding to Paragraph 53 of the FAC, Defendants deny the allegations therein.

54. Responding to Paragraph 54 of the FAC, Defendants deny the allegations therein.

55. Responding to Paragraph 55 of the FAC, Defendants deny the allegations therein.

56. Responding to Paragraph 56 of the FAC, Defendants deny the allegations therein. In addition, Defendants note that the allegation in the first sentence of Paragraph 56 regarding alleged receipt by Defendants of the payments comprising the alleged Receivable claim in the FAC is known to be false by the Trustee, and should and must be corrected in an amended pleading. Specifically, the Trustee has admitted and admits elsewhere in the FAC that the payments comprising the Receivable claim were allegedly made by GK directly to outside vendors or creditors of EJ Global LLC, and never even to EJ Global LLC. Nor has the Trustee ever alleged that the payments that are the subject of the Receivables claim in the FAC were made to Ms. Girardi or Pretty Mess, Inc., because the Trustee knows this never occurred.

### TENTH CLAIM FOR RELIEF

### (Constructive Trust)

57. Responding to Paragraph 57 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 56 of the FAC.

58. Responding to Paragraph 58 of the FAC, Defendants deny the allegations therein.

## ELEVENTH CLAIM FOR RELIEF

### (Account Stated)

59. Responding to Paragraph 59 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 58 of the FAC.

60. Responding to Paragraph 60 of the FAC, Defendants deny the allegations therein.

## TWELFTH CLAIM FOR RELIEF

### (Open Book Account)

61. Responding to Paragraph 61 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 60 of the FAC.

62. Responding to Paragraph 62 of the FAC, Defendants deny the allegations therein.

63. Responding to Paragraph 63 of the FAC, Defendants deny the allegations therein.

## THIRTEETH CLAIM FOR RELIEF

### (Money Had and Received)

64. Responding to Paragraph 64 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 63 of the FAC.

65. Responding to Paragraph 65 of the FAC, Defendants deny the allegations therein. In addition, Defendants note that the use of the term "received" in this paragraph, to connote alleged receipt by Defendants of the payments comprising the alleged Receivable claim in the FAC, is known to be false by the Trustee, and should and must be corrected in an amended pleading. Specifically, the Trustee has admitted and admits elsewhere in the FAC that the payments comprising the Receivable claim were allegedly made by GK directly to outside vendors or creditors of EJ Global LLC, and never even to EJ Global LLC. Nor has the Trustee ever alleged that the payments that are the subject of the Receivables claim in the FAC were made to Ms. Girardi or Pretty Mess, Inc., because the Trustee knows this never occurred.

66. Responding to Paragraph 66 of the FAC, Defendants deny the allegations therein.

## FOURTEENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

67. Responding to Paragraph 67 of the FAC, Defendants incorporate by reference, as

though set forth in full herein, their above responses to Paragraphs 1 through 66 of the FAC.

68.  Responding to Paragraph 68 of the FAC, Defendants deny the allegations therein.

69.  Responding to Paragraph 69 of the FAC, Defendants deny the allegations therein.

## FIFTEENTH CLAIM FOR RELIEF

### (Accounting)

70.  Responding to Paragraph 70 of the FAC, Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 1 through 69 of the FAC.

71.  Responding to Paragraph 71 of the FAC, Defendants deny the allegations therein.

72.  Responding to Paragraph 72 of the FAC, Defendants deny the allegations therein. In addition, Defendants note that the allegation in this paragraph that EJ Global LLC and Ms. Girardi "received from the Debtor $25,592,261.26" (which the FAC alleges is the total amount of the Receivables claim) is known to be false by the Trustee, and should and must be corrected in an amended pleading.  Specifically, the Trustee has admitted and admits elsewhere in the FAC that the payments comprising the Receivable claim were allegedly made by GK directly to outside vendors or creditors of EJ Global LLC, and never even to EJ Global LLC.  Nor has the Trustee ever alleged that the payments that are the subject of the Receivables claim in the FAC were made to Ms. Girardi or Pretty Mess, Inc., because the Trustee knows this never occurred.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that the Trustee is entitled to the relief requested in the FAC, or to any relief, against Defendants.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendants have any burden of proof, Defendants assert the following affirmative defenses:

### First Affirmative Defense

### (Failure to State a Claim)

1.  The FAC fails to state a claim against Defendants, in whole or part, upon which relief can be granted.

**Second Affirmative Defense**

**(Statute of Limitations )**

2. The FAC is barred, in whole or in part, by the applicable statutes of limitation or statute of repose.

**Third Affirmative Defense**

**(Solvency)**

3. The FAC is barred, in whole or in part, on the ground that the Debtor was solvent during the time of the transactions alleged.

