| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Evan C. Borges<br>GREENBERG GROSS LLP<br>650 Town Center Drive, Suite 1700<br>Costa Mesa, CA 92676<br>Telephone: 949-383-2800<br>Facsimile: 949-383-2801<br>Email: EBorges@GGTrialLaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Defendants Erika Girardi, et al. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| In re:<br>GIRARDI KEESE<br><br><br><br>Debtor(s). | CASE NO.: 2:20-bk-21022-BR<br><br>ADVERSARY NO.: 2:21-ap-01155-BR<br><br>CHAPTER: 7 |
|---|---|
| ELISSA D. MILLER, Chapter 7 Trustee<br><br><br><br>Plaintiff(s).<br>vs.<br>ERIKA N. GIRARDI, and individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation<br><br><br>Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE: 01/18/2022<br>TIME: 1:00 p.m.<br>COURTROOM: 1668<br>ADDRESS: Edward R. Roybal Federal Building<br>255 E Temple Street<br>Los Angeles, CA 90012 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A.  PLEADINGS/SERVICE:**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?  ☒ Yes  ☐ No
2. Have all parties filed and served answers to the Claims Documents?  ☒ Yes  ☐ No
3. Have all motions addressed to the Claims Documents been resolved?  ☒ Yes  ☐ No
4. Have counsel met and conferred in compliance with LBR 7026-1?  ☒ Yes  ☐ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 1                                    **F 7016-1.STATUS.REPORT**

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

   Counsel for the parties have engaged in extensive Rule 26 discussions to make this litigation more efficient, including commencement of production of documents under Rule 26. Counsel expect that their Rule 26 exchanges of documents will be completed by January 31, 2022, subject to the obligation to supplement under Rule 26. Counsel also will be making formal Rule 26 disclosures to one another, including identification of known witnesses, which we will complete on the same timetable subject to the same obligation to supplement. Counsel have sufficiently conferred under Rule 26 to propose a litigation schedule to the Court that can form the basis of a scheduling order, as discussed in item G below.

B. **READINESS FOR TRIAL:**

   1. When will you be ready for trial in this case?

   | Plaintiff | Defendant |
   |---|---|
   | January 2023 (for jury trial in District Court, based on defendants' assertion of jury trial rights on fraudulent conveyance claims and intent to file motion to withdraw reference as provided in Local Rules 5011-1 and 9015-2(h). | January 2023 (for jury trial in District Court, based on defendants' assertion of jury trial rights on fraudulent conveyance claims and intent to file motion to withdraw reference as provided in LR 5011-1 and 9015-2(h). |

   2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

   | Plaintiff | Defendant |
   |---|---|
   | New counsel for trustee substituted into case in November 2021; parties' Rule 26 exchange still underway; no formal discovery commenced. | New counsel for trustee substituted into case in November 2021; parties' Rule 26 exchange still underway; no formal discovery commenced and extensive discovery and expert work required. |

   3. When do you expect to complete <u>your</u> discovery efforts?

   | Plaintiff | Defendant |
   |---|---|
   | Agree with Defendant, although the current covid crisis may impact on the ability to conduct expedited discovery. | 9/30/22 for non-expert discovery; 12/31/22 for expert discovery. |

   4. What additional discovery do you require to prepare for trial?

   | Plaintiff | Defendant |
   |---|---|
   | Plaintiff anticipates taking the depositions of 10 witnesses. Plaintiff also anticipates engaging experts to address the accounting involved in the estate and legal experts re the professional and legal obligations of attorneys in the management of a law firm. An additional expert will be retained regarding the ethical obligations of an attorney in the administration of a client trust account. | Documents and testimony from the Trustee, Thomas Girardi, current and former employees of the Debtor, and numerous third parties, including the Debtor's and Mr. Girardi's accountants. |

C. **TRIAL TIME:**

   1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

   | Plaintiff | Defendant |
   |---|---|
   | 5 days | 5 days |

   2. How many witnesses do you intend to call at trial (*including opposing parties*)?

   | Plaintiff | Defendant |
   |---|---|
   | Plaintiff anticipates it will have six to ten witnesses and two to four experts. | 5-10 fact witnesses, plus at least 1 expert witness. |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 2    **F 7016-1.STATUS.REPORT**

3. How many exhibits do you anticipate using at trial?

   **Plaintiff**
   Currently unknown, however there are substantial accounting records that may be used which will greatly increase the document estimate.

