1    LARRY W. GABRIEL [SBN 68329]
     JENKINS MULLIGAN & GABRIEL LLP
2    585 Lorna Lane
     Los Angeles, CA 90049
3    Telephone:  818.943.8992
     Email:      lgabrielaw@outlook.com
4
     Special Litigation Counsel for Plaintiff
5    Elissa D. Miller, Chapter 7 trustee

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

| 11 | In re Girardi Keese, | Case No. 2:20-bk-21022-BR |
|---|---|---|
| 12 | | Chapter 7 |
| 13 | Debtor, | |
| 14 | | Adv. No. 2:21-ap-01155-BR |
| 15 | ELISSA D. MILLER, chapter 7 trustee for the estate of Girardi Keese | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR ORDER FOR TURNOVER OF PERSONAL PROPERTY** |
| 16 | Plaintiff, | |
| 17 | vs. | **[Notice Of Motion And Motion For Order For Turnover Of Personal Property; Memorandum Of Points And Authorities And Declarations Of Elissa D. Miller, Daphne Masin And Larry W. Gabriel Filed Concurrently]** |
| 18 | ERIKA J. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and, PRETTY MESS, INC. a corporation | |
| 19 | | |
| 20 | Defendants. | |
| 21 | | |
| 22 | | **Via ZoomGov** |
| 23 | | <u>Judge:</u>  Hon. Barry Russell |
| 24 | | Date:    February 15, 2022<br>Time:    2:00 p.m. |
| 25 | | Place:   Courtroom 1668<br>            Roybal Federal Building<br>            255 E. Temple Street |
| 26 | | Los Angeles, CA 90012 |

27

28

## NOTICE OF REQUEST FOR JUDICIAL NOTICE AND EXHIBITS

### TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to Fed. Rules of Evidence Rule 201, Plaintiff - Trustee, Elissa D. Miller requests the Court take judicial notice of the information contained in the Exhibits attached hereto and the documents filed in this proceeding and in

The following Exhibits are presented in support of the Trustee's Motion for Turnover Order.  The Trustee requests the Court take Judicial Notice to those Exhibits that have an * next to the Exhibit.

| Exhibit No. | Description | Request for Judicial Notice |
|---|---|---|
| 1. | Print Out from California State Bar website (Attorney Search) for Attorney Thomas  Girardi | *<br>Attached |
| 2. | Petition for Dissolution   Girardi v. Girardi LASC Case No.: 20STFL11050 | *<br>Attached |
| 3. | Notice of Disciplinary Charges, *In the Matter of Thomas Vincent Girardi, State Bar No. 36603*, State Bar Court Case No. SBC-21-O-30192. | *<br><br>Attached |
| 4. | Letter written by Thomas Girardi  dated July 6, 2012, to Ms. Xin Xu, California Franchise Tax Board. | Attached |
| 5. | Check drawn on the GK trust account in the amount of $750,000.00  payable to MM Jewelers | Attached |
| 6. | GK Trust Account ledger for the *Rezulin* mass tort action, with an entry of March 2, 2007,  in the amount of $750,000, payable to MM, for "costs" | Attached |
| 7. | EXHIBIT 7 INTENTIONALLY LEFT BLANK | |
| 8. | Ledgers of GK General Accounts at Torry Pines Bank and Comerica Bank re payments to M&M | |
| 9. | Excerpts of Rezulin GK Client Trust Account Ledger showing payments to GK for fees and costs. | Attached |
| | **Pleadings filed in *In re Lion Air Flight JT Crash*, D.C.N.D.Ill. 1:18-cv-07686.** | |
| 11. | Settlement Orders | *ECF Docs. 384, 419, 424, 576, 588 |
| 12. | Settlement Declarations | *ECF Docs. 380, 411, 421, 426, 575, 587 |
| 13. | Motion for Rule to Show Cause | *ECF Doc. 842 |

| 1. | Civil Contempt Order | *ECF Doc. 879 |
|----|----------------------|---------------|

These documents are subject to judicial notice under (1) Federal Rules of Evidence §201 et seq. as records of a court of any court of the United States; and facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy.

Dated:  January 24, 2022

Respectfully Submitted
Larry W. Gabriel
Jenkins Mulligan & Gabriel, LLC

By: _____
Larry W. Gabriel
Special Litigation Counsel for Plaintiff
Elissa D. Miller, Chapter 7 Trustee, Estate of
Girardi Keese

# EXHIBIT 1

# The State Bar *of California*

**Thomas Vincent Girardi #36603**

**License Status:** Not Eligible to Practice Law

---

**CONSUMER ALERT**

This attorney is suspended from the practice of law. As a result, the attorney is ineligible to practice law in California. The State Bar posts consumer alerts online when attorneys are suspended from practice. Anyone who believes they have been the victim of attorney misconduct is urged to file a complaint with the State Bar.

---

**CONSUMER ALERT**

The State Bar of California has filed disciplinary charges against this licensee, alleging that the licensee engaged in a major misappropriation of client funds. You may read the Notice of Disciplinary Charges filed by the State Bar against the licensee, and any Response filed by the licensee on the State Bar Court Smart Search. You may also learn more about the general nature of misappropriation of client funds.

**DISCLAIMER:** Any Notice of Disciplinary Charges filed by the State Bar contains only allegations of professional misconduct. The licensee is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.

---

Address: Girardi & Keese, 1126 Wilshire Blvd, Los Angeles, CA 90017-1904

Phone: 213-489-5330 | Fax: 213-481-1554

Email: Not Available | Website: Not Available

## More about This Attorney ▼

**All changes of license status due to nondisciplinary administrative matters and disciplinary actions.**

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|------|------------------|--------------|-------------------------|
| Present | Not eligible to practice law in CA | | |
| 8/9/2021 | Not eligible to practice law in CA | Ordered inactive 21-O-30192 ⓘ | |
| 7/1/2021 | Not eligible to practice law in CA | | Suspended, failed to pay fees |
| 3/30/2021 | | Disciplinary charges filed in State Bar Court 21-O-30192 ⓘ | |
| 3/9/2021 | Not eligible to practice law in CA | | Ordered inactive |
| 1/13/1965 | Admitted to the State Bar of California | | |

Here is what you need to know to access discipline documents in public cases:

Documents are added to the State Bar Court's online docket as events occur.

**Search for a Case**

To search for a case, please copy the case number displayed above and click Search for a Case. In the search box, paste the complete case number. If the case number begins with "19" or higher, you must add the prefix SBC to the case number, e.g., SBC [CASE NUMBER]. If a case number begins with 18 or lower, there's no need to add SBC.

Exhibit 1

EXHIBIT 1    004

Most public case records since 2000 are available through search. Older case records are available on request. The State Bar Court began posting public discipline documents online in 2005.

NOTE: Only Published Opinions may be cited or relied on as precedent in State Bar Court proceedings.

DISCLAIMER: Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The licensee is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.

**Additional Information:**
- About the disciplinary system

Copyright © 2021 The State Bar of California

  

EXHIBIT 1   005

# EXHIBIT 2

**CONFIDENTIAL – DISSOLUTION
PETITION GIRARDI v. GIRARDI**

EXHIBIT 2   006

# EXHIBIT 3

STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL
MELANIE J. LAWRENCE, No. 230102
INTERIM CHIEF TRIAL COUNSEL
ANTHONY J. GARCIA, No. 171419
ASSISTANT CHIEF TRIAL COUNSEL
SHATAKA SHORES-BROOKS, No. 240392
SUPERVISING ATTORNEY
ELI D. MORGENSTERN, No. 190560
SENIOR TRIAL COUNSEL
KRISTINA B. RAMOS, No. 309991
DEPUTY TRIAL COUNSEL
845 South Figueroa Street
Los Angeles, California 90017-2515
Telephone: (213) 765-1334
Telephone: (213) 765-1304

**Public Matter**

**FILED**
03/30/2021

**STATE BAR COURT**
**CLERK'S OFFICE**
**LOS ANGELES**

STATE BAR COURT

HEARING DEPARTMENT - LOS ANGELES

In the Matter of:

THOMAS VINCENT GIRARDI,
State Bar No. 36603,

An Attorney of the State Bar.

Case No.  SBC-21-O-30192

NOTICE OF DISCIPLINARY CHARGES

(OCTC Case Nos. 20-O-15684; 20-O-17192; and 20-O-17505)

**NOTICE - FAILURE TO RESPOND!**

**IF YOU FAIL TO FILE A WRITTEN ANSWER TO THIS NOTICE WITHIN 20 DAYS AFTER SERVICE, OR IF YOU FAIL TO APPEAR AT THE STATE BAR COURT TRIAL:**

**(1)  YOUR DEFAULT WILL BE ENTERED;**
**(2)  YOUR STATUS WILL BE CHANGED TO INACTIVE AND YOU WILL NOT BE PERMITTED TO PRACTICE LAW;**
**(3)  YOU WILL NOT BE PERMITTED TO PARTICIPATE FURTHER IN THESE PROCEEDINGS UNLESS YOU MAKE A TIMELY MOTION AND THE DEFAULT IS SET ASIDE, AND;**
**(4)  YOU SHALL BE SUBJECT TO ADDITIONAL DISCIPLINE. SPECIFICALLY, IF YOU FAIL TO TIMELY MOVE TO SET ASIDE OR VACATE YOUR DEFAULT, THIS COURT WILL ENTER AN ORDER RECOMMENDING YOUR DISBARMENT AND MAY RECOMMEND THE IMPOSITION OF MONETARY SANCTIONS WITHOUT FURTHER HEARING OR PROCEEDING. (SEE RULES PROC. OF STATE BAR, RULES 5.80 ET SEQ. & 5.137.)**

EXHIBIT 3

-1-

EXHIBIT 3   007

1    The State Bar of California alleges:

2    <u>JURISDICTION</u>

3    1.    Thomas Girardi ("respondent") was admitted to the practice of law in the State of

4    California on January 13, 1965.  Respondent was a licensed attorney at all times pertinent to

5    these charges and is currently a licensed attorney of the State Bar of California.

6    <u>COUNT ONE</u>

7    Case No.  20-O-15684
Business and Professions Code, section 6106

8    [Moral Turpitude – False Statement in a Settlement Disbursement]

9    2.    In or about May 2018, Judy Selberg employed Girardi Keese ("respondent's firm"),

10   respondent's law firm, to represent her with respect to her claims arising out of a boat accident

11   that occurred on April 21, 2018, which killed Ms. Selberg's husband.  On or about August 19,

12   2019, Ms. Selberg signed respondent's firm's fee agreement. Pursuant to the fee agreement,

13   respondent's firm agreed to accept a 33.33% contingency fee as compensation for the firm's

14   legal services if Ms. Selberg's claims were resolved any time after 30 days of her execution of

15   the fee agreement and: (i) 30 days before the first mediation or arbitration date (if the matter was

16   set for mediation or arbitration); or (ii) 30 days before the first trial date.

17   3.    On or about February 24, 2020, more than 30 days after Ms. Selberg's execution of

18   the fee agreement, and 30 days before the first mediation or arbitration date or the first trial date

19   being set in connection with her claims, Ms. Selberg agreed to resolve her claims for

20   $500,000.00.

21   4.    On or about March 5, 2020, respondent caused a document titled "Consent To

22   Settlement And Authorization To Make Disbursements" ("disbursement") to be prepared.

23   Pursuant to respondent's explicit instruction, the disbursement provided that respondent's firm

24   was entitled to a 40% contingency fee, or $200,000.00, as compensation for the firm's legal

25   services in connection with Ms. Selberg's claims.

26   5.    On or about March 5, 2020, Ms. Selberg signed the disbursement.

27   6.    Respondent knew that the disbursement was false and misleading, because

28   respondent knew, on or about March 5, 2020, and at all times after that date, that pursuant to the

-2-

EXHIBIT 3   008

1  fee agreement, respondent's firm was only entitled to a 33.33% contingency fee, or $166,650.00,

2  as compensation for the firm's legal services in connection with Ms. Selberg's claims, because

3  Ms. Selberg's claims were resolved more than 30 days after Ms. Selberg's execution of the fee

4  agreement and 30 days before the first mediation or arbitration date or the first trial date being

5  set in connection with her claims.  Respondent thereby committed an act involving moral

6  turpitude, dishonesty or corruption in willful violation of Business and Professions Code, section

7  6106.

8      7.   A violation of section 6106 may result from intentional conduct or grossly negligent

9  conduct.  Respondent is charged with intentionally making a false statement in a disbursement.

10  However, should the evidence at trial demonstrate that respondent committed the misconduct as

11  a result of gross negligence, respondent must still be found culpable of violating section 6106

12  because a false statement made in a disbursement through gross negligence is a lesser included

13  offense of intentionally making a false statement in a disbursement.

14                               <u>COUNT TWO</u>

15                           Case No. 20-O-15684
                      Rules of Professional Conduct, rule 1.15(a)
16                    [Failure to Maintain Funds in Trust Account]

17      8.   On or about June 25, 2020, respondent deposited, or caused to be deposited,  a

18  settlement check issued by Total Dollar Insurance in the amount of $504,400.00, the settlement

19  funds of respondent's client, Judy Selberg, into the client trust account of Girardi Keese

20  ("respondent's firm"), respondent's law firm, at Torrey Pines Bank, account no. xxxxxx5859[1]

21  ("respondent's CTA"), on behalf of Ms. Selberg.  At all times relevant to the charges, respondent

22  was the sole signatory on respondent's CTA and had sole and exclusive control over

23  respondent's CTA.

24      9.   After deducting respondent's firm's fees and costs, Ms. Selberg was entitled to

25  receive $334,144.55 as her net portion of the $504,400.00.  On or about July 24, 2020,

26

27

28

---

[1] The full account number has been omitted for privacy reasons.

respondent issued a check from respondent's CTA made payable to Ms. Selberg in the amount of $50,000.00.  On or about July 28, 2020, the check posted to respondent's CTA.

10. Between on or about July 28, 2020, and on or about November 20, 2020, respondent was required to maintain $284,144.55 ($334,144.55-$50,000.00), the remaining balance of Ms. Selberg's net portion of the settlement, in respondent's CTA on behalf of Ms. Selberg.

11.  Between on or about July 28, 2020, and on or about November 20,2020, before respondent had disbursed any funds to, or on behalf of, Ms. Selberg from respondent's CTA, the balance in respondent's CTA fell below $284,144.55 multiple times, including on the following dates:

| DATE | BALANCE |
|------|---------|
| 08/24/20 | $240,596.29 |
| 08/25/20 | $239,396.35 |
| 09/25/20 | $179,996.49 |
| 10/09/20 | $146,538.79 |
| 10/21/20 | $86,185.66 |
| 10/26/20 | $78,684.69 |
| 11/10/20 | $61,699.52 |

12. By failing to maintain a balance of $284,144.55 in respondent's CTA on behalf of Ms. Selberg at all times between on or about July 28, 2020, and on or about November 20, 2020, respondent willfully violated Rules of Professional Conduct, rule 1.15(a).

13. On or about November 20, 2020, respondent issued a check from respondent's client trust account at Nano Banc, account no. xxxxx5251[2], made payable to Ms. Selberg in the amount of $100,000.00.  After on or about November 20, 2020, respondent did not make any further disbursements to, or on behalf of, Ms. Selberg from respondent's CTA, or any other account.

14. After on or about November 20, 2020, respondent was required to maintain a balance of $184,144.55 ($284,144.55-$100,000.00) in respondent's CTA on behalf of Ms. Selberg.

---

[2] The full account number is omitted for privacy reasons.

