1  EVAN C. BORGES, State Bar No. 128706
    *EBorges@GGTrialLaw.com*
2  GREENBERG GROSS LLP
   650 Town Center Drive, Suite 1700
3  Costa Mesa, California 92626
   Telephone: (949) 383-2800
4  Facsimile: (949) 383-2801

5  Attorneys for Defendants Erika Girardi, EJ
   Global, LLC, and Pretty Mess, Inc.

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

| | |
|---|---|
| 11  In re | Case No. 2:20-bk-21022-BR |
| 12  GIRARDI KEESE, | Chapter 7 |
| 13           Debtor. | Adv No. 2:21-ap-01155-BR |
| 14 | **PRELIMINARY OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER FOR TURNOVER OF PERSONAL PROPERTY** |
| 15  ELISSA D. MILLER, Chapter 7 Trustee, | |
| 16           Plaintiff, | |
| 17       v. | Hearing: |
| 18  ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation, | Date:    February 15, 2022<br>Time:    2:00 p.m.<br>Judge:   Hon. Barry Russell |
| 19           Defendants. | |
| 20 | |

21        The trustee's motion fails to disclose critical facts and is based on an incomplete

22  investigation into events of approximately 15 years ago in March 2007, when Erika Girardi

23  ("Erika" or "Ms. Girardi") innocently received a gift of earrings from her now-estranged husband,

24  who at the time was extraordinarily wealthy.

25        ***First***, Erika is completely innocent.  Not even the trustee alleges that Erika knew the

26  source of funds that her wealthy husband used to buy her a gift of earrings 15 years ago (which

27  replaced a prior set of earrings bought years prior to that).

28        ***Second***, as the trustee admits, Erika through counsel already has represented in writing that

---

PRELIMINARY OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER FOR TURNOVER OF PERSONAL
PROPERTY

1   pending a full investigation and if there is still a dispute at that point then until entry of a final

2   court order, **Erika will agree and has agreed to hold and not transfer or sell the earrings, to**

3   **maintain the status quo**.  As a showing of good faith, Erika will provide the earrings to a third

4   party escrow to be held in trust pending the trustee finishing her investigation and, if there is a

5   dispute at that point, until a final order is entered determining the parties' rights.

6       ***Third***, the trustee's evidence – which is inadmissible hearsay based on no statement from

7   anyone with personal knowledge, and which amounts to random Girardi Keese ("GK") records

8   that the trustee stated only months ago were in complete disarray and unreliable – casts doubt over

9   the allegation that the GK funds used to pay for the earrings in 2007 were stolen by GK from

10   clients, as opposed to property of GK in the form of fees due.  Specifically, the trustee's

11   "evidence" (the hearsay Rezulin ledger) shows that GK received settlement payments of in excess

12   of **$66,367,911**.  Based on the same ledger, the trustee alleges that GK received total payment of

13   more than **$22.5** million in fees and costs (see motion at 6-7) – that is, approximately 34% of the

14   gross settlement payments.

15       The trustee, however, does not disclose the critical fact of the percentage contingent fee

16   (setting aside costs) due to GK under its fee agreements.  If, for example, the contingent fee

17   percentage was 35%, the total fee due would have been **$23.2** million – that is, more than the

18   amount GK received per the trustee (before even getting to the issue of reimbursement of costs).

19   In other words, on a motion where the trustee bears the burden of proof, it is completely unknown

20   whether the total funds received by GK were otherwise due to it under its fee agreements, in which

21   case the funds would not have been "stolen" and would have been GK property.

22       Weeks ago, counsel for Ms. Girardi requested that the trustee provide at least what the

23   trustee would represent are exemplar fee agreements between GK and its clients in the Rezulin

24   litigation.  The trustee has not provided this information, instead opting to file the motion on

25   minimum notice, in an apparent effort to jam Ms. Girardi and prevent her from conducting

26   discovery in a matter involving events of 15 years ago at a law firm where she had no role.

