1 | EVAN C. BORGES, State Bar No. 128706
    *EBorges@GGTrialLaw.com*
2 | GREENBERG GROSS LLP
    650 Town Center Drive, Suite 1700
3 | Costa Mesa, California 92626
    Telephone: (949) 383-2800
4 | Facsimile: (949) 383-2801

5 | Attorneys for Defendants Erika Girardi, Pretty Mess, Inc., and EJ Global, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>Adv No. 2:21-ap-01155-BR |
| ELISSA D. MILLER, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation,<br><br>Defendants. | **JOINT STIPULATION AND [PROPOSED] ORDER RE: (1) HOLDING DISPUTED PROPERTY IN TRUST SUBJECT TO MUTUAL RESERVATION OF RIGHTS AND PENDING FINAL COURT ORDER; AND (2) CONTINUANCE OF HEARING TO ALLOW FOR DISCOVERY**<br><br><u>Current hearing:</u><br>Date: February 15, 2022<br>Time: 2:00 p.m.<br><br><u>Agreed continued hearing:</u><br>Date: May 17, 2022<br>Time: 2:00 p.m.<br><br>Judge: Hon. Barry Russell |

JOINT STIPULATION AND [PROPOSED] ORDER

Plaintiff Elissa D. Miller, Chapter 7 trustee ("Trustee") and defendant Erika Girardi ("Ms. Girardi") (collectively the "Parties"), by and through their undersigned counsel, and subject to the approval of this Court, enter into this *Joint Stipulation and [Proposed] Order Re: (1) Holding Disputed Property in Trust Subject to Mutual Reservation of Rights and Pending Final Court Order; and (2) Continued Hearing Date to Allow for Discovery* ("Stipulation"), based upon the following facts:

    A.    On July 14, 2021, the Trustee commenced the above-referenced adversary action against Ms. Girardi, EJ Global LLC, and Pretty Mess, Inc. (the "Adversary Action") [ECF Doc. 1];

    B.    On January 25, 2022, the Trustee filed in the Adversary Action a *Notice of Motion and Motion for Order for Turnover of Personal Property* [ECF Doc. 28], which seeks an Order compelling the turnover by Ms. Girardi of certain diamond earrings (the "Earrings") acquired in approximately March 2007 (the "Earrings Motion").

    C.    On January 26, 2022, Ms. Girardi filed a *Preliminary Opposition* to the Earrings Motion [ECF Doc. 31], arguing that the claims in the Earrings Motion are time-barred, affirming her willingness to deposit the Earrings into an escrow subject to a mutual reservation of rights and pending a final court order, and requesting a continuance of the hearing date to be able to conduct discovery into the underlying facts prior to a decision on the Earrings Motion.

    D.    The Trustee has reviewed the Preliminary Opposition, and after discussions between counsel and subject to the approval of the Court, the Parties hereby stipulate as follows:

## STIPULATION

1.    The terms of this Stipulation are subject to an order of this Court approving same.

2.    Subject to a mutual reservation of all rights and claims as between the Parties related to the Earrings, and without affecting those rights and claims in any way, to maintain the status quo, Ms. Girardi agrees that, within 5 days of entry of the order approving this Stipulation, she will deliver to the Trustee the Earrings for safekeeping and preservation, and the Trustee agrees to hold the Earrings in trust pending a final, non-appealable order from this Court regarding the rights of the Parties to the Earrings.

3. During the time the Trustee is in possession and control of the Earrings, the Trustee may obtain appraisals as to the value of the Earrings, and will make the Earrings available for appraisal within seven days of any written request made by Ms. Girardi through counsel. Except when obtaining or allowing appraisals, the Trustee will store the Earrings in a safe-deposit box with a national banking institution such as East West Bank, Bank of America or Wells Fargo Bank.

4. To allow Ms. Girardi (and the Trustee) to conduct discovery related to the Earrings Motion, the hearing on the Earrings Motion shall be continued for three months to May 17, 2022 if that date works with the Court's calendar, or to some other date thereafter as ordered by the Court. (the "Continued Hearing Date").

5. Ms. Girardi shall have the right to file a supplemental Opposition to the Earrings Motion, which must be filed and served at least 14 calendar days prior to the Continued Hearing Date. The Trustee's reply papers, if any, shall be filed and served 7 calendar days prior to the Continued Hearing Date.

6. The Parties understand that the bankruptcy trustee for the estate of Thomas V. Girardi (the "TG Trustee"), Jason Rund, has asserted an interest in the Earrings. The Parties agree that this Stipulation does not affect the TG Trustee's claims, and that the TG Trustee's rights and claims, as well as the rights and claims of the Parties with respect to the TG Trustee, are specifically reserved.

