EVAN C. BORGES, State Bar No. 128706
 *EBorges@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Defendants Erika Girardi
EJ Global, LLC, and Pretty Mess, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>　　　　Debtor.<br><br>ELISSA D. MILLER, Chapter 7 Trustee,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation,<br><br>　　　　Defendants. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>Adv No. 2:21-ap-01155-BR<br><br>**JOINT STATUS CONFERENCE REPORT OF PARTIES ON:**<br><br>**(1) THE DISTRICT COURT'S *ORDER REVERSING IN PART THE ORDER OF THE BANKRUPTCY COURT AND REMANDING FOR FURTHER PROCEEDINGS, ETC*. (DOC. 35; FILED 5/1/23) (THE "REMAND ORDER"); AND**<br><br>**(2) PRE-TRIAL CONFERENCE**<br><br>**<u>Status Conference and Pre-Trial Conference</u>**<br>Date:　　September 19, 2023<br>Time:　　10:00 a.m.<br>Ctrm:　　1668<br><br>Judge:　　Hon. Barry Russell |

　　　　Plaintiff Elissa D. Miller, chapter 7 trustee of debtor Girardi Keese ("GK") (the "Trustee" or "Plaintiff") and defendants Erika Girardi ("Ms. Girardi"), EJ Global, LLC ("EJ Global"), and Pretty Mess, Inc. ("PMI," and together with Ms. Girardi and EJ Global, "Defendants") (collectively the "Parties"), by and through their attorneys of record, hereby submit this combined Joint Status Report ("JSR") on:  (1) the Status Conference set by this Court on the District Court's *Order Reversing in*

*Part the Order of the Bankruptcy Court and Remanding for Further Proceedings,* etc. [DC Dkt. No. 35, filed 5/1/2023] (the "Remand Order"); and (2) the Parties' Pre-Trial Conference, for the Court's consideration.

## I. JSR RE REMAND ORDER AND REQUEST OF PARTIES FOR A BRIEFING SCHEDULE.

On May 1, 2023, the District Court issued its Remand Order. In the Remand Order, the District Court made the following determinations:

(1) Ms. Girardi had standing to prosecute the appeal;

(2) The appeal was not equitably moot;

(3) The Trustee's motion (the "Turnover Motion"), which led to the issuance of this Court's July 11, 2022 Order (the "Turnover Order") was not barred by the statute of limitations or the statute of repose; and

(4) In the Turnover Motion, the Trustee had not met her burden to show that the funds used in 2007 to purchase the earrings at issue (the "Earrings") were the property of the GK estate due to commingling.

Based on the foregoing, the District Court reversed the Turnover Order, in part, and remanded the matter for further proceedings in which the Trustee would bear the burden of proof on the commingling issue. [Remand Order at 13-14].

On August 23, 2023, this Court entered an Order granting the Trustee's *Motion for Order: (A) Authorizing the Trustee to Close and Consolidate the Trust and IOLTA Bank Accounts; (B) Confirming the Banks' Authority as to the Minors Blocked Bank Accounts Pursuant to 11 U.S.C. §721; and (C) Abandoning the Citibank Bank Account Pursuant to 11 U.S.C. §554* (the "Consolidation Order"). [Motion, BK Dkt. No. 1785; Order, BK Dkt. No. 1898]. The Court also overruled Ms. Girardi's Opposition to the Trustee's motion. [BK Dkt. No. 1805].

Based upon the foregoing, the Parties request that the Court set a briefing schedule to address the following legal issues raised by the Remand Order and the Consolidation Order:

1. Whether the Consolidation Order is issue determinative and preclusive of the commingling issue addressed by the Remand Order.

2. If so, whether a partial judgment should be entered in favor of the Trustee on the Turnover Motion, including a determination that the Trustee is entitled to keep the proceeds of the sale of the Earrings.

3. If the Consolidation Order is not issue determinative of the commingling issue that is the subject of the Remand Order, whether, based upon the Remand Order, Ms. Girardi has standing to pursue her rights to the proceeds of the sale of the Earrings, notwithstanding the District Court's Remand Order to the contrary.

The Parties agree that the foregoing are "threshold" issues that must be decided before the Parties proceed to address further on remand the commingling issue described in the Remand Order. Among other things, such further proceedings may require additional discovery and the retention of expert witnesses to present the commingling issue to this Court for consideration. The Parties reserve all rights to pursue or object to further discovery on the comingling issue on remand.

## II.  JSR RE PRE-TRIAL CONFERENCE.

The Parties have worked diligently to prepare a Joint Pre-Trial Stipulation and have exchanged drafts of a proposed Pre-Trial Stipulation and Order thereon, as well as an initial witness list and exhibit list. Counsel for the Parties has met and conferred numerous times to discuss the admitted and disputed issues of fact and law in this adversary proceeding on the Parties' contentions, claims, and defenses. Through this process, the Parties recognized that the issues presented by the Remand Order should be addressed in the first instance, prior to presenting a proposed Joint Pre-Trial Stipulation and Order thereon for the Court's consideration.

## III.  CONCLUSION.

Based on the foregoing, the Parties request that the Court set a briefing schedule to address by motion the issues presented by the Remand Order and that the Court continue the date of the Final Pre-Trial Conference to a date 30 days after the Court decides the above-described issues presented by the Remand Order.

| | | |
|---|---|---|
| 1 | DATED: September 5, 2023 | JENKINS MULLIGAN & GABRIEL LLP |

By: _/s/ Larry W. Gabriel_____
Larry W. Gabriel
Special Litigation Counsel to
Plaintiff Elissa D. Miller, Chapter 7 Trustee

DATED: September 5, 2023          GREENBERG GROSS LLP

By: _/s/ Evan C. Borges_____
Evan C. Borges
Attorneys for Defendants Erika Girardi, EJ Global, LLC, and Pretty Mess, Inc.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): ***JOINT STATUS CONFERENCE REPORT OF PARTIES ON: (1) THE DISTRICT COURT'S ORDER REVERSING IN PART THE ORDER OF THE BANKRUPTCY COURT AND REMANDING FOR FURTHER PROCEEDINGS, ETC. (DOC. 35; FILED 5/1/23) (THE "REMAND ORDER"); AND (2) PRE-TRIAL CONFERENCE*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 5, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 5, 2023,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 5, 2023 | Cheryl Winsten | /s/ Cheryl Winsten |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**In re GIRARDI KEESE**
Case No. 2:20-bk-21022-BR
**Elissa D. Miller. Chapter 7 Trustee v. Erika N. Girardi, et al.**
Case No. 2:21-ap-01155-BR

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ori S Blumenfeld**   oblumenfeld@laklawyers.com, nlessard@laklawyers.com;smcfadden@laklawyers.com
- **Evan C Borges**   eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Alan W Forsley**   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Larry W Gabriel**   lgabrielaw@outlook.com, tinadow17@gmail.com
- **Daniel A Lev**   daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Craig G Margulies**   Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Elissa Miller (TR)**   CA71@ecfcbis.com, MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Frank X Ruggier**   frank@ruggierlaw.com
- **Amir Shakoorian**   AShakoorian@GGTrialLaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Timothy J Yoo**   tjy@lnbyb.com

**3. SERVED BY PERSONAL DELIVERY:**

**U.S. Bankruptcy Court:**
U.S. Bankruptcy Court
Hon. Barry Russell
255 E. Temple Street, Courtroom 1668
Los Angeles, CA 90012

JOINT STATUS CONFERENCE REPORT