**Fourth Affirmative Defense**

**(Not Unreasonably Small Assets)**

4. The FAC is barred, in whole or in part, on the ground that during the time of the transactions alleged, the Debtor was not engaged nor about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small.

**Fifth Affirmative Defense**

**(No Debts Beyond Ability to Pay)**

5. The FAC is barred, in whole or in part, on the ground that during the time of the transactions alleged, the Debtor did not intend to incur, believe, or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as they came due.

**Sixth Affirmative Defense**

**(Good Faith)**

6. The FAC is barred, in whole or in part, on the ground that Defendants' alleged conduct was undertaken in good faith.

**Seventh Affirmative Defense**

**(Reasonably Equivalent Value)**

7. The FAC is barred, in whole or in part, on the ground that the Debtor received reasonably equivalent value in exchange for the transfers at issue.

### Eighth Affirmative Defense

### (Waiver and Estoppel)

8. The FAC is barred, in whole or in part, based on the doctrines of waiver and/or estoppel.

### Ninth Affirmative Defense

### (Laches)

9. The FAC is barred, in whole or in part, based on the doctrine of laches.

### Tenth Affirmative Defense

### (Lack of Causation)

10. The FAC is barred, in whole or in part, on the ground that any alleged damages suffered by the Debtor or the Trustee were not caused by any action or inaction of the Defendants.

### Eleventh Affirmative Defense

### (Setoff or Recoupment)

11. The FAC is barred, in whole or in part, on the grounds of setoff or recoupment.

### Twelfth Affirmative Defense

### (Vague and Uncertain)

12. The FAC is barred, in whole or in part, on the grounds that it fails to allege claims with sufficient particularity to allow Defendants to respond and ascertain what other defenses may exist.

### Thirteenth Affirmative Defense

### (Unclean Hands)

13. The FAC is barred, in whole or in part, based on the doctrine of unclean hands.

### Fourteenth Affirmative Defense

### (Failure to Mitigate)

14. The FAC is barred, in whole or in part, on the ground that Plaintiff has not acted reasonably to mitigate its alleged damages, if any.

**Fifteenth Affirmative Defense**

**(In Pari Delicto)**

15. The FAC is barred, in whole or in part, based on the doctrine of *in pari delicto*.

**Sixteenth Affirmative Defense**

**(Reservation of Rights)**

16. Defendants hereby reserve and assert all affirmative defenses available under federal law and state law applicable to the claims asserted in the FAC.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants, and each of them, pray that:

1. Plaintiff take nothing by the First Amended Complaint;

2. The Court dismiss the First Amended Complaint and enter judgment in favor of Defendants;

3. The Court enter an award in favor of Defendants of attorneys' fees and costs of suit, as permitted by law;

4. For such other and further relief as the Court may deem just and proper.

DATED:  November 1, 2021            GREENBERG GROSS LLP

By: _____
Evan C. Borges
Attorneys for Defendants Erika Girardi, EJ Global, LLC, and Pretty Mess, Inc.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury to the fullest extent permitted by law. Defendants do not consent to a jury trial before the Bankruptcy Court.

DATED: November 1, 2021                    GREENBERG GROSS LLP

By: */s/ Evan C. Borges*
Evan C. Borges
Attorneys for Defendants Erika Girardi, EJ Global, LLC, and Pretty Mess, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER OF DEFENDANTS ERIKA GIRARDI, EJ GLOBAL, LLC, AND PRETTY MESS, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 1, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **November 1, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 1, 2021 | Cheryl Winsten | /s/ Cheryl Winsten |
|---|---|---|
| Date | Printed Name | Signature |

**In re GIRARDI KEESE**
Case No. 2:20-bk-21022-BR
**Elissa D. Miller**, **Chapter 7 Trustee v. Erika N. Girardi, et al.**
Case No. 2:21-ap-01155-BR

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ori S Blumenfeld**    ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com

- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

- **Elissa Miller (TR)**    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com

- **Frank X Ruggier**    frank@ruggierlaw.com, enotice@pricelawgroup.com

- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

- **Timothy J Yoo**    tjy@lnbyb.com

2. **SERVED BY UNITED STATES MAIL:**

**U.S. Bankruptcy Court:**
U.S. Bankruptcy Court
Hon. Barry Russell
255 E. Temple Street, Courtroom 1668
Los Angeles, CA 90012