   **Defendant**
   Currently unknown; estimate 50-75.

D. **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

**Plaintiff**
Pretrial conference [X] is  [ ] is not  requested
Reasons:

**Defendant**
Pretrial conference [X] is  [ ] is not  requested
Reasons:
Per Local Rules, after entry of pre-trial order, defendants intend to file a motion to withdraw the reference.

**Plaintiff**
Pretrial conference should be set after:
(date) _____

**Defendant**
Pretrial conference should be set after:
(date) 01/05/2023

E. **SETTLEMENT:**

1. What is the status of settlement efforts?
   The Parties have had preliminary discussions related to settlement. Plaintiff is willing to engage in a mediation conducted by a private mediator. Defendants are willing to consider engaging in private mediation once non-expert discovery is completed.

2. Has this dispute been formally mediated?  [ ] Yes  [X] No
   If so, when?

3. Do you want this matter sent to mediation at this time?

   **Plaintiff**
   [X] Yes  [ ] No

   **Defendant**
   [ ] Yes  [X] No

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*          Page 3          **F 7016-1.STATUS.REPORT**

**F.  FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.

|   Plaintiff   |   Defendant   |
|---|---|
| [X] I do consent | [ ] I do consent |
| [ ] I do not consent | [X] I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

**G.  ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

The parties request that the Court enter a scheduling order with the following deadlines:  (a) non-expert discovery cutoff: September 30, 2022; (b) motion cutoff (other than motions re expert discovery): October 15, 2022; (c) initial expert designations and exchange of expert reports: October 15, 2022; (d) rebuttal expert designation and exchange of rebuttal expert reports: November 15, 2022; (e) expert discovery cutoff: December 31, 2022; (f) final pretrial conference: January __, 2023.  As noted, defendants intend to file a motion to withdraw the reference under the Local Rules, following entry of this Court's pretrial order.  Defendants reserve the right to file a motion to withdraw the reference at an earlier time.

Plaintiff also anticipates filing one or more pre-trial motions including a motion for turnover of property, for writ of possession and for summary judgment.

Defendants also anticipate filing motions for partial or complete summary judgment.

Respectfully submitted,

| | |
|---|---|
| Date:  01/11/2022 | Date:  01/11/2022 |
| Law Offices of Jenkins, Mulligan & Gabriel, LLP | GREENBERG GROSS LLP |
| Printed name of law firm | Printed name of law firm |
| /s/ Larry W. Gabriel | *[signature: Evan C. Borges]* |
| Signature | Signature |
| Larry W. Gabriel | Evan C. Borges |
| Printed name | Printed name |
| Attorney for: Elissa D. Miller, Chapter 7 Trustee | Attorney for: Defendants Erika Girardi, et al. |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                Page 4                **F 7016-1.STATUS.REPORT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/11/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 01/11/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/11/2022 | Cheryl Winsten | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*     Page 5     **F 7016-1.STATUS.REPORT**

**In re GIRARDI KEESE**
Case No. 2:20-bk-21022-BR
**Elissa D. Miller. Chapter 7 Trustee v. Erika N. Girardi, et al.**
Case No. 2:21-ap-01155-BR

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ori S Blumenfeld**   ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **Evan C Borges**   eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Larry W Gabriel**   lgabrielaw@outlook.com, tinadow17@gmail.com
- **Craig G Margulies**   Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Elissa Miller (TR)**   CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- **Frank X Ruggier**   frank@ruggierlaw.com, enotice@pricelawgroup.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Timothy J Yoo**   tjy@lnbyb.com

**2.**   **SERVED BY U.S. MAIL:**

**U.S. Bankruptcy Court:**
U.S. Bankruptcy Court
Hon. Barry Russell
255 E. Temple Street, Suite 1668
Los Angeles, CA 90012