15. Between on or about November 20, 2020, and on or about December 4, 2020, before respondent had disbursed any funds to, or on behalf of, Ms. Selberg from respondent's CTA, the balance in respondent's CTA continued to fall below $184,144.55 multiple times, including on the following dates:

| DATE | BALANCE |
|------|---------|
| 11/23/20 | $26,765.65 |
| 11/30/20 | $22,382.91 |
| 12/04/20 | $14,384.85 |

16. By failing to maintain a balance of $184,144.55 in respondent's CTA on behalf of Ms. Selberg after on or about November 20, 2020, respondent willfully violated Rules of Professional Conduct, rule 1.15(a).

<u>COUNT THREE</u>

Case No. 20-O-15684<br>Business and Professions Code, section 6106<br>[Moral Turpitude - Misappropriation]

17. On or about June 25, 2020, respondent deposited, or caused to be deposited, a settlement check issued by Total Dollar Insurance in the amount of $504,400.00, the settlement funds of respondent's client, Judy Selberg, into the client trust account of Girardi Keese ("respondent's firm"), respondent's law firm, at Torrey Pines Bank, account no. xxxxxx5859 ("respondent's CTA"), on behalf Ms. Selberg.  At all times relevant to the charges, respondent was the sole signatory on respondent's CTA and had sole and exclusive control over respondent's CTA.

18. After deducting the firm's fees and costs, Ms. Selberg was entitled to receive $334,144.55 as her net portion of the $504,400.00 settlement.  On or about July 24, 2020, respondent issued a check from respondent's CTA made payable to Ms. Selberg in the amount of $50,000.00.  On or about July 28, 2020, the check posted to respondent's CTA.

19. Between on or about July 28, 2020, and on or about November 20, 2020, respondent was required to maintain $284,144.55 ($334,144.55-$50,000.00), the remaining balance of Ms. Selberg's net portion of the settlement, in respondent's CTA on behalf of Ms. Selberg.

-5-

EXHIBIT 3    011

20. On or about November 10, 2020, before respondent had disbursed any funds to, or on behalf of, Ms. Selberg from respondent's CTA, the balance in respondent's CTA was $61,699.52.  Respondent willfully and intentionally misappropriated at least $222,445.03 ($284,144.55-$61,699.52) of Ms. Selberg's net portion of the settlement.

21. On or about November 20, 2020, respondent issued a check from respondent's client trust account at Nano Banc, account no. xxxxx5251, made payable to Ms. Selberg in the amount of $100,000.00.  After on or about November 20, 2020, respondent did not make any further disbursements to, or on behalf of, Ms. Selberg from respondent's CTA, or any other account.

22. After on or about November 20, 2020, respondent was required to maintain a balance of $184,144.55 ($284,144.55-$100,000.00), the remaining balance of Ms. Selberg's net portion of the settlement, in respondent's CTA on behalf of Ms. Selberg.

23.  On or about December 4, 2020, before respondent had disbursed any funds to, or on behalf of, Ms. Selberg from respondent's CTA, the balance in respondent's CTA was $14,384.15.  Respondent willfully and intentionally misappropriated at least an additional $47,314.67 ($61,699.52-$14,384.85) of Ms. Selberg's net portion of the settlement.

24. In total, respondent willfully and intentionally misappropriated at least $269,759.70 ($222,445.03 + $47,314.67) of Ms. Selberg's net portion of the settlement. Respondent thereby committed an act involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code, section 6106.

25. A violation of section 6106 may result from intentional conduct or grossly negligent conduct.  Respondent is charged with committing an intentional misappropriation.  However, should the evidence at trial demonstrate that respondent misappropriated funds as a result of grossly negligent conduct, respondent must still be found culpable of violating section 6106 because misappropriation through gross negligence is a lesser included offense of intentional misappropriation.

/ / /

/ / /

/ / /

EXHIBIT 3   012

<u>COUNT FOUR</u>

Case No. 20-O-15684
Rules of Professional Conduct, rule 1.15(d)(7)
[Failure to Distribute Funds Promptly]

26. On or about June 25, 2020, respondent deposited, or caused to be deposited, a settlement check issued by Total Dollar Insurance in the amount of $504,400.00, the settlement funds of respondent's client, Judy Selberg, into the client trust account of Girardi Keese ("respondent's firm"), respondent's law firm, at Torrey Pines Bank, account no. xxxxxx5859 ("respondent's CTA"), on behalf Ms. Selberg. At all times relevant to the charges, respondent was the sole signatory on respondent's CTA and had sole and exclusive control over respondent's CTA.

27. After deducting respondent's firm's fees and costs, Ms. Selberg was entitled to receive $334,144.55 as her net portion of the $504,400.00 settlement.

28. In or about June 2020 and in or about July 2020, Ms. Selberg requested, verbally and in writing, that respondent's firm provide her with the net portion of the settlement. Respondent knew that Ms. Selberg was requesting her net portion of the settlement during this period. On or about July 24, 2020, respondent issued a check from respondent's CTA made payable to Ms. Selberg in the amount of $50,000.00. On or about July 28, 2020, the check posted to respondent's CTA.

29. Between in or about July 2020, and on or about October 29, 2020, Ms. Selberg requested, verbally and in writing, that respondent's firm provide her with the remaining net portion of her settlement. Respondent knew that Ms. Selberg was requesting the remaining portion of her net settlement funds during this period. Nevertheless, respondent did not provide Ms. Selberg with the remaining balance of her net portion of the settlement, or $284,144.55 ($334,144.55-$50,000.00), despite her numerous requests that he do so.

30. Consequently, on or about October 29, 2020, Ms. Selberg, through Eric Bryan Seuthe, her attorney, filed a lawsuit against respondent titled *Selberg v. Girardi, et. al*, Los Angeles County Superior Court case no. 20STCV41541.

31. On or about November 10, 12, 18, and 19, 2020, Mr. Seuthe, on behalf of

EXHIBIT 3    013

1  Ms. Selberg, sent letters to respondent, all of which respondent received, requesting that

2  respondent pay the remaining portion of Ms. Selberg's net settlement funds, or $284,144.55, to

3  Ms. Selberg.

4       32. On or about November 20, 2020, respondent issued a check from respondent's client

5  trust account at Nano Banc, account no. xxxxx5251, made payable to Ms. Selberg in the amount

6  of $100,000.00.

7       33. On or about November 23, 24, 25, and 30, 2020, December 1, 3 (two separate letters),

8  4 (two separate letters), 8 (3 separate letters), 14, 24, 29, 31, 2020, and January 7, 8, and 28,

9  2021, Mr. Seuthe, on behalf of Ms. Selberg, sent letters to respondent, all of which respondent

10  received, requesting that respond pay the remaining portion of Ms. Selberg's net settlement

11  funds,  or $184,144.55 ($284,144.55-$100,000.00), to Ms. Selberg.

12       34. To date, respondent has failed to distribute $184,144.55, the remaining portion of Ms.

13  Selberg's net settlement funds, to Ms. Selberg

14       35. By failing to distribute the entire portion of Ms. Selberg's settlement funds to

15  Ms. Selberg, respondent failed to promptly distribute $334,144.55 in respondent's possession

16  that Ms. Selberg is entitled to receive, in willful violation of Rules of Professional Conduct, rule

17  1.15(d)(7).

18  <u>COUNT FIVE</u>

19  Case No. 20-O-15684
Business and Professions Code, section 6068(i)
20  [Failure to Cooperate in State Bar Investigation]

21       36. Respondent failed to cooperate and participate in a disciplinary investigation pending

22  against respondent by failing to provide a substantive response to the State Bar's letters of

23  December 10, 2020 and January 6, 2021, which respondent received, that requested respondent's

24  response to the allegations of misconduct being investigated in case no. 20-O-15684, in willful

25  violation of Business and Professions Code, section 6068(i).

26  / / /

27  / / /

28  / / /

1

COUNT SIX

2

Case No. 20-O-17192
Business and Professions Code section 6103
[Failure to Obey a Court Order]

3

4    37. At all times relevant to the charges herein, respondent's law firm, Girardi Keese

5    ("respondent's firm"), and the law firm of Edelson, P.C. ("Edelson firm") represented the

6    plaintiffs identified in this paragraph (collectively, "plaintiffs"), as well as the plaintiffs' minor

7    children ("minor plaintiffs"), in the following wrongful death lawsuits, all of which were a subset

8    of cases in the Multidistrict Litigation matter entitled *In Re: Lion Air Flight JT 610 Crash*,

9    United States District Court, for the Northern District of Illinois, Lead Case No. 18-cv-07686

10   ("Lion Air matter"), the lawsuit involving the crash of Lion Air Flight JT 610 on October 29,

11   2018, which killed all 189 people aboard the flight:

| Plaintiff | Case No. |
|---|---|
| Anice Kasim | 19-cv-2982 |
| Septiana Damayanti | 19-cv-2979 |
| Dian Daniaty Binti Udin Zaenudin | 19-cv-2987 |
| Bias Misyadi | 19-cv-2980 |

17   38. After multiple settlement conferences between on or about October 30, 2019, and in

18   or about February 2020, the matters involving the plaintiffs were settled.  As part of the

19   settlement process, an attorney employed by the Edelson firm filed a declaration under seal in

20   each of the plaintiffs' matters with the Court in the Lion Air matter seeking Court approval of the

21   respective settlements for the minor plaintiffs.

22   39. In response to the four sealed declarations, the Court in the Lion Air matter issued

23   orders ("Orders") between on or about February 24, 2020, and on or about March 9, 2020 in the

24   plaintiffs' matters directing that, "The settlement funds shall be distributed . . . in accordance

25   with the process identified in Plaintiff's counsel's sealed affidavit."

26   40. The "process identified in Plaintiff's counsel's sealed affidavit" stated: "The

27   settlement funds for the minor plaintiffs in this case shall be initially paid to a trust account

28

-9-

EXHIBIT 3   015

established by Girardi Keese [respondent's firm] for the benefit of the Plaintiffs, including the minors . . . Plaintiffs' net proceeds . . . shall be sent as soon as practicable via wire transfer to . . ." the Plaintiffs' financial institutions.

41. At all relevant times to the charges herein, respondent had actual notice of the Orders.

42. Between on or about March 4, 2020, and on or about March 30, 2020, the law firm representing one of the defendants in the Lion Air matter, wired the respective confidential settlements of the minor plaintiffs into respondent's client trust account at Torrey Pines Bank, account no. xxxxxx5859 ("respondent's CTA"). At all times relevant to the charges herein, respondent was the sole signatory on respondent's CTA and had sole and exclusive control over respondent's CTA.

43. After receiving the respective confidential settlements of the minor plaintiffs into respondent's CTA, respondent was required, pursuant to the Orders in the Lion Air matter, to send the net proceeds of the minor plaintiffs' respective settlements to the plaintiffs as soon as practicable via wire transfer to the plaintiffs' respective financial institutions.

44. However, in contravention of the Orders, respondent failed to send the entire portion of the net proceeds of the minor plaintiffs' respective settlements to the plaintiffs via wire transfer to the plaintiffs' respective financial institutions. To date, respondent has failed to pay $500,000.00 to each of the plaintiffs' respective financial institutions. Respondent owes a total of $2,000,000.00 to the minor plaintiffs.

45. On or about December 14, 2020, the Court in the Lion Air matter found respondent to be in civil contempt for violating its Orders, entered a $2,000,000.00 judgment against respondent, and ordered respondent's assets frozen.

46. By disobeying or violating order(s) of the Court in the Lion Air matter requiring respondent to do or forbear an act connected with or in the course of respondent's profession, which respondent knew was final and binding and which respondent ought in good faith to do or forbear, respondent willfully violated Business and Professions Code section 6103.

/ / /

/ / /

EXHIBIT 3   016

<u>COUNT SEVEN</u>

Case No.  20-O-17192
Rules of Professional Conduct, Rule 1.15(a)
[Failure to Maintain Client Funds in Trust Account]

47. Between on or about  March 4, 2020, and on or about March 30, 2020, respondent's law firm, Girardi Keese ("respondent's firm"), received wire transfers into the firm's client trust account at Torrey Pines Bank, account no. xxxxxx5859 ("respondent's CTA"), on behalf of the firm's clients, Anise Kasim, Septiana Damayanti, Dian Daniaty Binti Udin Zaenudin, and Bias Ramadhan A.S. Bin Misyadi (collectively, "plaintiffs"), and the plaintiffs' minor children ("minor plaintiffs"),  in connection with the respective confidential settlements of the minor plaintiffs in the matter entitled *In Re: Lion Air Flight JT 610 Crash*, United States District Court, for the Northern District of Illinois, Lead Case No. 18-cv-07686 ("Lion Air matter").  At all times relevant to the charges, respondent was the sole signatory on respondent's CTA and had sole and exclusive control over respondent's CTA.  By on or about September 3, 2020, respondent owed $500,000.00, the unpaid portion of their respective net settlements, to each minor plaintiff.  By on or about September 3, 2020, respondent owed a total of $2,000,000.00 to the minor plaintiffs.  On or about September 3, 2020, the balance in respondent's CTA was $239,396.25.  On or about December 4, 2020, before respondent had disbursed any portion of the $2,000,000.00 from respondent's CTA to, or on behalf of the minor plaintiffs, the balance in respondent's CTA was $14,384.85.    Thus, respondent failed to maintain a balance of $2,000,000.00 on behalf of the minor plaintiffs in respondent's CTA, in willful violation of the Rules of Professional Conduct, rule 1.15(a).

<u>COUNT EIGHT</u>

Case No.  20-O-17192
Business and Professions Code section 6106
[Moral Turpitude - Misappropriation]

48. Between on or about March 4, 2020, and on or about March 30, 2020, respondent's law firm, Girardi Keese ("firm"), received wire transfers into respondent's client trust account at Torrey Pines Bank, account no. xxxxxx5859 ("respondent's CTA"), on behalf of the firm's clients, Anise Kasim, Septiana Damayanti, Dian Daniaty Binti Udin Zaenudin, and Bias

-11-                    EXHIBIT 3   017

1  Ramadhan A.S. Bin Misyadi (collectively, "plaintiffs"), and the plaintiffs' respective minor

2  children ("minor plaintiffs"), in connection with the respective confidential settlements of the

3  minor plaintiffs in the matter titled *In Re: Lion Air Flight JT 610 Crash*, United States District

4  Court, for the Northern District of Illinois, Lead Case No. 18-cv-07686 ("Lion Air matter").  At

5  all relevant times to the charges herein, respondent was sole signatory on respondent's CTA, and

6  had sole and exclusive control over respondent's CTA.

7      49. By on or about September 3, 2020, respondent owed $500,000.00, the unpaid portion

8  of their respective net settlements, to each minor plaintiff.  By on or about September 3, 2020,

9  respondent owed a total of $2,000,000.00 to the minor plaintiffs.  To date, respondent continues

10  to owe a total of $2,000,000.00 to the minor plaintiffs.

11     50. On or about December 4, 2020, before respondent had disbursed any portion of the

12  remaining $2,000,000.00 from respondent's CTA to, or on behalf of the minor plaintiffs, the

13  balance in respondent's CTA was $14,384.85.  Thus, by on or about December 4, 2020,

14  respondent willfully and intentionally misappropriated at least $1,985,615.15 ($2,000,000.00 -

15  $14,384.85) that the minor plaintiffs were entitled to receive from the net portion of their

16  respective settlements.  Respondent thereby committed an act involving moral turpitude,

17  dishonesty, or corruption in willful violation of Business and Professions Code section 6106.

18     51. A violation of section 6106 may result from intentional conduct or grossly negligent

19  conduct.  Respondent is charged with committing an intentional misappropriation.  However,

20  should the evidence at trial demonstrate that respondent misappropriated funds as a result of

21  grossly negligent conduct, respondent must still be found culpable of violating section 6106

22  because misappropriation through gross negligence is a lesser included offense of intentional

23  misappropriation.