27       Thus, the hearing on the motion should be continued to allow Ms. Girardi to conduct

28   discovery into the transactions at issue of 15 years ago in which she had no part, but as to which

-2-

1   the trustee, equally without information, is recklessly jumping to conclusions in an effort to make

2   Ms. Girardi responsible for the conduct of others, including her now-estranged husband who is

3   under a court-ordered conservatorship and allegedly mentally incompetent.

4       **Fourth**, the law matters.  The law imposes statutes of limitations for compelling public

5   policy reasons, including the difficulty in locating reliable documents and testimony a decade and

6   a half after the fact.  Most importantly, the trustee completely ignores well-established law that **the**

7   **trustee stands in the shoes of GK including when it comes to knowledge of past events and**

8   **past conduct (good or bad) of GK**.  Factually, one of two scenarios is true:  either (1) the funds

9   that GK used to buy the earrings in 2007 were funds to which GK otherwise was entitled as fees,

10  or (2) the funds were client property.  In either event, however, the prior knowledge of GK

11  (including through TG and through GK's partner Mr. O'Callahan, who also signed the check in

12  question) is imputed by law to the trustee, which eviscerates application of any "delayed

13  discovery" rule.  Thus, the GK trustee's claim in 2022 to earrings bought by GK 15 years ago in

14  2007 (using a check signed by two of the firm's partners) is time-barred by statutes of limitation as

15  well as statutes of repose.[1]

16  _____

17      [1] Specifically, when a trustee brings an action to recover property of the estate the trustee
    "stands in the shoes" of the debtor.  *Stratton v. Sacks*, 99 B.R. 686, 692 (D.Md.1989).  Thus, the

18  trustee has no rights greater than the debtor and is subject to the same defenses, including statutes
    of limitation.  Accordingly, the debtor's knowledge is imputed to the trustee when calculating the

19  statute of limitations.  *In re Stotz Fredenhagen Indus., Inc.*, 554 B.R. 777, 783 (Bankr.D.S.C.

20  2016) ("[t]herefore, **the relevant inquiry for determining when the statute of limitations**
    **begins to run is 'not when [the trustee] learned sufficient facts but rather when the [debtors]**

21  **acquired sufficient knowledge to put them on notice.'**"). (emphasis added).  Further, the earring
    transaction indisputably occurred fifteen (15) years ago, which falls well outside California's

22  statute of repose.  *See* Cal. Civ. Code 3439.09, subd. (c) ("*Notwithstanding any other provision of*
    *law*, a cause of action under this chapter with respect to a transfer or obligation is extinguished if

23  no action is brought or levy made within seven years after the transfer was made or the obligation
    was incurred.").  Critically, the statute of repose is *absolute*, meaning, the statute *cannot be tolled*,

24  and, therefore, the trustee's action to recover the earring transfer is time-barred.  *Internet Direct*

25  *Response, Inc. v. Buckley*, No. SA CV 09-1335 ABC, 2011 WL 835607, at *6 (C.D. Cal. Mar. 7,
    2011) ("This seven-year period is absolute, so it cannot be tolled or otherwise

26  extended")(collecting cases); *In re JMC Telecom LLC*, 416 B.R. 738, 742–44 (C.D.Cal.2009) )
    (section 3439.09(c) cannot be tolled by equitable tolling or estoppel); *Macedo v. Bosio*, 86

27  Cal.App.4th 1044, 1050 (2001) fn. 4 ("[W]e think that, by its use of the term
    '[n]otwithstanding any other provision of law,' the Legislature clearly meant to provide an

28  overarching, all-embracing maximum time period to attack a fraudulent transfer.")