IT IS SO STIPULATED.

DATED: February 1, 2022         SMILEY WANG-EKVALL, LLP

                                By: _____
                                    Philip E. Strok
                                    Kyra E. Andrassy
                                    Timothy W. Evanston
                                    Attorneys for Elissa D. Miller, Chapter 7 Trustee

DATED: February 1, 2022          JENKINS MULLIGAN & GABRIEL LLP

By: _____
Larry W. Gabriel
Special Litigation Counsel to
Elissa D. Miller, Chapter 7 Trustee


DATED: February 1, 2022          GREENBERG GROSS LLP

By: _____
Evan C. Borges
Attorneys for Defendants Erika N. Girardi, Pretty Mess, Inc., and EJ Global, LLC

**ORDER**

Pursuant to the foregoing Stipulation, and good cause appearing, the Court hereby ORDERS that:

1. Subject to a mutual reservation of all rights and claims as between the Parties related to the Earrings, and without affecting those rights and claims in any way, to maintain the status quo, Ms. Girardi shall, within 5 days of entry of this Order approving this Stipulation, deliver to the Trustee the Earrings for safekeeping and preservation, and the Trustee shall hold the Earrings in trust pending a final, non-appealable order from this Court regarding the rights of the Parties to the Earrings. As used herein, a "final, non-appealable court order" means a court order that is final and no longer appealable either as a result of all time periods in which to appeal having expired without any appeal having been filed, or as a result of affirmance, reversal or modification of such court order after all available appellate rights of the Parties have been exhausted and any and all appeals decided.

2. During the time the Trustee is in possession and control of the Earrings, the Trustee may obtain appraisals as to the value of the Earrings, and will make the Earrings available for

appraisal within seven days of any written request made by Ms. Girardi through counsel.  Except when obtaining or allowing appraisals, the Trustee will store the Earrings in a safe-deposit box with a national banking institution such as East West Bank, Bank of America or Wells Fargo Bank.

     3.     To allow Ms. Girardi (and the Trustee) to conduct discovery related to the Earrings Motion, the hearing on the Earrings Motion shall be continued for three months to May 17, 2022, at 2:00 p.m. before this Court, or to such date thereafter that the Court now sets as _____ at __ p.m./a.m. (the "Continued Hearing Date").

     4.     Ms. Girardi shall have the right to file a supplemental Opposition to the Earrings Motion, which must be filed and served at least 14 calendar days prior to the Continued Hearing Date.  The Trustee's reply papers, if any, shall be filed and served 7 calendar days prior to the Continued Hearing Date.

     5.     The Parties have informed the Court that bankruptcy trustee for the estate of Thomas V. Girardi, Case No. 2:20-bk-21020-BR  (the "TG Trustee"), Jason Rund, has asserted an interest in the Earrings.  This Order does not affect the TG Trustee's claims, and the TG Trustee's rights and claims, as well as the rights and claims of the Parties with respect to the TG Trustee, are specifically reserved.

DATED: February ___, 2022

_____
Hon. Barry Russell
United States Bankruptcy Court Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): ***JOINT STIPULATION AND [PROPOSED] ORDER RE:  (1) HOLDING DISPUTED PROPERTY IN TRUST SUBJECT TO MUTUAL RESERVATION OF RIGHTS AND PENDING FINAL COURT ORDER; AND (2) CONTINUANCE OF HEARING TO ALLOW FOR DISCOVERY*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 1, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **February 1, 2022,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 1, 2022 | Cheryl Winsten | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**In re GIRARDI KEESE**
Case No. 2:20-bk-21022-BR
**Elissa D. Miller. Chapter 7 Trustee v. Erika N. Girardi, et al.**
Case No. 2:21-ap-01155-BR

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ori S Blumenfeld**    ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com; Vicky@MarguliesFaithLaw.com

- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com

- **Larry W Gabriel**    lgabrielaw@outlook.com, tinadow17@gmail.com

- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com

- **Elissa Miller (TR)**    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com

- **Frank X Ruggier**    frank@ruggierlaw.com, enotice@pricelawgroup.com

- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

- **Timothy J Yoo**    tjy@lnbyb.com

**2.    SERVED BY U.S. MAIL:**

**U.S. Bankruptcy Court:**
U.S. Bankruptcy Court
Hon. Barry Russell
255 E. Temple Street, Suite 1668
Los Angeles, CA 90012