24                          <u>COUNT NINE</u>

25                     Case No.  20-O-17192
                Business and Professions Code section 6106
26              [Moral Turpitude - Misrepresentation]

27     52. Between on or about  March 4, 2020, and on or about March 30, 2020, respondent's

28  law firm, Girardi Keese ("respondent's firm"), received wire transfers into respondent's client

trust account at Torrey Pines Bank, account no. xxxxxx5859 ("respondent's CTA"), on behalf of the firm's clients, Anise Kasim, Septiana Damayanti, Dian Daniaty Binti Udin Zaenudin, and Bias Ramadhan A.S. Bin Misyadi (collectively, "plaintiffs"), and the plaintiffs' respective minor children ("minor plaintiffs"),  in connection with the respective confidential settlements of the minor children in the matter titled *In Re: Lion Air Flight JT 610 Crash*, United States District Court, for the Northern District of Illinois, Lead Case No. 18-cv-07686 ("Lion Air matter"). Respondent was the sole signatory on respondent's CTA and had sole and exclusive control over respondent's CTA.

53. On or about January 4, 2021, respondent left a voice mail message for Jay Edelson of the law firm of Edelson, P.C. stating, "I want you to know that we paid all of the people [minor plaintiffs.]  We had to wait for releases and we couldn't pay until the releases came through and so they're all paid."  On or about January 4, 2021, respondent knew that the January 4, 2021 voice mail message that he left with Mr. Edelson was false and misleading, because respondent knew that he still had not paid $500,000.00 to each of the minor plaintiffs, and that he owed a total of $2,000,000.00 to the minor plaintiffs.  Respondent thereby committed an act involving moral turpitude, dishonesty, or corruption in willful violation of Business and Professions Code section 6106.

54. A violation of section 6106 may result from intentional conduct or grossly negligent conduct.  Respondent is charged with committing intentional misrepresentation.  However, should the evidence at trial demonstrate that respondent committed misrepresentation as a result of gross negligence, respondent must still be found culpable of violating section 6106 because misrepresentation through gross negligence is a lesser included offense of intentional misrepresentation.

<u>COUNT TEN</u>

Case No. 20-O-17192
Business and Professions Code, section 6068(i)
[Failure to Cooperate in State Bar Investigation]

55. Respondent failed to cooperate and participate in a disciplinary investigation pending against respondent by failing to provide a substantive response to the State Bar's letters of

1  January 25, 2021 and February 18, 2021, which respondent received, that requested respondent's

2  response to the allegations of misconduct being investigated in case no. 20-O-17192, in willful

3  violation of Business and Professions Code, section 6068(i).

4  <u>COUNT ELEVEN</u>

5  Case No. 20-O-17505
   Rules of Professional Conduct, rule 1.15(a)

6  [Failure to Maintain Funds in Trust Account]

7  56. On or about May 22, 2020, respondent's law firm, Girardi Keese ("respondent's

8  firm"), received a wire transfer into respondent's client trust account at Torrey Pines Bank,

9  account no. xxxxxx5859 ("respondent's CTA") in the amount of $128,750.00 on behalf of the

10  firm's clients, Josefina Hernandez and Michael Hernandez (collectively, "the Herandezes"), in

11  connection with the settlement of the Hernandezes' claims in the matter titled *Josefina*

12  *Hernandez and Michael Hernandez v. AMS*, United States District Court for the Southern

13  District of West Virginia, Case No. 2:12-cv-05831. At all times relevant to the charges,

14  respondent was the sole signatory on respondent's CTA and had sole and exclusive control over

15  respondent's CTA.  After deducting the firm's fees and costs, the Hernandezes were entitled to

16  $55,944.02 as their net portion of the $128,750.00.

17  57. In addition, the following individual and entities (collectively, "third-parties") were

18  entitled to receive the following amounts from the $128,750.00:

19  | INDIVIDUAL/ENTITY | AMOUNT |
   |---|---|

20  | Timothy J. Yoo, Chapter 7 Trustee, Case No. 2:11-bk-54999 | $35,000.00 |

21  | Anthem, Inc. | $6,491.66 |

22  | Medicare | $301.32 |

23  | Garretson Resolution Group | $625.00 |

24  58. Respondent was required to maintain in respondent's CTA a total of $98,362.00

25  ($55,944.02 + $35,000.00 + $6,491.66 + $301.32 + $625.00) on behalf of the Hernandezes and

26  the third-parties.

27  59. On or about October 21, 2020, before respondent had disbursed any funds to, or on

28  behalf of, the Herandezes or the third-parties, from respondent's CTA, the balance in

-14-

EXHIBIT 3  020

1   respondent's CTA was $86,185.66.  On or about December 4, 2020, before respondent had

2   disbursed any funds to, or on behalf of, the Hernandezes or the third-parties from respondent's

3   CTA, the balance in respondent's CTA was $14,384.15.  Thus, respondent failed to maintain a

4   balance in respondent's CTA a balance of $98,362.00 on behalf of the Hernandezes and the

5   third-parties, in willful violation of Rules of Professional Conduct, rule 1.15(a).

6                                    COUNT TWELVE

7                                Case No. 20-O-17105
                          Business and Professions Code, section 6106
8                          [Moral Turpitude - Misappropriation]

9        60. On or about May 22, 2020, respondent's law firm, Girardi Keese ("respondent's

10  firm"), received a wire transfer into respondent's client trust account at Torrey Pines Bank,

11  account no. xxxxxx5859 ("respondent's CTA") in the amount of $128,750.00 on behalf of the

12  firm's clients, Josefina Hernandez and Michael Hernandez (collectively, "the Herandezes"), in

13  connection with the settlement of the Hernandezes' claims in the matter titled *Josefina*

14  *Hernandez and Michael Hernandez v. AMS*, United States District Court for the Southern

15  District of West Virginia, Case No. 2:12-cv-05831. At all times relevant to the charges,

16  respondent was the sole signatory on respondent's CTA and had sole and exclusive control over

17  respondent's CTA.  After deducting the firm's fees and costs, the Hernandezes were entitled to

18  $55,944.02 as their net portion of the $128,750.00.

19       61. In addition, the following individual and entities (collectively, "third-parties") were

20  entitled to receive the following amounts from the $128,750.00:

| INDIVIDUAL/ENTITY | AMOUNT |
|---|---|
| Timothy J. Yoo, Chapter 7 Trustee, Case No. 2:11-bk-54999 | $35,000.00 |
| Anthem, Inc. | $6,491.66 |
| Medicare | $301.32 |
| Garretson Resolution Group | $625.00 |

26       62. Respondent was required to maintain in respondent's CTA a total of $98,362.00

27  ($55,944.02 + $35,000.00 + $6,491.66 + $301.32 + $625.00) on behalf of the Hernandezes and

28  the third-parties.

-15-

EXHIBIT 3   021

1    63. On or about December 4, 2020, before respondent had disbursed any funds to, or on

2    behalf of, the Hernandezes or the third-parties from respondent's CTA, the balance in

3    respondent's CTA was $14,384.15.  Respondent willfully and intentionally misappropriated at

4    least $83,977.15 ($98,362.00-$14,384.15) that the Hernandezes and the third-parties were

5    entitled to receive.  Respondent thereby committed an act involving moral turpitude, dishonesty

6    or corruption in willful violation of Business and Professions Code, section 6106.

7    64. A violation of section 6106 may result from intentional conduct or grossly negligent

8    conduct.  Respondent is charged with committing an intentional misappropriation.  However,

9    should the evidence at trial demonstrate that respondent misappropriated funds as a result of

10    grossly negligent conduct, respondent must still be found culpable of violating section 6106

11    because misappropriation through gross negligence is a lesser included offense of intentional

12    misappropriation.

13    <u>COUNT THIRTEEN</u>

14    Case No. 20-O-17505
Rules of Professional Conduct, rule 1.15(d)(7)

15    [Failure to Distribute Funds Promptly]

16    65. On or about May 22, 2020, respondent's law firm, Girardi Keese ("respondent's

17    firm"), received a wire transfer into respondent's client trust account at Torrey Pines Bank,

18    account no. xxxxxx5859 ("respondent's CTA") in the amount of $128,750.00 on behalf of the

19    firm's clients, Josefina Hernandez and Michael Hernandez (collectively, "the Herandezes"), in

20    connection with the settlement of the Hernandezes' claims in the matter titled *Josefina*

21    *Hernandez and Michael Hernandez v. AMS*, United States District Court for the Southern

22    District of West Virginia, Case No. 2:12-cv-05831. At all times relevant to the charges,

23    respondent was the sole signatory on respondent's CTA and had sole and exclusive control over

24    respondent's CTA.  After deducting the firm's fees and costs, the Hernandezes were entitled to

25    $55,944.02 as their net portion of the $128,750.00.

26    66. Between on or about May 22, 2020, and on or about December 18, 2020,

27

28

-16-    EXHIBIT 3   022

1    Mrs. Hernandez made numerous oral requests to respondent and respondent's firm, all of which

2    respondent was aware of, requesting that respondent pay the Hernandezes their portion of the

3    $128,750.00, or $55,944.02.

4        67. To date, respondent has failed to distribute any funds to the Hernandezes, and thereby

5    failed to promptly distribute $55,944.02 in respondent's possession that the Hernandezes were

6    entitled to receive, in willful violation of Rules of Professional Conduct, rule 1.15(d)(7).

7                                    <u>COUNT FOURTEEN</u>

8                              Case No. 20-O-17505
                    Business and Professions Code, section 6106
9                      [Moral Turpitude - Misrepresentation]

10        68. On or about August 22, 2020, respondent left a voice mail message on the telephone

11    of Josefina and Michael Hernandez (collectively, "the Hernandezes"), his clients, in which

12    respondent stated that the Hernandezes had not received their net portion of the settlement funds

13    from the settlement of the matter titled *Josefina Hernandez and Michael Hernandez v. AMS*,

14    United States District Court for the Southern District of West Virginia, Case No. 2:12-cv-05831

15    ("civil matter"), because certain orders needed to be signed by the court and that the court had

16    not yet signed the orders, and that it was not the fault of respondent's law firm, Girardi Keese

17    ("respondent's firm"), that the Hernandezes had not received their net portion of their settlement

18    funds.

19        69. Respondent knew that the statements in his voicemail message were false and

20    misleading, because respondent knew that: (i) on or about May 22, 2020 the firm received a wire

21    transfer into respondent's client trust account at Torrey Pines Bank, account no. xxxxxx5859

22    ("respondent's CTA") in the amount of $128,750.00 on behalf of the Hernandezes, the

23    settlement funds from the settlement of the civil matter; and (ii) the court in the civil matter did

24    not need to sign any orders before respondent was permitted to disburse to the Hernandezes their

25    net portion of the settlement.  Respondent thereby committed an act involving moral turpitude,

26    dishonesty or corruption in willful violation of Business and Professions Code, section 6106.

27        70. A violation of section 6106 may result from intentional conduct or grossly negligent

28    conduct.  Respondent is charged with committing intentional misrepresentation.  However,

                                        -17-                    EXHIBIT 3   023

1    should the evidence at trial demonstrate that respondent committed misrepresentation as a result

2    of gross negligence, respondent must still be found culpable of violating section 6106 because

3    misrepresentation through gross negligence is a lesser included offense of intentional

4    misrepresentation.

### NOTICE - INACTIVE ENROLLMENT!

**YOU ARE HEREBY FURTHER NOTIFIED THAT IF THE STATE BAR COURT FINDS, PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6007(c), THAT YOUR CONDUCT POSES A SUBSTANTIAL THREAT OF HARM TO THE INTERESTS OF YOUR CLIENTS OR TO THE PUBLIC, YOU MAY BE INVOLUNTARILY ENROLLED AS AN INACTIVE ATTORNEY OF THE STATE BAR. YOUR INACTIVE ENROLLMENT WOULD BE IN ADDITION TO ANY DISCIPLINE RECOMMENDED BY THE COURT.**

### NOTICE - COST ASSESSMENT!

**IN THE EVENT THESE PROCEDURES RESULT IN PUBLIC DISCIPLINE, YOU MAY BE SUBJECT TO THE PAYMENT OF COSTS INCURRED BY THE STATE BAR IN THE INVESTIGATION, HEARING AND REVIEW OF THIS MATTER PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6086.10.**

### NOTICE – MONETARY SANCTION!

**IN THE EVENT THIS MATTER RESULTS IN ACTUAL SUSPENSION, DISBARMENT, OR RESIGNATION WITH CHARGES PENDING, YOU MAY BE SUBJECT TO THE PAYMENT OF A MONETARY SANCTION NOT TO EXCEED $5,000 FOR EACH VIOLATION, TO A MAXIMUM OF $50,000 PER DISCIPLINARY ORDER, PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6086.13. SEE RULE 5.137, RULES OF PROCEDURE OF THE STATE BAR OF CALIFORNIA.**

Respectfully submitted,

THE STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL

DATED:  March 29, 2021          By: _____
                                                    Eli D. Morgenstern
                                                    Senior Trial Counsel

DATED:  March 29, 2021          By: _____
                                                    Kristina B. Ramos
                                                    Deputy Trial Counsel

-18-                                          EXHIBIT 3   024

DECLARATION OF SERVICE

CASE NUMBER(s):   **OCTC Case Nos. 20-O-15684, 20-O-17192, 20-O-17505**

I, the undersigned, am over the age of eighteen (18) years and not a party to the within action, whose business address and place of employment is the State Bar of California, 845 South Figueroa Street, Los Angeles, California 90017, declare that:

- on the date shown below, I caused to be served a true copy of the within document described as follows:

## NOTICE OF DISCIPLINARY CHARGES

☒ **By U.S. First-Class Mail: (CCP §§ 1013 and 1013(a))**          ☒ **By U.S. Certified Mail: (CCP §§ 1013 and 1013(a))**
- in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County
- of Los Angeles.

☐ **By Overnight Delivery: (CCP §§ 1013(c) and 1013(d))**
- I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for overnight delivery by the United Parcel Service ('UPS').

☐ **By Fax Transmission: (CCP §§ 1013(e) and 1013(f))**
Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed herein below. No error was reported by the fax machine that I used. The original record of the fax transmission is retained on file and available upon request.