***Fifth***, the trustee should facilitate and not avoid full transparency, both as to the pre-bankruptcy conduct of GK *and* the post-bankruptcy administration of GK by the trustee. Under bankruptcy law, and as enforced by the DOJ's Office of the United States Trustee, a bankruptcy estate must be transparent to ensure integrity of the system. A federal bankruptcy trustee has the highest of fiduciary duties, and at a bare minimum, must comply with **all** applicable laws. Recently, Erika through counsel raised with counsel for the trustee whether, in fact, the trustee has administered the affairs of the debtor, a law firm, in accordance with governing law. After Erika first raised these issues in a different context, the trustee fired her prior special litigation counsel, Ronald Richards. Next, after Erika raised the same issues on Friday January 21, 2022, the trustee filed her motion. Erika will not be silenced.

Erika, a non-attorney who had no role in managing GK, should not have to be the one arguing for full investigations and discovery into what GK did in the past. Erika has agreed to maintain the status quo, and will deliver the earrings to a third party escrow to avoid any false urgency. The trustee seeks to blame Erika for events of 15 years ago at a law firm in which Erika had no part. The motion is about a gift of earrings a wife innocently received 15 years ago from her now-estranged and then-extraordinarily wealthy husband, as a replacement for a prior set of earrings gifted to her years prior. Statutes of limitations and statutes of repose exist for sound policy reasons. Erika has an absolute right to conduct discovery on the motion, whether within the adversary or if it is deemed a contested matter, which requires a continuance of the hearing while maintaining the status quo.

DATED: January 26, 2022                    GREENBERG GROSS LLP


By: _____
Evan C. Borges
Attorneys for Defendants Erika Girardi, EJ Global,
LLC, and Pretty Mess, Inc.

PRELIMINARY OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER FOR TURNOVER OF PERSONAL PROPERTY

1

# PROOF OF SERVICE OF DOCUMENT

2   I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business
address is:

3

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

4

5   A true and correct copy of the foregoing document entitled (*specify*):  ***PRELIMINARY OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER FOR TURNOVER OF PERSONAL PROPERTY*** will be served
6   or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

7

8   **1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to
controlling General Orders and LBR, the foregoing document will be served by the court via NEF and
hyperlink to the document. On **January 26, 2022**, I checked the CM/ECF docket for this bankruptcy case or
9   adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to
receive NEF transmission at the email addresses stated below:

10

11                                   ☒       Service information continued on attached page

12   **2.  SERVED BY UNITED STATES MAIL**:
On _____ I served the following persons and/or entities at the last known addresses in this
13   bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope
in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
14   constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the
document is filed.

15

16                                   ☐       Service information continued on attached page

17   **3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)
18   **January 26, 2022**, I served the following persons and/or entities by personal delivery, overnight mail
service, or (for those who consented in writing to such service method), by facsimile transmission and/or
19   email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight
mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

20

21                                   ☒       Service information continued on attached page

22   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

23    January 26, 2022   Cheryl Winsten
       *Date*                *Printed Name*              *Signature*

24

25

26

27

28

PRELIMINARY OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER FOR TURNOVER OF PERSONAL
PROPERTY

**In re GIRARDI KEESE**
Case No. 2:20-bk-21022-BR
**Elissa D. Miller. Chapter 7 Trustee v. Erika N. Girardi, et al.**
Case No. 2:21-ap-01155-BR

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ori S Blumenfeld**    ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com; Vicky@MarguliesFaithLaw.com

- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com

- **Larry W Gabriel**    lgabrielaw@outlook.com, tinadow17@gmail.com

- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com

- **Elissa Miller (TR)**    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com

- **Frank X Ruggier**    frank@ruggierlaw.com, enotice@pricelawgroup.com

- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

- **Timothy J Yoo**    tjy@lnbyb.com

3.    **SERVED BY PERSONAL DELIVERY:**

**U.S. Bankruptcy Court:**
U.S. Bankruptcy Court
Hon. Barry Russell
255 E. Temple Street, Suite 1668
Los Angeles, CA 90012

PRELIMINARY OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER FOR TURNOVER OF PERSONAL PROPERTY