☐ **By Electronic Service: (CCP § 1010.6 and Rules of Proc. of State Bar, rule 5.26.2)**
Based on rule 5.26.2, a court order, or an agreement of the parties to accept service by electronic transmission, I caused the above-named document(s) to be transmitted by electronic means to the person(s) at the electronic address(es) listed below. If there is a signature on the document(s), I am the signer of the document(s), I am the agent of, or I am serving the document(s) at the direction of, the signer of the document(s). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ *(for U.S. First-Class Mail)*   in a sealed envelope placed for collection and mailing at Los Angeles, addressed to: *(see below)*

☒ *(for Certified Mail)*   in a sealed envelope placed for collection and mailing as certified mail, return receipt requested,
Article No.:   1)   **9414-7266-9904-2171-3838-33**        at Los Angeles, addressed to: *(see below)*
                2)   **9414-7266-9904-2171-3838-26**

☐ *(for Overnight Delivery)*   together with a copy of this declaration, in an envelope, or package designated by UPS,
Tracking No.:                                              addressed to: *(see below)*

| Person Served | Business Address | Fax Number | Courtesy Copy to: |
|---|---|---|---|
| **1)   THOMAS VINCENT GIRARDI** | **GIRARDI & KEESE**<br>**1126 Wilshire Blvd**<br>**Los Angeles, CA 90017-1904**<br>*(via U.S. Certified Mail-Return Receipt Requested*<br>*and via U.S. First-Class Mail)* | Electronic Address | |
| **2)   NICHOLAS VAN BRUNT** | **SHEPPARD MULLIN RICHTER & HAMPTON LLP**<br>**333 S Hope Street, Ste 4300**<br>**Los Angeles, CA 90071-1422**<br>*(via U.S. Certified Mail-Return Receipt Requested*<br>*and via U.S. First-Class Mail)* | | |

☐ **via inter-office mail regularly processed and maintained by the State Bar of California addressed to:**

**N/A**

I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service, and overnight delivery by the United Parcel Service ('UPS'). In the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day, and for overnight delivery, deposited with delivery fees paid or provided for, with UPS that same day.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED:   March 30, 2021                    SIGNED:   *Kathi Palacios*
                                                      KATHI PALACIOS
                                                      Declarant

# EXHIBIT 4

# GIRARDI | KEESE
### LAWYERS

**FILE COPY**

*S*

*Keep*

July 6, 2012

*Via U.S. Mail*

Ms. Xin Xu
Franchise Tax Board
Attn: 343:XX:F381
P.O. Box 1673
Sacramento, CA  95812-1673

**Re: Account No. 1106622649/Thomas V. & Erika N. Girardi for 2007**

Dear Ms. Xu:

The following facts are true. Our home was broken into in 2007. We were away for a three-day weekend. When we got back, the house had been totally ransacked. Every drawer was opened. Everything was pulled from the shelves. It was truly a mess. Investigators told us that they were searching for a safe. They indicated this is a typical plan that break-in people do. They look for evidence that no one is home and bypass the alarm by smashing through windows instead of dislodging doors. The windows were smashed. That was the point of entry of the thieves. The house is a very large one and is valued at approximately $20 million. The alarm system was bypassed by the thieves.

Fortunately, almost all of Erika's major pieces of jewelry were in a massive safe that could not be opened or moved. There was no evidence of any finger prints in the area that the large safe sits.

Erika's jewelry is probably in the $15 million range. Erika wears a set of earrings that I purchased for her many years before. It was the first significant gift I had given her. The cost was approximately $800,000. Those earrings were not in the safe, but rather in a little cup in her dressing room. The thieves took the earrings, two of my watches, two of her watches and a bracelet. We replaced the bracelet which about $13,000. We did not replace the other articles. Although the home is insured, it does not have a jewelry block policy. In other words, there's no coverage for the items that were stolen. Obviously, this was a rather a traumatic experience. I went to the same jeweler that procured the stolen earrings. I asked him to try to match them for size, clarity, etc. He did so. I paid him $750,000. I took the funds from my line of credit at Comerica (I have a $19 million

000219
EXHIBIT 4  026

FILE COPY

G | K

Ms. Xin Xu
Franchise Tax Board
July 6, 2012
Page 2 of 3

line of credit with the bank).  MM Jewelers signed an affidavit attesting to the
replacement of the stolen item.

Over the next three years, the home was broken into three more times.  We believe the
alarm prevented the thieves from taking any significant articles.  They did, however, on
two occasions smash the windows.

Obviously, I did not want Erika to be living in this large home with this type of a threat.
We then hired a security firm to protect the house from sundown to sunset.  They are off-
duty Glendale police officers and Los Angeles police officers.  The cost is approximately
$12,000 a month.

We were somewhat disappointed in the Pasadena Police Department's investigation.

We then contacted the head of the Rampart Division.  They protect the area that the law
firm is located.

Several months ago, there was a break in the case.  We received a call from the Orange
County Sheriff who wanted to know if there were any break ins at the law office.  I told
him no; but my home had been broken into on four occasions.  They had arrested two
gang members; and in the car they were driving was my license plate number from my
Aston Martin which I owned in 2007.

I since had purchased a new Aston Martin.  The police officer explained that they thought
the thieves had followed me (fancy car, etc.) up the private road to my home.  They
explained that the home was a very good target because it looked like it had many fine
articles in it and the freeway access was less than a quarter of a mile from the top of the
hill.

Trial is still pending in Orange County with two defendants.

I also employed my own security investigator to look into this to hopefully put an end to
this matter.  I am enclosing the following:  1) pictures of the Los Altos home;
2) declaration from Ared Michael Menzilcian of MM Jewelers that I purchased the
earrings from; 3) declaration of Thomas Layton, formerly Sheriff Baca's assistant, now
he is the Chief Investigator of the State Bar who assisted us as a friend in this situation (to

**G | K**

Ms. Xin Xu
Franchise Tax Board
July 6, 2012
Page 3 of 3

be supplied); 4) declaration from Detective Ernie Garcia who investigated the incident on my behalf (to be supplied); and 5) a copy of the $750,000 check to MM Jewelers.

With kind regards,

THOMAS V. GIRARDI

TVG:sf

Enclosures

000222

EXHIBIT 4    029

## Declaration of Ared Michael Menzilcian

I, Ared Michael Menzilcian, declare as follows:

1. I am a principal of MM Jewelers. Our family has been involved in the procurement and sale of major jewelry items for many years. If called upon, I could competently testify to the following from my personal knowledge.

2. Tom Girardi is a client of our firm. He has been a client for many years. Many years ago, he purchased some large diamond studded earrings from us. He has purchased many other important items from us over the years. The diamonds were of exquisite quality and very large. It was reported to me that the earrings were stolen along with other items in a break-in of their home. The entire home was trashed and these earrings were kept in a small cup in the dressing room. The matter was one of serious concern and Tom asked me to try to duplicate the earrings that were stolen. I did exactly that. I obtained earrings that were of similar size, quality and clarity. The cost was $750,000; the approximate cost of the first set. I believe the first earrings were a little bit more expensive.

3. The actual value of the earrings is much greater if they were to be procured at Cartier or some similar store.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 2 7 day of June, 2012, at Los Angeles, California.

ARED MICHAEL MENZILCIAN

000223

1

Declaration of ARED MICHAEL MENZILCIAN

EXHIBIT 4    030

# EXHIBIT 5

**GIRARDI AND KEESE**
**CLIENT TRUST ACCOUNT**
1126 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90017

COMERICA BANK·CALIFORNIA
13200 Crossroads Parkway North
City of Industry, CA 91746

90-3752/1211

15847

652007261  03-06-07  809  0225  01
DATE                              AMOUNT

3/2/2007                          $750,000.00

Seven Hundred Fifty Thousand & 00/100

PAY
TO THE    M&M
ORDER
OF

⑈015847⑈ ⑈121137522⑈ 18914466574⑈          ⑈0075000000⑈

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK. TOUCH OR PRESS HERE – RED IMAGE DISAPPEARS WITH HEAT.

BANK OF AMERICA, NA LAC
122000661  E4111 90 29

FIRST REPUBLIC>321081669< 27

PAY TO THE ORDER OF
FIRST REPUBLIC BANK
LOS ANGELES, CA 90017
321081669
FOR DEPOSIT ONLY
M. M. JEWELRY
9270700775

EXHIBIT 5   031

# EXHIBIT 6

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page  88

**Case No.:**     **21101**    **REZULIN**

**Status: P**    **05/06/2010**           **Arlen to verify uncleared checks**

| Acct | | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| F | ✔ | 2/28/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 56,619,302.98 |
| F | ✔ | 2/28/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 56,617,802.98 |
| F | ✔ | 2/28/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 56,616,302.98 |
| F | ✔ | 2/28/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 56,614,802.98 |
| F | ✔ | 2/28/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 56,613,302.98 |
| F | ✔ | 2/28/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 56,611,802.98 |
| F | ✔ | 2/28/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 56,610,302.98 |
| F | ✔ | 2/28/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 56,608,802.98 |
| F | ✔ | 2/28/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 56,607,302.98 |
| F | ✔ | 2/28/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 56,605,802.98 |
| F | ✔ | 2/28/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 56,604,302.98 |
| F | ✔ | 3/2/2007 | Check | 15847 | M&M | Costs | (750,000.00) | 55,854,302.98 |
| F | ✔ | 3/2/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 55,852,802.98 |
| F | ✔ | 3/2/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 55,851,302.98 |
| F | ✔ | 3/2/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 55,849,802.98 |
| F | ✔ | 3/2/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 55,848,302.98 |
| F | ✔ | 3/2/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 55,846,802.98 |
| F | ✔ | 3/2/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 55,845,302.98 |

**EXHIBIT 6**

EXHIBIT 6    032

# EXHIBIT 7

## Intentionally Left Blank

EXHIBIT 7   033

# EXHIBIT 8

**Check History Report**
**Sorted By Check Number**
**Activity From: 1/1/2000 to 12/31/2020**

**Girardi & Keese (GIR)**

**Bank Code:** A  Operating - CBB #0045/0312

| Check Number | Check Date | Vendor Number | Name | Check Amount | Check Type |
|---|---|---|---|---|---|
| 114348 | 6/15/2004 | 1LIPPSM | GRAHAM & MARYBETH LIPPSMITH | 5,000.00 | Manual |
| 120756 | 6/30/2005 | 1M&M | M & M | 500,000.00 | Manual |
| 121339 | 8/3/2005 | 1M&M | M & M | 50,000.00 | Manual |
| 124561 | 2/10/2006 | 1LIPPSM | GRAHAM & MARYBETH LIPPSMITH | 770.48 | Manual |
| 129862 | 12/22/2006 | 1M&M | M & M | 100,000.00 | Manual |
| 129862 | 12/22/2006 | 1M&M | M & M | 100,000.00- | Reversal |
| 129863 | 12/22/2006 | 1M&M | M & M | 100,000.00 | Manual |
| 129863 | 12/22/2006 | 1M&M | M & M | 100,000.00- | Reversal |
| 130048 | 1/5/2007 | 1M&M | M & M | 100,000.00 | Manual |
| 130049 | 1/5/2007 | 1M&M | M & M | 100,000.00 | Manual |
| 132923 | 7/13/2007 | 1M&M | M & M | 211,600.00 | Manual |
| 136018 | 1/18/2008 | 1LIPPSM | GRAHAM & MARYBETH LIPPSMITH | 111,168.98 | Manual |
| 142049 | 12/24/2008 | 1M&M | M & M | 500,000.00 | Manual |
| 142797 | 2/6/2009 | 1M&M | M & M | 215,000.00 | Manual |
| 500151 | 7/9/2015 | 1M&M | M & M | 75,000.00 | Manual |

Bank A Total:  1,868,539.46

EXHIBIT 8   034

**Check History Report**
**Sorted By Check Number**
**Activity From: 1/1/2000 to 12/31/2020**

**Girardi & Keese (GIR)**

**Bank Code: G** Torrey General Account

| Check Number | Check Date | Vendor Number | Name | Check Amount | Check Type |
|---|---|---|---|---|---|
| 203704 | 2/8/2012 | 1M&M | M & M | 50,000.00 | Manual |
| 207260 | 8/15/2012 | 1M&M | M & M | 50,000.00 | Manual |
| 217331 | 2/7/2014 | 3MMLANG | M & M LANGUAGE SERVICES, LLC | 210.00 | Manual |
| | | | Bank G Total: | 100,210.00 | |
| | | | Report Total: | 1,968,749.46 | |

EXHIBIT 8   035

07/06/2021 9:31:02 AM

**Girardi & Keese**

**All Accounts**

**Payee(or) Transaction Lookup**

Page  1

**Search For:**   **M&M**

**Search In:**   **Deposits, Checks, Adjustments, Approx Payee(or), Description, Description2**

| Acct | Date | Tran Type | Check/Adj # | Case # | Payee / Payor | Description | Amount |
|------|------|-----------|-------------|--------|---------------|-------------|--------|
| F ☑ | 03/02/2007 | Check | 15847 | 21101 | M&M | Costs | (750,000.00) |
| | | | | | | Total | (750,000.00) |

*Comerica Client trust*

EXHIBIT 8    036

# EXHIBIT 9

**Excerpts of Girardi Keese Resulin Trust Register**

**Showing Fees and Costs Paid**

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page 1

**Case No.:**    **21101**    **REZULIN**

**Status:  P**    **05/06/2010**    **Arlen to verify uncleared checks**

| Acct | | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| C | ✔ | 1/6/2003 | Check | 1637 | NEIL L. JULIE, M.D. | Medical Lien | (49,300.00) | (49,300.00) |
| F | ✔ | 1/30/2007 | Deposit | 1302007 | MERCK | Settlement | 64,845,728.14 | 64,796,428.14 |
| F | ✔ | 1/30/2007 | Check | 14167 | GIRARDI & KEESE | Costs | (4,000,000.00) | 60,796,428.14 |
| F | ✔ | 2/8/2007 | Deposit | 2072007 | MERCK | Settlement - additional interest | 167,374.84 | 60,963,802.98 |
| F | ✔ | 2/13/2007 | Check | 14179 | GIRARDI & KEESE | Costs | (1,000,000.00) | 59,963,802.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,962,302.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,960,802.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,959,302.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,957,802.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,956,302.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,954,802.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,953,302.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,951,802.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,950,302.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,948,802.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,947,302.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,945,802.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,944,302.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,942,802.98 |
| F | ✔ | 2/21/2007 | Check | | | Net Recovery Rezulin | (1,500.00) | 59,941,302.98 |

EXHIBIT 9    037

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page 2

**Case No.:** 21101    **REZULIN**

**Status: P**    05/06/2010    **Arlen to verify uncleared checks**

| Acct | | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| F | ✔ | 2/21/2007 | Check | 1423■ | | Net Recovery | (1,500.00) | 59,939,802.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/26/2007 | Check | 14237 GIRARDI & KEESE | | Costs | (1,000,000.00) | 58,939,802.98 |
| F | ✔ | 2/28/2007 | Check | 1424■ | | Net Recovery | (1,500.00) | 58,938,302.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | 142■ | | Net Recovery | (1,500.00) | 58,936,802.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | 1424■ | | Net Recovery | (1,500.00) | 58,935,302.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | 1425■ | | Net Recovery | (1,500.00) | 58,933,802.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | 1425■ | | Net Recovery | (1,500.00) | 58,932,302.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | 142■ | | Net Recovery | (1,500.00) | 58,930,802.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | 142■ | | Net Recovery | (1,500.00) | 58,929,302.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | 14■ | | Net Recovery | (1,500.00) | 58,927,802.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | 14■ | | Net Recovery | (1,500.00) | 58,926,302.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | 1■ | | Net Recovery | (1,500.00) | 58,924,802.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | 1■ | | Net Recovery | (1,500.00) | 58,923,302.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | ■ | | Net Recovery | (1,500.00) | 58,921,802.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | ■ | | Net Recovery | (1,500.00) | 58,920,302.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | 14■ | | Net Recovery | (1,500.00) | 58,918,802.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | ■ | | Net Recovery | (1,500.00) | 58,917,302.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 2/28/2007 | Check | ■ | | Net Recovery | (1,500.00) | 58,915,802.98 |
| | | | | | | Rezulin | | |

EXHIBIT 9    038

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page 88

**Case No.:**      **21101**    **REZULIN**

**Status: P**    05/06/2010              Arlen to verify uncleared checks

| Acct | | Date | Tran Type | Check/Adj # Payee / Payor | Description | Amount | Balance |
|------|---|------|-----------|---------------------------|-------------|--------|---------|
| F | ✔ | 2/28/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 56,619,302.98 |
| F | ✔ | 2/28/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 56,617,802.98 |
| F | ✔ | 2/28/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 56,616,302.98 |
| F | ✔ | 2/28/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 56,614,802.98 |
| F | ✔ | 2/28/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 56,613,302.98 |
| F | ✔ | 2/28/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 56,611,802.98 |
| F | ✔ | 2/28/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 56,610,302.98 |
| F | ✔ | 2/28/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 56,608,802.98 |
| F | ✔ | 2/28/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 56,607,302.98 |
| F | ✔ | 2/28/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 56,605,802.98 |
| F | ✔ | 2/28/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 56,604,302.98 |
| F | ✔ | 3/2/2007 | Check | 15847  M&M | Costs | (750,000.00) | 55,854,302.98 |
| F | ✔ | 3/2/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 55,852,802.98 |
| F | ✔ | 3/2/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 55,851,302.98 |
| F | ✔ | 3/2/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 55,849,802.98 |
| F | ✔ | 3/2/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 55,848,302.98 |
| F | ✔ | 3/2/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 55,846,802.98 |
| F | ✔ | 3/2/2007 | Check | | Net Recovery Rezulin | (1,500.00) | 55,845,302.98 |

EXHIBIT 6

EXHIBIT 9    039

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page 174

**Case No.:**     **21101**    **REZULIN**

**Status: P**    **05/06/2010**                **Arlen to verify uncleared checks**

| Acct | | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|------|---|------|-----------|-------------|---------------|-------------|--------|---------|
| F | ✔ | 3/14/2007 | Check | | | Net Recovery | (5,000.00) | 50,666,002.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 3/14/2007 | Check | | | Net Recovery | (5,000.00) | 50,661,002.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 3/14/2007 | Check | | | Net Recovery | (5,000.00) | 50,656,002.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 3/14/2007 | Check | | | Net Recovery | (5,000.00) | 50,651,002.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 3/14/2007 | Check | | | Net Recovery | (5,000.00) | 50,646,002.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 3/14/2007 | Check | | | Net Recovery | (5,000.00) | 50,641,002.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 3/14/2007 | Check | | | Net Recovery | (5,000.00) | 50,636,002.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 3/14/2007 | Check | | | Net Recovery | (5,000.00) | 50,631,002.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 3/14/2007 | Check | | | Net Recovery | (5,000.00) | 50,626,002.98 |
| | | | | | | Rezulin | | |
| F | ✔ | 3/29/2007 | Check | 17487 | GIRARDI & KEESE | Costs | (1,000,000.00) | 49,626,002.98 |
| F | ✔ | 4/2/2007 | Check | 17488 | GIRARDI & KEESE | Costs | (1,000,000.00) | 48,626,002.98 |
| F | ✔ | 4/5/2007 | Check | | | Rezulin | (750.00) | 48,625,252.98 |
| | | | | | | On behalf | | |
| F | ✔ | 4/5/2007 | Check | | | Rezulin | (750.00) | 48,624,502.98 |
| | | | | | | On behalf | | |
| F | ✔ | 4/5/2007 | Check | | | Rezulin | (375.00) | 48,624,127.98 |
| | | | | | | On behalf | | |
| F | ✔ | 4/5/2007 | Check | | | Rezulin | (375.00) | 48,623,752.98 |
| | | | | | | On behalf | | |
| F | ✔ | 4/5/2007 | Check | | | Rezulin | (375.00) | 48,623,377.98 |
| | | | | | | On behalf | | |
| F | ✔ | 4/5/2007 | Check | | | Rezulin | (375.00) | 48,623,002.98 |
| | | | | | | On behalf | | |
| F | ✔ | 4/5/2007 | Check | | | Rezulin | (500.00) | 48,622,502.98 |
| | | | | | | On behalf | | |
| F | ✔ | 4/5/2007 | Check | | | Rezulin | (1,000.00) | 48,621,502.98 |
| | | | | | | On behalf | | |

EXHIBIT 9    040

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page 275

**Case No.:**    **21101**    **REZULIN**

**Status: P**    **05/06/2010**        **Arlen to verify uncleared checks**

| Acct | | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|------|---|------|-----------|-------------|---------------|-------------|--------|---------|
| F | ✔ | 4/23/2007 | Check | | | Rezulin | (6,428.57) | 43,686,011.46 |
| | | | | | | On behalf of | | |
| F | ✔ | 4/23/2007 | Check | | | Rezulin | (6,428.57) | 43,679,582.89 |
| | | | | | | On behalf of | | |
| F | ✔ | 4/23/2007 | Check | | | Rezulin | (6,428.57) | 43,673,154.32 |
| | | | | | | On behalf of | | |
| F | ✔ | 4/23/2007 | Check | | | Rezulin | (6,428.57) | 43,666,725.75 |
| | | | | | | On behalf of | | |
| F | ✔ | 4/23/2007 | Check | | | Rezulin | (45,000.00) | 43,621,725.75 |
| | | | | | | On behalf of | | |
| F | ✔ | 4/24/2007 | Check | | | Net Recovery - Replace check# 17171 | (5,000.00) | 43,616,725.75 |
| | | | | | | Rezulin | | |
| F | ✔ | 4/25/2007 | Check | | | Net Recovery - replace check# 14745 | (1,500.00) | 43,615,225.75 |
| | | | | | | Rezulin | | |
| F | ✔ | 4/26/2007 | Check | 19439 | HOWARD SNYDER | Costs | (250,000.00) | 43,365,225.75 |
| F | ✔ | 4/26/2007 | Check | 19440 | DANIEL GRUBER | Costs | (300,000.00) | 43,065,225.75 |
| F | ✔ | 4/30/2007 | Check | | | Net Recovery - replace check#16963 | (5,000.00) | 43,060,225.75 |
| | | | | | | Rezulin | | |
| F | ✔ | 5/1/2007 | Check | | | Net Recovery - replace check# 17073 | (5,000.00) | 43,055,225.75 |
| F | ✔ | 5/1/2007 | Check | 19443 | GANCEDO & NIEVES | Costs | (300,000.00) | 42,755,225.75 |
| F | ✔ | 5/2/2007 | Check | | | Net Recovery - On behalf of | (1,500.00) | 42,753,725.75 |
| | | | | | | Rezulin - replace check# 16549 | | |
| F | ✔ | 5/2/2007 | Check | | | Net Recovery - On behalf of | (2,500.00) | 42,751,225.75 |
| | | | | | | Rezulin | | |
| F | ✔ | 5/2/2007 | Check | | | Net Recovery | (5,000.00) | 42,746,225.75 |
| | | | | | | REZULIN | | |
| F | ✔ | 5/7/2007 | Check | | | Rezulin - replace check# 18405 | (5,000.00) | 42,741,225.75 |
| | | | | | | On Behalf of | | |
| F | ✔ | 5/7/2007 | Check | | | Net Recovery | (5,000.00) | 42,736,225.75 |
| | | | | | | Rezulin | | |
| F | ✔ | 5/9/2007 | Check | | | Net Recovery - replace check# 18966 | (300.00) | 42,735,925.75 |
| | | | | | | Rezulin On behalf of | | |
| F | ✔ | 5/10/2007 | Check | | | Net Recovery - replace check# 17226 | (5,000.00) | 42,730,925.75 |
| | | | | | | Rezulin | | |
| F | ✔ | 5/14/2007 | Check | | | Net Recovery - replace check# 14660 | (1,500.00) | 42,729,425.75 |
| | | | | | | Rezulin | | |

EXHIBIT 9    041

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page 276

**Case No.:** 21101    **REZULIN**

**Status:** P    05/06/2010      Arlen to verify uncleared checks

| Acct | | Date | Tran Type | Check/Adj # Payee / Payor | Description | Amount | Balance |
|------|---|------|-----------|---------------------------|-------------|--------|---------|
| F | ☑ | 5/16/2007 | Check | | Net Recovery - replace check# 16295 | (1,500.00) | 42,727,925.75 |
| F | ☑ | 5/21/2007 | Check | | Net Recovery - replace check# 18191 Rezulin - on behalf o | (375.00) | 42,727,550.75 |
| F | ☑ | 5/21/2007 | Check | | Net Recovery - replace check# 19251 Rezulin - On Behalf O | (1,250.00) | 42,726,300.75 |
| F | ☑ | 5/24/2007 | Check | 19511  GIRARDI & KEESE | Fees | (500,000.00) | 42,226,300.75 |
| F | ☑ | 5/25/2007 | Check | | Net Recovery - replace check# 19516 Rezulin | (1,500.00) | 42,224,800.75 |
| F | ☑ | 5/25/2007 | Check | | Net Recovery - replace check# 16273 Rezulin - On Behalf | (1,500.00) | 42,223,300.75 |
| F | ☑ | 5/29/2007 | Check | 19518  GIRARDI & KEESE | Fees | (1,000,000.00) | 41,223,300.75 |
| F | ☑ | 5/30/2007 | Check | | Net Recovery - replace check# 14499 Rezulin - On Behalf o | (1,500.00) | 41,221,800.75 |
| F | ☑ | 5/30/2007 | Check | | Net Recovery - replace check# 15345 Rezulin | (1,500.00) | 41,220,300.75 |
| F | ☑ | 5/30/2007 | Check | | Net Recovery - replace check# 17636 Rezulin - On behalf o | (500.00) | 41,219,800.75 |
| F | ☑ | 6/4/2007 | Check | | Net Recovery - replace check# 19026 Rezulin - On behalf | (500.00) | 41,219,300.75 |
| F | ☑ | 6/5/2007 | Check | | Net Recovery - replace check# 16024 Rezulin - On Behalf o | (1,500.00) | 41,217,800.75 |
| F | ☑ | 6/5/2007 | Check | | Rezulin | (125.00) | 41,217,675.75 |
| F | ☐ | 6/5/2007 | Check | | Rezulin | (125.00) | 41,217,550.75 |
| F | ☐ | 6/5/2007 | Check | | Rezulin | (125.00) | 41,217,425.75 |
| F | ☑ | 6/5/2007 | Check | | Rezulin | (125.00) | 41,217,300.75 |
| F | ☑ | 6/5/2007 | Check | | Rezulin | (125.00) | 41,217,175.75 |
| F | ☑ | 6/5/2007 | Check | | Rezulin | (125.00) | 41,217,050.75 |
| F | ☑ | 6/5/2007 | Check | | Rezulin | (125.00) | 41,216,925.75 |

EXHIBIT 9    042

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page  286

**Case No.:**    **21101**    **REZULIN**

**Status: P**    **05/06/2010**    **Arlen to verify uncleared checks**

| Acct | | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|------|---|------|-----------|-------------|---------------|-------------|--------|---------|
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (500.00) | 41,161,889.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (125.00) | 41,161,764.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (125.00) | 41,161,639.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (125.00) | 41,161,514.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (750.00) | 41,160,764.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (75.00) | 41,160,689.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (75.00) | 41,160,614.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (75.00) | 41,160,539.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (75.00) | 41,160,464.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (500.00) | 41,159,964.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (500.00) | 41,159,464.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (750.00) | 41,158,714.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (1,000.00) | 41,157,714.50 |
| F | ✔ | 6/5/2007 | Check | ▮▮▮▮ | | Rezulin | (5,000.00) | 41,152,714.50 |
| F | ✔ | 6/8/2007 | Check | | | Net Recovery - replace check# 19536 | (750.00) | 41,151,964.50 |
| F | ✔ | 6/8/2007 | Check | 19727 | GIRARDI & KEESE | Rezulin - On Behalf of ▮▮▮▮ Fees | (1,000,000.00) | 40,151,964.50 |
| F | ✔ | 6/14/2007 | Check | | ▮▮▮▮ | Net Recovery - replace check# 19274 | (375.00) | 40,151,589.50 |
| F | ✔ | 6/15/2007 | Check | 19747 | GIRARDI & KEESE | Rezulin - On Behalf of ▮▮▮▮ Fees | (1,000,000.00) | 39,151,589.50 |
| F | ✔ | 6/15/2007 | Check | | ▮▮▮▮ | Net Recovery | (89.29) | 39,151,500.21 |
| | | | | | | Rezulin - On Behalf of ▮▮▮▮ | | |

EXHIBIT 9    043

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page 287

**Case No.:**    **21101**    **REZULIN**

**Status: P**    **05/06/2010**    **Arlen to verify uncleared checks**

| Acct | Date | Tran Type | Check/Adj # Payee / Payor | Description | Amount | Balance |
|------|------|-----------|---------------------------|-------------|--------|---------|
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (89.29) | 39,151,410.92 |
| | | | | Rezulin - On Behalf o█ ████████ | | |
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (89.29) | 39,151,321.63 |
| | | | | Rezulin - On Behalf o█ ████████ | | |
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (714.28) | 39,150,607.35 |
| | | | | Rezulin - On Behalf o█ ████████ | | |
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (714.28) | 39,149,893.07 |
| | | | | Rezulin - On Behalf █ ████████ | | |
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (714.28) | 39,149,178.79 |
| | | | | Rezulin - On Behalf o█ ████████ | | |
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (89.29) | 39,149,089.50 |
| | | | | Rezulin - On Behalf █ ████████ | | |
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (375.00) | 39,148,714.50 |
| | | | | Rezulin - On Behalf o█ ████████ | | |
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (75.00) | 39,148,639.50 |
| | | | | Rezulin - On Behalf █ ████████ | | |
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (75.00) | 39,148,564.50 |
| | | | | Rezulin - On Behalf o█ ████████ | | |
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (375.00) | 39,148,189.50 |
| | | | | Rezulin - On Behalf █ ████████ | | |
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (75.00) | 39,148,114.50 |
| | | | | Rezulin - On Behalf █ ████████ | | |
| F | ✔ | 6/15/2007 Check | ████████████ | Net Recovery | (1,125.00) | 39,146,989.50 |
| | | | | Rezulin - On Behalf o█ ████████ | | |
| F | ✔ | 6/26/2007 Check | 19774 GIRARDI & KEESE | Fees | (1,000,000.00) | 38,146,989.50 |
| F | ✔ | 6/26/2007 Check | ████████████ | Net Recovery - replace check# 15911 | (1,500.00) | 38,145,489.50 |
| | | | | Rezulin - On Behalf O█ ████████ | | |
| F | ✔ | 6/27/2007 Check | ████████████ | Net Recovery - replace check ████ | (375.00) | 38,145,114.50 |
| | | | | Rezulin - On Behalf of ████████ | | |
| F | ✔ | 7/2/2007 Check | ████████████ | Net Recovery | (750.00) | 38,144,364.50 |
| | | | | Rezulin - On Behalf of ████████ | | |
| F | ✔ | 7/2/2007 Check | ████████████ | Net Recovery | (250.00) | 38,144,114.50 |
| | | | | Rezulin - On Behalf Of ████████ | | |
| F | ✔ | 7/2/2007 Check | ████████████ | Net Recovery | (500.00) | 38,143,614.50 |
| | | | | Rezulin - On Behalf of ████████ | | |

EXHIBIT 9    044

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page  289

**Case No.:** **21101**   **REZULIN**

**Status: P**   **05/06/2010**      **Arlen to verify uncleared checks**

| Acct | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|------|------|-----------|-------------|---------------|-------------|--------|---------|
| F | ✔ | 7/5/2007 | Check | | | Net Recovery - replace check# 19694 | (35.71) | 38,133,203.79 |
| F | ✔ | 7/6/2007 | Check | | | Rezulin - On Behalf of | (1,666.67) | 38,131,537.12 |
| F | ✔ | 7/6/2007 | Check | | | Net Recovery - replace check# 17227 | (1,666.67) | 38,129,870.45 |
| | | | | | | Rezulin - On Behalf of | | |
| F | ✔ | 7/6/2007 | Check | | | Net Recovery - replace check# 17227 | (1,666.66) | 38,128,203.79 |
| | | | | | | Rezulin - On Behalf of | | |
| F | ✔ | 7/6/2007 | Check | | | Net Recovery - replace check# 15006 | (1,500.00) | 38,126,703.79 |
| | | | | | | Rezulin | | |
| F | ✔ | 7/10/2007 | Check | | | Net Recovery - replace check# 15574 | (1,500.00) | 38,125,203.79 |
| | | | | | | Rezulin | | |
| F | ✔ | 7/12/2007 | Check | | | Net Recovery - replace check# 15931 | (1,500.00) | 38,123,703.79 |
| | | | | | | Rezulin | | |
| F | ✔ | 7/24/2007 | Check | | | Net Recovery - Replace check# 18092 | (250.00) | 38,123,453.79 |
| | | | | | | Rezulin - On Behalf of | | |
| F | ✔ | 7/24/2007 | Check | | | Net Recovery- Replace check#18311,18312,18 | (2,500.00) | 38,120,953.79 |
| | | | | | | Rezulin - On behalf of | | |
| F | ✔ | 7/24/2007 | Check | | | Net Recovery- Replace check#18311,18312,18 | (2,500.00) | 38,118,453.79 |
| | | | | | | Rezulin - On behalf of | | |
| F | ✔ | 7/25/2007 | Check | 19875 | GIRARDI & KEESE | Fees | (1,000,000.00) | 37,118,453.79 |
| F | ✔ | 7/31/2007 | Check | 19881 | GIRARDI & KEESE | Fees | (500,000.00) | 36,618,453.79 |
| F | ✔ | 8/1/2007 | Check | | | Replace check# 15785 | (1,500.00) | 36,616,953.79 |
| | | | | | | Rezulin | | |
| F | ✔ | 8/6/2007 | Check | | | Net Recovery | (1,500.00) | 36,615,453.79 |
| | | | | | | Rezulin - On Behalf of | | |
| F | ✔ | 8/7/2007 | Check | | | Net Recovery | (336,249.56) | 36,279,204.23 |
| | | | | | | REZULIN | | |
| F | ✔ | 8/7/2007 | Check | | | Net Recovery | (122,500.00) | 36,156,704.23 |
| | | | | | | REZULIN | | |
| F | ✔ | 8/7/2007 | Check | | | Net Recovery | (73,000.00) | 36,083,704.23 |
| | | | | | | REZULIN | | |
| F | ✔ | 8/7/2007 | Check | | | Net Recovery | (122,500.00) | 35,961,204.23 |
| | | | | | | REZULIN | | |
| F | ✔ | 8/7/2007 | Check | | | Net Recovery | (122,500.00) | 35,838,704.23 |
| | | | | | | REZULIN | | |

EXHIBIT 9   045

12/14/2021 11:49:40 AM

**Girardi & Keese**

**All Accounts**

**Case Card Register**

Page 290

**Case No.:**  **21101**  **REZULIN**

**Status: P**  **05/06/2010**  **Arlen to verify uncleared checks**

| Acct | | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| F | ✔ | 8/7/2007 | Check | | | Net Recovery | (140,000.00) | 35,698,704.23 |
| | | | | | | REZULIN | | |
| F | ✔ | 8/7/2007 | Check | | | Net Recovery | (105,000.00) | 35,593,704.23 |
| | | | | | | REZULIN | | |
| F | ✔ | 8/7/2007 | Check | | | Net Recovery | (844,500.00) | 34,749,204.23 |
| | | | | | | REZULIN | | |
| F | ✔ | 8/7/2007 | Check | | | Net Recovery | (105,000.00) | 34,644,204.23 |
| | | | | | | REZULIN | | |
| F | ✔ | 8/7/2007 | Check | | | Net Recovery | (157,500.00) | 34,486,704.23 |
| | | | | | | REZULIN | | |
| F | ✔ | 8/8/2007 | Check | 19902 | GIRARDI & KEESE | Fees | (500,000.00) | 33,986,704.23 |
| F | ✔ | 8/9/2007 | Check | 19903 | DANIEL S. GRUBER | Assoc Counsel Fees | (250,000.00) | 33,736,704.23 |
| F | ✔ | 8/9/2007 | Check | 19904 | Howard A. Snyder | Assoc Counsel Fees | (250,000.00) | 33,486,704.23 |
| F | ✔ | 8/16/2007 | Check | 19908 | GIRARDI & KEESE | Fees | (500,000.00) | 32,986,704.23 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (77,699.32) | 32,909,004.91 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (81,832.92) | 32,827,171.99 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (152,232.68) | 32,674,939.31 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (71,235.98) | 32,603,703.33 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (122,500.00) | 32,481,203.33 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (136,062.19) | 32,345,141.14 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (87,036.86) | 32,258,104.28 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (59,037.57) | 32,199,066.71 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (80,608.52) | 32,118,458.19 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (122,500.00) | 31,995,958.19 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (87,339.28) | 31,908,618.91 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (87,027.20) | 31,821,591.71 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (87,500.00) | 31,734,091.71 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (87,500.00) | 31,646,591.71 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (145,292.94) | 31,501,298.77 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (119,524.76) | 31,381,774.01 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (44,229.89) | 31,337,544.12 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (72,143.79) | 31,265,400.33 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (500,000.00) | 30,765,400.33 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (40,384.62) | 30,725,015.71 |
| F | ✔ | 8/16/2007 | Check | | | Net Recovery | (58,724.52) | 30,666,291.19 |

EXHIBIT 9   046

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page  299

**Case No.:** 21101    **REZULIN**

**Status: P**    05/06/2010            **Arlen to verify uncleared checks**

| Acct | | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| F | ✔ | 8/27/2007 | Check | | | Net Recovery - replace check# 14961 | (1,500.00) | 20,352,165.56 |
| | | | | | | Rezulin | | |
| F | ✔ | 8/27/2007 | Check | | | Net Recovery - replace check#14800 | (1,500.00) | 20,350,665.56 |
| | | | | | | Rezulin | | |
| F | ✔ | 8/28/2007 | Check | | | Net Recovery - On Behalf o | (43,852.12) | 20,306,813.44 |
| | | | | | | Rezulin | | |
| F | ✔ | 8/29/2007 | Check | 20219 | GANCEDO & NIEVES | Costs | (100,000.00) | 20,206,813.44 |
| F | ✔ | 8/29/2007 | Check | | | Net Recovery | (335,202.73) | 19,871,610.71 |
| | | | | | | REZULIN | | |
| F | ✔ | 8/29/2007 | Check | | | Net Recovery | (74,487.05) | 19,797,123.66 |
| | | | | | | REZULIN | | |
| F | ✔ | 8/30/2007 | Check | 20222 | GIRARDI & KEESE | Fees | (500,000.00) | 19,297,123.66 |
| F | ✔ | 8/30/2007 | Check | | | Net Recovery - replaced check# 16728 | (5,000.00) | 19,292,123.66 |
| | | | | | | Rezulin | | |
| F | ✔ | 8/30/2007 | Check | | | Net Recovery | (49,552.69) | 19,242,570.97 |
| | | | | | | Rezulin | | |
| F | ✔ | 8/30/2007 | Check | | | Net Recovery | (60,000.00) | 19,182,570.97 |
| | | | | | | Rezulin | | |
| F | ✔ | 9/4/2007 | Check | 20232 | DANIEL GRUBER | Assoc Counsel Fees | (100,000.00) | 19,082,570.97 |
| F | ✔ | 9/4/2007 | Check | 20233 | HOWARD SNYDER | Assoc Counsel Fees | (100,000.00) | 18,982,570.97 |
| F | ✔ | 9/4/2007 | Check | | | Net Recovery - replace check# 16994 | (5,000.00) | 18,977,570.97 |
| | | | | | | Rezulin | | |
| F | ✔ | 9/6/2007 | Check | 20235 | GIRARDI & KEESE | Fees | (500,000.00) | 18,477,570.97 |
| F | ✔ | 9/6/2007 | Check | | | Net Recovery - replace check# 14941 | (1,500.00) | 18,476,070.97 |
| F | ✔ | 9/6/2007 | Check | | | Net Recovery - replace check# 17973 | (300.00) | 18,475,770.97 |
| | | | | | | Rezulin - On Behalf of | | |
| F | ✔ | 9/10/2007 | Check | | | Net Recovery - replaced check# 19038 | (1,666.67) | 18,474,104.30 |
| | | | | | | Rezulin - On Behalf | | |
| F | ✔ | 9/10/2007 | Check | | | Net Recovery - replaced check# 19039 | (1,666.66) | 18,472,437.64 |
| | | | | | | Rezulin - On Behalf O | | |
| F | ✔ | 9/10/2007 | Check | | | Net Recovery - replaced check# 19037 | (1,666.67) | 18,470,770.97 |
| | | | | | | Rezulin - On Behalf O | | |
| F | ✔ | 9/10/2007 | Check | | | Net Recovery - replaced check# 15882 | (1,500.00) | 18,469,270.97 |
| | | | | | | Rezulin | | |

EXHIBIT 9    047

12/14/2021 11:49:40 AM

**Girardi & Keese**

**All Accounts**

**Case Card Register**

Page 300

**Case No.:**    **21101**    **REZULIN**

**Status:  P**    **05/06/2010**        **Arlen to verify uncleared checks**

| Acct | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|------|------|-----------|-------------|---------------|-------------|--------|---------|
| F ☑ | 9/10/2007 | Check | | | Net Recovery - replaced check# 15007 | (1,500.00) | 18,467,770.97 |
| | | | | | Rezulin | | |
| F ☑ | 9/11/2007 | Check | 20244 | GIRARDI & KEESE | Fees | (500,000.00) | 17,967,770.97 |
| F ☑ | 9/11/2007 | Check | | | Net Recovery - replace check# 15499 | (1,500.00) | 17,966,270.97 |
| | | | | | Rezulin | | |
| F ☑ | 9/11/2007 | Check | | | Net Recovery - replace check# 19068 | (1,500.00) | 17,964,770.97 |
| | | | | | Rezulin - On Behalf of | | |
| F ☑ | 9/11/2007 | Check | | | Net Recovery | (156,161.46) | 17,808,609.51 |
| | | | | | REZULIN | | |
| F ☑ | 9/12/2007 | Check | | | Net Recovery | (49,738.20) | 17,758,873.31 |
| | | | | | REZULIN | | |
| F ☑ | 9/12/2007 | Check | | | Net Recovery - replace check# 19808 | (500.00) | 17,758,373.31 |
| | | | | | Rezulin - On Behalf of | | |
| F ☑ | 9/12/2007 | Check | | | Net Recovery - replace check# 15730 | (1,500.00) | 17,756,873.31 |
| | | | | | Rezulin | | |
| F ☑ | 9/12/2007 | Check | | | Net Recovery - reissued check# 16001 | (1,500.00) | 17,755,373.31 |
| | | | | | Rezulin | | |
| F ☑ | 9/12/2007 | Check | | | Net Recovery - replace check# 18257 | (300.00) | 17,755,073.31 |
| | | | | | Rezulin - On Behalf of | | |
| F ☑ | 9/12/2007 | Check | | | Net Recovery - replace check# 19578 | (200.00) | 17,754,873.31 |
| | | | | | Rezulin - On Behalf of | | |
| F ☑ | 9/13/2007 | Check | | | Net Recovery - replaced check# 14874 | (1,500.00) | 17,753,373.31 |
| | | | | | Rezulin | | |
| F ☑ | 9/13/2007 | Check | | | Net Recovery - replace check# 14744 | (1,500.00) | 17,751,873.31 |
| | | | | | Rezulin | | |
| F ☑ | 9/17/2007 | Check | | | Net Recovery - replace check# 17015 | (5,000.00) | 17,746,873.31 |
| | | | | | Rezulin | | |
| F ☑ | 9/17/2007 | Check | | | Net Recovery - replaced check# 15107 | (1,500.00) | 17,745,373.31 |
| | | | | | Rezulin | | |
| F ☑ | 9/17/2007 | Check | | | Net Recovery | (2,500.00) | 17,742,873.31 |
| | | | | | Rezulin - On Behalf of | | |
| F ☑ | 9/17/2007 | Check | | | Net Recovery | (2,500.00) | 17,740,373.31 |
| | | | | | Rezulin - On Behalf of | | |
| F ☑ | 9/20/2007 | Check | | | Net Recovery - replace check# 15407 | (1,500.00) | 17,738,873.31 |
| | | | | | Rezulin - On Behalf of | | |

EXHIBIT 9    048

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page  301

**Case No.:     21101     REZULIN**

**Status: P     05/06/2010          Arlen to verify uncleared checks**

| Acct | Date | Tran Type | Check/Adj # Payee / Payor | Description | Amount | Balance |
|------|------|-----------|--------------------------|-------------|--------|---------|
| F | ☑ 9/20/2007 | Check | ▓▓▓▓▓▓ | Net Recovery - replace check# 14574 Rezulin | (1,500.00) | 17,737,373.31 |
| F | ☑ 9/21/2007 | Check | ▓▓▓▓▓▓ | Net Recovery - replace check# 17181 Rezulin | (5,000.00) | 17,732,373.31 |
| F | ☑ 9/21/2007 | Check | ▓▓▓▓▓▓ | Net Recovery - replaced check# 16016 Rezulin | (1,500.00) | 17,730,873.31 |
| F | ☑ 9/27/2007 | Check | ▓▓▓▓▓▓ | Net Recovery - replaced check# 15832 Rezulin | (1,500.00) | 17,729,373.31 |
| F | ☑ 9/28/2007 | Check | ▓▓▓▓▓▓ | Net Recovery - Replaces check# 16718 Rezulin | (5,000.00) | 17,724,373.31 |
| F | ☑ 9/28/2007 | Check | ▓▓▓▓▓▓ | Net Recovery - Replaces check# 15549 Rezulin | (1,500.00) | 17,722,873.31 |
| F | ☑ 9/28/2007 | Check | ▓▓▓▓▓▓ | Net Recovery- Replaces check# 17823 Rezulin - On behalf ▓▓▓▓▓▓ | (750.00) | 17,722,123.31 |
| F | ☑ 9/28/2007 | Check | ▓▓▓▓▓▓ | Net Recovery - Replaces check# 19680 Rezulin - On behalf ▓▓▓▓▓▓ | (750.00) | 17,721,373.31 |
| F | ☑ 10/2/2007 | Check | ▓▓▓▓▓▓ | Net Recovery - replace check# 18483 Rezulin - On Behalf ▓▓▓▓▓▓ | (187.50) | 17,721,185.81 |
| F | ☑ 10/9/2007 | Check | ▓▓▓▓▓▓ | Net Recovery - replace check# 15274 Rezulin | (1,500.00) | 17,719,685.81 |
| F | ☑ 10/9/2007 | Check | ▓▓▓▓▓▓ | Net Recovery - replace check# 16012 Rezulin | (1,500.00) | 17,718,185.81 |
| F | ☑ 10/9/2007 | Check | ▓▓▓▓▓▓ | Net Recovery - replace check# 16021 Rezulin | (1,500.00) | 17,716,685.81 |
| F | ☑ 10/15/2007 | Check | ▓▓▓▓▓▓ | Net Recovery Rezulin | (45,000.00) | 17,671,685.81 |
| F | ☑ 10/18/2007 | Check | 1255  THE GARRETSON LAW FIRM, LLC | Costs - wire transfer | (275,000.00) | 17,396,685.81 |
| F | ☑ 10/22/2007 | Check | 20343  GANCEDO & NIEVES | Assoc Counsel Fees | (700,000.00) | 16,696,685.81 |
| F | ☑ 10/23/2007 | Check | ▓▓▓▓▓▓ | Net Recovery- Replaces Check# 14792 Rezulin | (1,500.00) | 16,695,185.81 |
| F | ☑ 10/29/2007 | Check | ▓▓▓▓▓▓ | Net Recovery Rezulin - On Behalf ▓▓▓▓▓▓ | (44,440.74) | 16,650,745.07 |
| F | ☑ 10/29/2007 | Check | ▓▓▓▓▓▓ | Net Recovery Rezulin - On Behalf ▓▓▓▓▓▓ | (44,440.74) | 16,606,304.33 |
| F | ☑ 10/29/2007 | Check | ▓▓▓▓▓▓ | Net Recovery Rezulin - On Behalf ▓▓▓▓▓▓ | (44,440.74) | 16,561,863.59 |

EXHIBIT 9    049

12/14/2021 11:49:40 AM

**Girardi & Keese**

**All Accounts**

**Case Card Register**

Page  302

Case No.:    **21101    REZULIN**

Status: P    05/06/2010    **Arlen to verify uncleared checks**

| Acct | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| F | 10/29/2007 | Check | | | Net Recovery | (44,440.74) | 16,517,422.85 |
| | | | | | Rezulin - On Behalf of | | |
| F | 10/29/2007 | Check | | | Net Recovery | (44,440.74) | 16,472,982.11 |
| | | | | | Rezulin - On Behalf of | | |
| F | 10/31/2007 | Check | | | Net Recovery - replace check# 17189 | (5,000.00) | 16,467,982.11 |
| | | | | | Rezulin | | |
| F | 11/13/2007 | Check | 20389 | SCHIMMEL & PARKS | Assoc Counsel Fees | (8,198.08) | 16,459,784.03 |
| F | 11/13/2007 | Check | 20390 | SAUNDERS & WALKER | Assoc Counsel Fees | (8,480.77) | 16,451,303.26 |
| F | 11/13/2007 | Check | 20391 | HACKARD & HOLT | Assoc Counsel Fees | (8,480.77) | 16,442,822.49 |
| F | 11/13/2007 | Check | 20392 | CULLAN & CULLAN | Assoc Counsel Fees | (267,898.05) | 16,174,924.44 |
| F | 11/13/2007 | Check | 20393 | OWEN, PATTERSON & OWEN | Assoc Counsel Fees | (603,924.97) | 15,570,999.47 |
| F | 11/13/2007 | Check | 20394 | BAKER, BROWN & DIXON | Assoc Counsel Fees | (1,801,251.32) | 13,759,748.15 |
| F | 11/13/2007 | Check | 20396 | ENGSTROM, LIPSCOMB & LACK | Assoc Counsel Fees | (45,607.69) | 13,724,140.46 |
| F | 11/13/2007 | Check | 20397 | BENSON, BERTOLDO, BAKER & CARTER | Assoc Counsel Fees | (31,944.22) | 13,692,196.24 |
| F | 11/13/2007 | Check | 20398 | Howard A. Snyder | Assoc Counsel Fees | (104,522.02) | 13,587,674.22 |
| F | 11/13/2007 | Check | 20399 | DANIEL S. GRUBER | Assoc Counsel Fees | (104,522.02) | 13,483,152.20 |
| F | 11/13/2007 | Check | 20400 | GANCEDO & NIEVES | Assoc Counsel Fees | (676,344.51) | 12,806,807.69 |
| F | 11/19/2007 | Check | | | Net Recovery - replace check# 16014 | (1,500.00) | 12,805,307.69 |
| | | | | | Rezulin | | |
| F | 11/30/2007 | Check | | | Medical Lien - HIC#505464940TA | (301.04) | 12,805,006.65 |
| | | | | | Rezulin | | |
| F | 11/30/2007 | Check | | | Net Recovery | (162.10) | 12,804,844.55 |
| | | | | | Rezulin | | |
| F | 11/30/2007 | Check | | | Medical Lien - HIC# 506403033A | (518.33) | 12,804,326.22 |
| | | | | | Rezulin | | |
| F | 11/30/2007 | Check | | | Net Recovery | (2,859.52) | 12,801,466.70 |
| | | | | | Rezulin | | |
| F | 12/4/2007 | Check | | | Net Recovery - replaced check# 16941 | (5,000.00) | 12,796,466.70 |
| | | | | | Rezulin | | |
| F | 12/17/2007 | Check | | | Net Recovery - On Behalf of | (76,926.93) | 12,719,539.77 |
| | | | | | Rezulin | | |
| F | 12/17/2007 | Check | | | Net Recovery - On Behalf of | (76,926.93) | 12,642,612.84 |
| | | | | | Rezulin | | |
| F | 12/17/2007 | Check | | | Net Recovery - On Behalf of | (76,926.92) | 12,565,685.92 |
| | | | | | Rezulin | | |

EXHIBIT 9    050

12/14/2021 11:49:40 AM

**Girardi & Keese**

**All Accounts**

**Case Card Register**

Page 304

**Case No.:**    **21101**    **REZULIN**

**Status: P**    **05/06/2010**        **Arlen to verify uncleared checks**

| Acct | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|------|------|-----------|-------------|---------------|-------------|--------|---------|
| F | ☑ 12/17/2007 | Check | | | Net Recovery - On Behalf O█ Rezulin | (22,151.95) | 10,861,762.47 |
| F | ☑ 12/17/2007 | Check | | | Net Recovery - On Behalf O█ Rezulin | (22,151.95) | 10,839,610.52 |
| F | ☑ 12/17/2007 | Check | | | Net Recovery - On Behalf O█ Rezulin | (22,151.95) | 10,817,458.57 |
| F | ☑ 12/17/2007 | Check | | | Net Recovery - On Behalf █ Rezulin | (22,151.95) | 10,795,306.62 |
| F | ☑ 12/18/2007 | Check | | | Net Recovery - On Behalf O█ Rezulin - replace check# 20486 | (160,478.98) | 10,634,827.64 |
| F | ☑ 12/19/2007 | Check | | | Net Recovery - On Behalf █ Rezulin - replace check# 20483 | (76,926.92) | 10,557,900.72 |
| F | ☑ 12/20/2007 | Check | | | Net Recovery - On Behalf O█ Rezulin - replace check# 18991 | (1,500.00) | 10,556,400.72 |
| F | ☑ 12/20/2007 | Check | | | Medical Lien █ Rezulin | (100,000.00) | 10,456,400.72 |
| F | ☑ 12/20/2007 | Check | | | Medical Lien █ Rezulin | (33,000.00) | 10,423,400.72 |
| F | ☑ 12/20/2007 | Check | | | Net Recovery █ Rezulin | (601,500.00) | 9,821,900.72 |
| F | ☑ 1/2/2008 | Check | 20522 | J.A.M.S. | Costs | (500,000.00) | 9,321,900.72 |
| F | ☑ 1/7/2008 | Check | | | Net Recovery - replaced check# 16706 Rezulin | (5,000.00) | 9,316,900.72 |
| F | ☑ 1/7/2008 | Check | | | Net Recovery - replaced check# 15646 Rezulin | (1,500.00) | 9,315,400.72 |
| F | ☑ 1/9/2008 | Check | | | Net Recovery - replaced check# 20518 Rezulin | (1,500.00) | 9,313,900.72 |
| F | ☑ 1/9/2008 | Check | | ██████████████████████ █ 12█ █stee | Net Recovery - replace check# 15551 Rezulin | (500.00) | 9,313,400.72 |
| F | ☑ 1/9/2008 | Check | | | Net Recovery - replaced check# 15551 Rezulin | (1,000.00) | 9,312,400.72 |
| F | ☑ 1/9/2008 | Check | | | Net Recovery - replaced check# 14837 Rezulin | (1,500.00) | 9,310,900.72 |
| F | ☐ 1/10/2008 | Check | | | Net Recovery - replaced check# 14278 Rezulin | (1,500.00) | 9,309,400.72 |

EXHIBIT 9    051

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page 308

**Case No.:**    **21101**    **REZULIN**

**Status: P**    **05/06/2010**        **Arlen to verify uncleared checks**

| Acct | | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| F | ✔ | 3/21/2008 | Check | | | Net Recovery- On Behalf Of ▉▉▉ Rezulin | (8,146.44) | 8,771,032.41 |
| F | ✔ | 3/24/2008 | Check | | | Net Recovery - replaced check# 16646 Rezulin | (5,000.00) | 8,766,032.41 |
| F | ✔ | 3/24/2008 | Check | | | Medical Lien - #99300629D-001 Rezulin | (32,915.38) | 8,733,117.03 |
| F | ✔ | 3/31/2008 | Check | | | LIEN ▉▉▉ Rezulin | (1,204.00) | 8,731,913.03 |
| F | ✔ | 3/31/2008 | Check | | | Net Recovery Rezulin | (134.54) | 8,731,778.49 |
| F | ✔ | 4/1/2008 | Check | 20754 | GIRARDI & KEESE | Costs | (500,000.00) | 8,231,778.49 |
| F | ✔ | 4/2/2008 | Check | | | Lien - ▉▉▉ Rezulin | (75.00) | 8,231,703.49 |
| F | ✔ | 4/4/2008 | Check | 20761 | GIRARDI & KEESE | Costs | (500,000.00) | 7,731,703.49 |
| F | ✔ | 4/4/2008 | Check | | | Net Recovery - replace check# 14675 Rezulin | (1,500.00) | 7,730,203.49 |
| F | ✔ | 4/9/2008 | Check | 20767 | DANIEL GRUBER | Assoc Counsel Fees | (250,000.00) | 7,480,203.49 |
| F | ✔ | 4/9/2008 | Check | 20768 | HOWARD SNYDER | Assoc Counsel Fees | (250,000.00) | 7,230,203.49 |
| F | ✔ | 4/9/2008 | Check | 20769 | GIRARDI & KEESE | Costs | (500,000.00) | 6,730,203.49 |
| F | ✔ | 4/17/2008 | Check | | | Net Recovery Rezulin | (86,770.29) | 6,643,433.20 |
| F | ✔ | 4/17/2008 | Check | | | Net Recovery Rezulin | (2,947.81) | 6,640,485.39 |
| F | ✔ | 4/17/2008 | Check | | | Net Recovery - replace check# 15050 Rezulin | (1,500.00) | 6,638,985.39 |
| F | ✔ | 4/17/2008 | Check | | | Net Recovery - replace check# 17964 Rezulin | (1,500.00) | 6,637,485.39 |
| F | ✔ | 4/17/2008 | Check | | | Net Recovery - replace check# 15514 Rezulin | (1,500.00) | 6,635,985.39 |
| F | ✔ | 4/22/2008 | Check | 20823 | GIRARDI & KEESE | Costs | (500,000.00) | 6,135,985.39 |
| F | ✔ | 4/23/2008 | Check | | | Medical Lien -# 527461209A - ▉▉▉ Rezulin | (104.47) | 6,135,880.92 |
| F | ✔ | 4/23/2008 | Check | | | Net Recovery Rezulin | (56.25) | 6,135,824.67 |
| F | ✔ | 4/23/2008 | Check | | | Net Recovery - On Behalf Of ▉▉▉ Rezulin | (500.00) | 6,135,324.67 |

EXHIBIT 9    052

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page 309

**Case No.:**    **21101**    **REZULIN**

**Status: P**    **05/06/2010**    **Arlen to verify uncleared checks**

| Acct | | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| F | ☑ | 4/23/2008 | Check | 20831 | | Net Recovery - Rezulin | (500.00) | 6,134,824.67 |
| F | ☑ | 4/23/2008 | Check | 20832 | | Net Recovery - Rezulin | (500.00) | 6,134,324.67 |
| F | ☑ | 4/23/2008 | Check | 20833 | | Net Recovery - Rezulin | (25,000.00) | 6,109,324.67 |
| F | ☑ | 4/23/2008 | Check | 20834 | | Net Recovery - Rezulin | (25,000.00) | 6,084,324.67 |
| F | ☑ | 4/23/2008 | Check | 20835 | | Net Recovery - Rezulin | (25,000.00) | 6,059,324.67 |
| F | ☑ | 4/28/2008 | Check | 20849 | DANIEL S. GRUBER | Costs | (250,000.00) | 5,809,324.67 |
| F | ☐ | 4/29/2008 | Check | 20850 | | Medical Lien - Medicaid# 123381154 | (512.95) | 5,808,811.72 |
| F | ☑ | 4/29/2008 | Check | 20851 | | Rezulin Net Recovery - replace check# 20429 & 20428 | (472.80) | 5,808,338.92 |
| F | ☑ | 5/12/2008 | Check | 20870 | GIRARDI & KEESE | Rezulin Costs | (1,324,805.82) | 4,483,533.10 |
| F | ☑ | 5/19/2008 | Check | 20886 | | Net Recovery - | (56,553.55) | 4,426,979.55 |
| F | ☑ | 5/19/2008 | Check | 20892 | | Rezulin Net Recovery - O | (54,553.55) | 4,372,426.00 |
| F | ☑ | 5/21/2008 | Deposit | 1797 | PFIZER INC. | Rezulin Settlement | 1,324,805.82 | 5,697,231.82 |
| F | ☑ | 5/22/2008 | Check | 20898 | SAUNDERS & WALKER | Assoc Counsel Fees | (3,634.62) | 5,693,597.20 |
| F | ☑ | 5/22/2008 | Check | 20899 | SAUNDERS & WALKER | Costs | (4,607.86) | 5,688,989.34 |
| F | ☑ | 6/4/2008 | Check | 20915 | GANCEDO & NIEVES | Assoc Counsel Fees | (429,857.66) | 5,259,131.68 |
| F | ☑ | 6/5/2008 | Check | 20933 | | Net Recovery - Rezulin | (1,500.00) | 5,257,631.68 |
| F | ☑ | 6/5/2008 | Check | 20934 | HACKARD & HOLT | Assoc Counsel Fees | (3,634.62) | 5,253,997.06 |
| F | ☑ | 6/5/2008 | Check | 20935 | HACKARD & HOLT | Rezulin Costs | (148.96) | 5,253,848.10 |
| F | ☑ | 6/18/2008 | Check | 20967 | | Net Recovery - ON BEHALF OF Rezulin | (1,500.00) | 5,252,348.10 |
| F | ☑ | 6/18/2008 | Check | 20968 | | Net Recovery - ON BEHALF OF Rezulin | (1,500.00) | 5,250,848.10 |

EXHIBIT 9    053

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page  310

**Case No.:**    **21101**    **REZULIN**

**Status: P**    **05/06/2010**                **Arlen to verify uncleared checks**

| Acct | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| F | ✔ 6/18/2008 | Check | | | Net Recovery | (6,796.76) | 5,244,051.34 |
| | | | | | Rezulin | | |
| F | ✔ 6/19/2008 | Check | | | Net Recovery 229325853A | (12,375.53) | 5,231,675.81 |
| | | | | | Rezulin | | |
| F | ✔ 6/19/2008 | Check | | | Net Recovery | (16,399.95) | 5,215,275.86 |
| | | | | | Rezulin | | |
| F | ✔ 6/23/2008 | Check | | | Net Recovery - ON BEHALF O | (21,198.99) | 5,194,076.87 |
| | | | | | Rezulin | | |
| F | ✔ 6/23/2008 | Check | | | Net Recovery - ON BEHALF O | (21,199.00) | 5,172,877.87 |
| | | | | | Rezulin | | |
| F | ✔ 6/26/2008 | Check | 20980 | GIRARDI & KEESE | Costs | (1,000,000.00) | 4,172,877.87 |
| F | ✔ 7/2/2008 | Check | 21000 | DANIEL GRUBER | Assoc Counsel Fees | (100,000.00) | 4,072,877.87 |
| | | | | | Rezulin | | |
| F | ✔ 7/2/2008 | Check | 21001 | DANIEL GRUBER | Net Recovery | (115,000.00) | 3,957,877.87 |
| | | | | | Rezulin | | |
| F | ✔ 7/8/2008 | Check | 21002 | HOWARD SNYDER | Assoc Counsel Fees | (100,000.00) | 3,857,877.87 |
| F | ✔ 7/15/2008 | Check | 21010 | GIRARDI & KEESE | Costs | (500,000.00) | 3,357,877.87 |
| F | ✔ 7/21/2008 | Check | | | Net Recovery | (5,172.60) | 3,352,705.27 |
| | | | | | Rezulin | | |
| F | ✔ 7/21/2008 | Check | | | Net Recovery | (16,169.30) | 3,336,535.97 |
| | | | | | Rezulin | | |
| F | ✔ 7/21/2008 | Check | | | Medical Lien - HIC# 556329200B | (5,417.11) | 3,331,118.86 |
| F | ✔ 7/21/2008 | Check | | | Net Recovery | (4,975.23) | 3,326,143.63 |
| | | | | | Rezulin | | |
| F | ✔ 7/21/2008 | Check | | | Net Recovery - | (4,975.22) | 3,321,168.41 |
| | | | | | Rezulin | | |
| F | ✔ 7/21/2008 | Check | | | Net Recovery | (4,975.22) | 3,316,193.19 |
| | | | | | Rezulin | | |
| F | ✔ 7/21/2008 | Check | | | Net Recovery | (3,843.09) | 3,312,350.10 |
| | | | | | Rezulin | | |
| F | ✔ 7/21/2008 | Check | | | Net Recovery | (4,679.61) | 3,307,670.49 |
| | | | | | Rezulin | | |
| F | ✔ 7/21/2008 | Check | | | Net Recovery | (4,679.61) | 3,302,990.88 |
| | | | | | Rezulin | | |

EXHIBIT 9    054

12/14/2021 11:49:40 AM

**Girardi & Keese**

**All Accounts**

**Case Card Register**

Page 313

**Case No.:** 21101    **REZULIN**

**Status: P**    05/06/2010    Arlen to verify uncleared checks

| Acct | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|------|------|-----------|-------------|---------------|-------------|--------|---------|
| F | 7/21/2008 | Check | | | Net Recovery - On Behalf O⬛ | (7,403.84) | 3,067,882.42 |
| | | | | | Rezulin | | |
| F | 7/23/2008 | Check | | | Net Recovery - OBO Dora⬛ | (5,055.78) | 3,062,826.64 |
| | | | | | Rezulin | | |
| F | 7/24/2008 | Check | | | Net Recovery - OB⬛ | (365.35) | 3,062,461.29 |
| | | | | | Rezulin | | |
| F | 7/24/2008 | Check | | | Net Recovery - OB⬛ | (99,308.67) | 2,963,152.62 |
| | | | | | Rezulin | | |
| F | 7/24/2008 | Check | | | Net Recovery - OBO⬛ | (99,308.67) | 2,863,843.95 |
| | | | | | Rezulin | | |
| F | 8/4/2008 | Check | 21104 | GIRARDI & KEESE | Costs | (500,000.00) | 2,363,843.95 |
| F | 8/7/2008 | Check | | | Net Recovery - On⬛ | (1,500.00) | 2,362,343.95 |
| | | | | | Rezulin | | |
| F | 8/7/2008 | Check | | ⬛JOHNSON | Net Recovery - On Behalf O⬛ | (1,500.00) | 2,360,843.95 |
| | | | | | Rezulin | | |
| F | 8/12/2008 | Check | | | Medical Lien - HIC# 491500419A | (14,788.36) | 2,346,055.59 |
| | | | | | Rezulin | | |
| F | 8/12/2008 | Check | | | Net Recovery - On Behalf O⬛ | (24,444.16) | 2,321,611.43 |
| | | | | | Rezulin | | |
| F | 8/14/2008 | Check | 8920 | HINSHAW & CULBERTSON, LLP | Fees - DUFFY, DUFFY, & BURDO⬛ | (1,281,613.14) | 1,039,998.29 |
| | | | | | Rezulin | | |
| F | 8/14/2008 | Check | | | Net Recovery - On Behalf O⬛ | (24,444.15) | 1,015,554.14 |
| | | | | | Rezulin | | |
| F | 8/14/2008 | Check | | | Medical Lien - HIC# 462485172A | (47,115.38) | 968,438.76 |
| | | | | | Rezulin | | |
| F | 8/19/2008 | Check | 21138 | BENSON, BERTOLDO, BAKER & CARTER | Assoc Counsel Fees - $24,644.71 | (36,329.61) | 932,109.15 |
| | | | | | Costs - $11,684.90 | | |
| F | 9/1/2008 | Check | | | Net Recovery | (500.00) | 931,609.15 |
| F | 9/3/2008 | Deposit | 2423 | HINSHAW & CULBERTSON, LLP | Fees - Wire transfer refund | 2,361.54 | 933,970.69 |
| | | | | | Rezulin | | |
| F | 9/3/2008 | Check | | | Net Recovery - On Behalf O⬛ | (57,115.39) | 876,855.30 |
| | | | | | Rezulin | | |
| F | 9/3/2008 | Check | | | Net Recovery - On Behalf O⬛ | (57,115.38) | 819,739.92 |
| | | | | | Rezulin | | |
| F | 9/9/2008 | Check | | | Net Recovery - OBO⬛ | (17,194.63) | 802,545.29 |
| | | | | | Rezulin | | |

EXHIBIT 9    055

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page  314

**Case No.:**     **21101**   **REZULIN**

**Status: P**   **05/06/2010**                **Arlen to verify uncleared checks**

| Acct | | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|------|--|------|-----------|-------------|---------------|-------------|--------|---------|
| F | ✔ | 9/9/2008 | Check | | | Net Recovery - On Behalf ███ Rezulin | (9,729.70) | 792,815.59 |
| F | ✔ | 9/9/2008 | Check | | | Net Recovery - On Behalf ███ Rezulin | (9,729.70) | 783,085.89 |
| F | ✔ | 9/9/2008 | Check | | | Net Recovery - On Behalf ███ Rezulin | (9,729.69) | 773,356.20 |
| F | ✔ | 9/9/2008 | Check | | | Net Recovery - On Behalf ███ Rezulin | (1,888.13) | 771,468.07 |
| F | ☐ | 9/9/2008 | Check | | | Net Recovery - On Behalf ███ Rezulin | (1,888.12) | 769,579.95 |
| F | ✔ | 9/9/2008 | Check | | | Net Recovery - On Behalf ███ Rezulin | (1,888.12) | 767,691.83 |
| F | ✔ | 9/9/2008 | Check | | | Net Recovery - On Behalf ███ Rezulin | (1,888.12) | 765,803.71 |
| F | ✔ | 9/9/2008 | Check | | | Net Recovery - On Behalf ███ Rezulin | (1,888.12) | 763,915.59 |
| F | ✔ | 9/9/2008 | Check | | | Net Recovery - On Behalf ███ Rezulin | (5,000.00) | 758,915.59 |
| F | ✔ | 10/1/2008 | Check | | | Net Recovery Rezulin | (500.00) | 758,415.59 |
| F | ✔ | 10/3/2008 | Check | | | Medical Lien - HIC# 249300055A Rezulin | (14,362.91) | 744,052.68 |
| F | ✔ | 10/3/2008 | Check | | | Medical Lien - HIC# 078340289A Rezulin | (78,739.14) | 665,313.54 |
| F | ✔ | 10/7/2008 | Check | 21215 | GIRARDI & KEESE | Fees | (250,000.00) | 415,313.54 |
| F | ✔ | 10/13/2008 | Check | | | Medical Lien - HIC# 199261764A Rezulin | (53,981.10) | 361,332.44 |
| F | ✔ | 10/13/2008 | Check | | | Medical Lien ███ A Rezulin | (11,344.64) | 349,987.80 |
| F | ✔ | 10/14/2008 | Deposit | 12507 | GRUBER & GRUBER | Net Recovery ref ███ Rezulin | 40,000.00 | 389,987.80 |
| F | ✔ | 10/15/2008 | Check | 21229 | GIRARDI & KEESE | Costs | (1,000,000.00) | (610,012.20) |
| F | ☐ | 10/28/2008 | Check | | | Medical Lien - HIC# 304447190A Rezulin | (11,953.34) | (621,965.54) |
| F | ✔ | 10/28/2008 | Check | | | Net Recovery - CASE# 05-7238U-BHL-7 Rezulin | (63,046.66) | (685,012.20) |

EXHIBIT 9   056

12/14/2021 11:49:40 AM

**Girardi & Keese**

**All Accounts**

**Case Card Register**

Page 316

Case No.:    **21101    REZULIN**

Status: **P    05/06/2010**            **Arlen to verify uncleared checks**

| Acct | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|------|------|-----------|-------------|---------------|-------------|--------|---------|
| F | ☑ 1/30/2009 | Check | | | Net Recovery - replaced check# 18730 | (750.00) | (2,021,395.65) |
| F | ☑ 2/2/2009 | Check | 21433 | LITTLEPAGE BOOTH | Assoc Counsel Fees | (1,750.00) | (2,023,145.65) |
| F | ☑ 2/11/2009 | Check | 21444 | LITTLEPAGE BOOTH | Assoc Counsel Fees | (20,192.31) | (2,043,337.96) |
| F | ☑ 2/13/2009 | Check | | | Net Recovery | (47,500.00) | (2,090,837.96) |
| F | ☑ 2/13/2009 | Check | | | Net Recovery | (80,000.00) | (2,170,837.96) |
| F | ☐ 2/24/2009 | Check | | | | (23,906.67) | (2,194,744.63) |
| F | ☑ 3/12/2009 | Check | 21518 | HINSHAW & CULBERTSON, LLP | Fees | (6,896.25) | (2,201,640.88) |
| F | ☑ 3/13/2009 | Check | 21531 | HINSHAW & CULBERTSON, LLP | Fees | (9,813.12) | (2,211,454.00) |
| F | ☑ 4/7/2009 | Check | 21557 | GACOVINO, LAKE AND ASSOCIATES | Assoc Counsel Fees | (3,702.00) | (2,215,156.00) |
| F | ☑ 4/7/2009 | Check | 21558 | GACOVINO, LAKE AND ASSOCIATES | Assoc Counsel Fees | (48,877.90) | (2,264,033.90) |
| F | ☑ 4/7/2009 | Check | 21559 | GACOVINO, LAKE AND ASSOCIATES | Assoc Counsel Fees | (184,880.00) | (2,448,913.90) |
| F | ☐ 5/20/2009 | Check | | | Medical Lien - HIC# 054303156B | (12,155.45) | (2,461,069.35) |
| F | ☑ 5/20/2009 | Check | | | | (1,190.62) | (2,462,259.97) |
| F | ☑ 5/20/2009 | Check | | | | (9,725.29) | (2,471,985.26) |
| F | ☑ 6/5/2009 | Check | 22167 | LAW OFFICES OF JOSEPH L. BORNSTEIN | Assoc Counsel Fees | (25,756.37) | (2,497,741.63) |
| F | ☑ 8/19/2009 | Check | | | | (1,500.00) | (2,499,241.63) |
| F | ☑ 9/16/2009 | Check | | | | (94.72) | (2,499,336.35) |
| F | ☑ 9/16/2009 | Check | | | | (611.30) | (2,499,947.65) |
| F | ☑ 9/16/2009 | Check | | | | (94.72) | (2,500,042.37) |
| F | ☑ 9/16/2009 | Check | | | | (94.72) | (2,500,137.09) |
| F | ☑ 9/16/2009 | Check | | | | (26,072.09) | (2,526,209.18) |
| F | ☑ 9/16/2009 | Check | | | | (29,031.07) | (2,555,240.25) |
| F | ☑ 9/16/2009 | Check | | | | (2,496.57) | (2,557,736.82) |

EXHIBIT 9    057

12/14/2021 11:49:40 AM

**Girardi & Keese**
**All Accounts**
**Case Card Register**

Page 317

**Case No.:** 21101  **REZULIN**

**Status: P**  05/06/2010     **Arlen to verify uncleared checks**

| Acct | Date | Tran Type | Check/Adj # | Payee / Payor | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| F | ☑ 9/16/2009 | Check | | ████████ | ████████ | (52,942.34) | (2,610,679.16) |
| F | ☑ 9/16/2009 | Check | | ████████ | ████████ | (2,274.95) | (2,612,954.11) |
| F | ☑ 9/16/2009 | Check | | ████████ | ████████ | (18,618.40) | (2,631,572.51) |
| F | ☑ 9/16/2009 | Check | | ████████ | ████████ | (94.72) | (2,631,667.23) |
| F | ☑ 9/16/2009 | Check | | ████████ | ████████ | (2,208.97) | (2,633,876.20) |
| F | ☑ 9/16/2009 | Check | | ████████ | ████████ | (94.72) | (2,633,970.92) |
| F | ☑ 9/16/2009 | Check | | ████████ | ████████ | (66,350.27) | (2,700,321.19) |
| F | ☑ 9/16/2009 | Check | | ████████ | ████████ | (1,354.05) | (2,701,675.24) |
| F | ☑ 10/13/2009 | Check | 22446 | COUNSEL PRESS LLC | Fees | (498.65) | (2,702,173.89) |
| F | ☑ 10/13/2009 | Check | 22447 | HINSHAW & CULBERTSON, LLP | Fees | (37,839.88) | (2,740,013.77) |
| F | ☑ 11/16/2009 | Check | 23037 | KINERK BEAL SCHMIDT DYER & SETHI | Assoc Counsel Fees | (11,510.23) | (2,751,524.00) |
| F | ☑ 11/16/2009 | Check | 23038 | BETTY MCKINNEY | Net Recovery - On Behalf Of Harvey Jackson replace check# 18300 | (5,000.00) | (2,756,524.00) |
| F | ☑ 12/4/2009 | Check | 23127 | D'OLIVEIRA & ASSOCIATES, P.C. | Assoc Counsel Fees | (3,203.83) | (2,759,727.83) |
| F | ☐ 12/11/2009 | Check | 23158 | BAKER, BROWN & DIXON | Assoc Counsel Fees | (1,372.80) | (2,761,100.63) |
| F | ☑ 8/9/2010 | Check | 24753 | THE EICHHOLZ LAW FIRM, P.C. | Assoc Counsel Fees | (38,514.20) | (2,799,614.83) |
| F | ☑ 12/28/2010 | Check | 25311 | Gary Martin Hays & Associates, P.C. | Assoc Counsel Fees | (32,173.00) | (2,831,787.83) |
| T | ☐ 9/3/2014 | Check | 1063█ | ████████ | ████████ | (1,500.00) | (2,833,287.83) |
| T | ☑ 10/27/2014 | Check | | ████████ | Rezulin | (375.00) | (2,833,662.83) |
| | | | | | **Total** | | (2,833,662.83) |

EXHIBIT 9   058

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR ORDER FOR TURNOVER OF PERSONAL PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 25, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ori S Blumenfeld**   ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **Evan C Borges**   eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Larry W Gabriel**   lgabrielaw@outlook.com, tinadow17@gmail.com
- **Craig G Margulies**   Craig@Marguliesfaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Elissa Miller (TR)**   CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- **Ronald N Richards**   ron@ronaldrichards.com, morani@ronaldrichards.com
- **Frank X Ruggier**   frank@ruggierlaw.com, enotice@pricelawgroup.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Timothy J Yoo**   tjy@lnbyb.com

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  January 25, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 25, 2022 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| Date | Printed Name | Signature |

CC 2732792v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**