LARRY W. GABRIEL [SBN 68329]
JENKINS MULLIGAN & GABRIEL LLP
585 Lorna Lane
Los Angeles, CA 90049
Telephone: 818.943.8992
Email:     lgabrielaw@outlook.com

Special Litigation Counsel for Plaintiff
Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>           Debtor.<br><hr>ELISSA D. MILLER, Chapter 7 Trustee,<br><br>           Plaintiff,<br><br>      v.<br><br>ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation,<br><br>           Defendants. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>Adv No. 2:21-ap-01155-BR<br><br>**JOINT PRE-TRIAL STIPULATION**<br><br>**Current Pre-Trial Conference Date:**<br><br>Date:  January 28, 2025<br>Time:  10:00 a.m.<br>Place: Courtroom 1668<br>           Roybal Federal Building<br>           255 E. Temple Street<br>           Los Angeles, CA 90012<br><br>Judge:  Hon. Barry Russell |

Plaintiff Elissa D. Miller, Chapter 7 Trustee ("Trustee") of the Estate of Girardi Keese ("Girardi Keese" or "Debtor") and Defendants Erika N. Girardi ("Ms. Girardi"), EJ Global, LLC, and Pretty Mess, Inc. (collectively "Defendants" and, together with Trustee, the Debtor, Girardi Keese, and Ms. Girardi, the "Parties"), by and through their counsel of record, and pursuant to Rule 7016 of the Federal Rules of Bankruptcy Procedure and Local Rule 7016-1, submit the following joint pre-trial stipulation of the Parties:

1. **Joint Request Of Parties For Order Withdrawing The Reference Of This Adversary Proceeding At This Time**

The Court previously advised the Parties of the Court's practice, when withdrawal of the reference is appropriate or required, to enter an Order so providing upon conclusion of the pre-trial conference. Plaintiff's operative pleading in this adversary proceeding is a *First Amended Complaint, etc.* (Dkt. 12; filed 8/26/21) (the "FAC"). Defendants' operative pleading is an *Answer and Demand for Jury Trial* (Dkt. 20; filed 11/1/21) (the "AFAC"). In the AFAC, based on the causes of action in the FAC, including but not limited to fraudulent conveyance claims, Defendants requested a jury trial in the District Court, and did not consent to a jury trial before or entry of final judgment by the Bankruptcy Court. *See* AFAC at ¶ 1, and Demand for Jury Trial at page 18 of 20.

Based on the FAC and the AFAC, the Parties agree that, as a matter of law, withdrawal of the reference of this adversary proceeding is required and appropriate at this time.

The Parties request that in the interests of judicial economy and efficiency, this Court enter an Order now advising the District Court that withdrawal of the reference of this adversary proceeding is required and appropriate at this time. Among other things, this adversary proceeding will move forward more efficiently if the reference is withdrawn at this time, given that the District Court has different Local Rule requirements relating to a final pre-trial conference and the conduct of a jury trial before the District Court, including without limitation with respect to the Parties' submission of agreed and disputed jury instructions and special verdict forms for decision by the District Court. The Parties are prepared to comply with the District Court's Local Rule requirements applicable to a future pre-trial conference set by the District Court, and request that, upon withdrawal of the reference, the District Court set a status conference to address the timing of the final pre-trial conference under the District Court Local Rules and the jury trial.

In sum, withdrawal of the reference by the District Court of this adversary proceeding at this time will promote efficiency, judicial economy, and allow for a jury trial and final adjudication to occur more quickly consistent with the Local Rules and requirements of the District Court for jury trials.

**2. Preliminary Statement/Background/Issues**

**A. Preliminary Statement and Background**

This is an action brought by Plaintiff Elissa D. Miller ("Trustee") in her capacity as the trustee of the Estate of Girardi Keese ("Girardi Keese" or "Debtor"), a law firm which was managed and operated by Thomas V. Girardi ("Mr. Girardi") against his estranged spouse, Erika N. Girardi (Ms. Girardi)[1] and two business entities, EJ Global, LLC, and Pretty Mess, Inc. that are solely owned by Ms. Girardi. By this action, the Trustee seeks to recover over $24 million paid by the Debtor between 2007 and 2020 for expenses of EJ Global, LLC and/or Ms. Girardi. The payments were accounted for on the Debtor's books and records as an inter-company debt "due from" EJ Global, LLC, which the Trustee alleges is the alter ego of Ms. Girardi.

**B. Issues To Be Tried**

The issues to be tried are framed by the Trustee's First Amended Complaint ("FAC") [Dkt. 12] and the Defendants' Answer to the FAC ("AFAC") [Dkt. 20]

The claims presented in the FAC are for: 1) Declaratory Relief; (2) Turnover of Property of the Estate (11 U.S.C. § 542) ; (3) Avoidance and Recovery of Fraudulent Transfers; (4) Conversion; (5) Constructive Trust; (6) Account Stated; (7) Open Book; (8) Money Had and Received; (9) Unjust Enrichment; and (10) Accounting.

The Defendants have denied any liability and asserted sixteen (16) affirmative defenses.

**1. Plaintiff's Position**:

Ms. Girardi, individually, used Mr. Girardi's personal American Express credit cards to pay for the expenses she incurred in pursuit for her entertainment career. In addition, the Debtor paid all of the Defendants' billings/invoices incurred by the Defendants for services obtained or products purchased by Ms. Girardi in the pursuit of her entertainer/actor/singer/writer career. The American Express charges and invoices incurred by Ms. Girardi were paid for by the Debtor and were recorded on the Debtor's books and records as advances (loans). The amount advanced

---

[1] It is undisputed that on November 3, 2020, Ms. Girardi filed an action for divorce, separated from Mr. Girardi and has been separated from him since that time. The divorce has not been finalized due to the automatic stay in Mr. Girardi's separate Chapter 7 bankruptcy case.

1  exceeded Twenty-four million dollars ($24,000,000). The Trustee further contends that the two
2  corporate defendants were and are mere shells and the alter-ego of Ms. Girardi, and therefore Ms.
3  Girardi is personally obligated for all obligations owed by the two corporate defendants to the
4  Debtor.  The Trustee also contends that Ms. Girardi knowingly and willingly participated in Mr.
5  Girardi's criminal enterprise and the money used to pay her business expenses were monies from
6  that criminal enterprise.  Finally, the Trustee contends that the Court's findings of fact and
7  conclusions of law approving the Trustee's Turnover Motion [Dkt. # 28 (Motion); Dkt. # 137
8  (Order) entered into in this adversary proceeding is *res judicata*/law of the case.

### 2. Defendants' Position:

Defendants contend that the Debtor's above-referenced payments at issue, by express design of Girardi Keese, were booked and accounted for solely as an alleged debt of EJ Global, LLC, not an individual liability or debt of Ms. Girardi.  Girardi Keese was comprised of attorneys who fully understood the difference between a debt owing by a limited liability company, as opposed to an individual debt owed by an interest holder in a limited liability company, such as Ms. Girardi.  No promissory note exists to memorialize the alleged debt owing to Girardi Keese by EJ Global, LLC; and Girardi Keese was fully capable of preparing such a written memorialization of EJ Global, LLC's alleged debt obligation but never did so.  Further, no promissory note, writing, or other evidence exists that Ms. Girardi at any time agreed to undertake any personal liability or debt to Girardi Keese, based upon the transactions that gave rise to the alleged receivable booked by Girardi Keese as owing to it by **only** EJ Global, LLC.  Accordingly, Ms. Girardi has no individual liability and no evidence exists that she ever undertook or agreed to such an individual liability.  Rather, the only evidence is that sophisticated attorneys of Girardi Keese structured, accounted for, and characterized the alleged debt at issue as one owing only by a limited liability company, EJ Global, LLC.

The Trustee's above-referenced accusations that Ms. Girardi knowingly and willingly participated in a criminal enterprise are false, not supported by any evidence whatsoever, malicious, and should be stricken.  Not even the federal prosecutors in Mr. Girardi's recent criminal trial (where neither side called Ms. Girardi as a witness) alleged that Ms. Girardi did

anything wrong at any time, including in connection with Girardi Keese's payments of EJ Global, LLC's expenses. This payment structure was put in place **solely** by Mr. Girardi, Girardi Keese, and outside accountants retained by them. Ms. Girardi's only mistake was trusting her then-husband, an ostensibly successful and sophisticated attorney. Disturbingly, the Trustee's accusations are nowhere to be found in the Trustee's operative pleading, the FAC; and the Trustee and her counsel are fully aware that the allegations are wholly irrelevant to any claim or defense in this adversary proceeding. Nonetheless, and despite the demand by counsel for Ms. Girardi that the above specious allegations be removed, the Trustee and her counsel have insisted on including in this pre-trial stipulation defamatory statements with no basis in fact. Ms. Girardi can only deduce that the Trustee is retaliating against her for having questioned and challenged prior actions of the Trustee in this bankruptcy case.

### 3. Areas of Discovery

All non-expert discoveries have been completed. As noted below, the Parties have agreed to designate expert witnesses 60 days prior to the trial date set by the District Court and to complete expert discovery within 20 days of trial.

### 4. Trial Estimate

Plaintiff does not request a jury trial. Assuming a jury trial, Plaintiff estimates a 5 day jury trial. As noted above, Defendants have demanded a jury trial in District Court. Defendants estimate a 10-day jury trial.

### 5. Expert Witnesses

The Parties agree to designate expert witnesses 60 days prior to trial and to complete discovery within 20 days of trial.

The Parties agree that they may amend or supplement their Witness List and/or Exhibit List prior to filing their Pre-Trial Stipulation before the District Court in accordance with the District Court's local rules. Current versions of the Parties' Witness List and Exhibit List are attached hereto as Appendix 1 and Appendix 2. In addition, the Parties will prepare a Pre-Trial Stipulation in accordance with the requirements of the District Court upon withdrawal of the reference.

1 | Dated: January 14, 2025

Respectfully Submitted,

JENKINS MULLIGAN & GABRIEL LLC

By: _____
Larry W. Gabriel
Special Litigation Counsel for Plaintiff Elissa D. Miller, Chapter 7 Trustee, Estate of Girardi Keese

DATED: January 14, 2025

GREENBERG GROSS LLP

By: _____
Evan C. Borges
Attorneys for Defendants Erika Girardi, EJ Global, LLC, and Pretty Mess, Inc.

# **APPENDIX 1**

**[WITNESS LIST]**

A. **PLAINTIFFS:**

1. Erika Girardi:  Adverse Witness
2. Elissa D. Miller
3. Nicholas R. Troszak
4. Experts to be disclosed pursuant to the Parties' stipulation set forth herein

B. **DEFENDANTS:**

1. Erika Girardi
2. Elissa D. Miller:  Adverse Witness
3. Experts to be disclosed pursuant to the Parties' stipulation set forth herein

# APPENDIX 2

# [JOINT EXHIBIT LIST]

| Exh/Tab | |
|---|---|
| 1. | Deposition Transcript: Erika Girardi Vol. I  8.4.2022 |
| 2. | Deposition Transcript: Erika Girardi 10.19.2022 |
| 3. | Settlement Agreement between Marston & Marston re Lottery Payments. June 2012 |
| 4. | Stipulation and Order Authorizing California Lottery Winnings & Final Dismissal of Action. 8.02.2012 |
| 5. | Ronald Richards Letter to Peter Marstan, c/o Dinsmore & Shohl, LLP demanding turnover of lottery payments. 6.10.2021 |
| 6. | Evan Borges Letter re Agreement re Lottery Payments: 6.28.2021 |
| 7. | Ronald Richard's Demand Letter for $25,559,226.  10 8.18.2021 |
| 8. | Schedule C, IRS Form 1040, 2018, Attachment 9. |
| 9. | Schedule C, IRS Form 1040, 2017, Attachment 9. |
| 10. | Check: GK Client Trust Acct to M&M $750,000.00 -Payment for Earrings: 03.02.2007 |
| 11. | Rezulin Case Card Register: 5.06.2010 |
| 12. | Declaration of Ared Michael Menzilcian: 6.27.2012 |
| 13. | Girardi Letter to Ms. Xin Xu, Franchise Tax Bd re earrings. 7.06.2012 |
| 14. | Summary of Net Payments Charged to EJ Global Receivable Account   for period 2008-2020 |
| 15. | Cash Sources and Uses Summary  For Period December 19, 2013 through December 18, 2020. |
| 16. | Cash Payee Summary For Period December 19, 2013 thru December 18, 2020. |
| 17. | EJ Global General Ledger Detail Report  01 thru  12/31/2019. |
| 18. | EJ Global: General Trial Balance for Period Ending 12/31/2019. |
| 19. | EJ Global Balance Sheet 2019 |
| 20. | AP Invoice Summary xls.EJ Global |
| 21. | Trial Balance A 2019 TB |
| 22. | EJ Global Accounts Payable Invoice History Report Sorted by Invoice Number |
| 23. | EJ Global Income Statement 2019 |
| 24. | EJ Global Bank Reconciliation Report: 12/31/2019 |
| 25. | EJ Global General Ledger  Ending 12/31/2019 |
| 26. | EJ Global Cap. Costs General Ledger 12/31/2019 |
| 27. | EJ Global  Detail Postings  12/31/2019 |
| 28. | EJ Global Accounts Payable All Open Invoices 12/31/2019 |
| 29. | EJ Global Detail Postings 01 thru 12 Ending 12/31/2019 |
| 30. | EJ Global Detail Postings AMEX 01 thru 12/31/2019 |
| 31. | EJ Global General Ledger  Detail Report 01 thru 12/31/2019 |
| 32. | EJ Global General Ledger Trial Balance for Period Ending 12/31/2018 |
| 33. | EJ Global Business Debt Card Agreement |

| | | |
|---|---|---|
| 1 | 34. | EJ Global Business Debt Card Enrollment |
| 2 | 35. | American Express-Payment Schedule 12/19/2013 to 11/09/2020: All accounts |
| 3 | 36. | American Express-Billing Statements from 2009-2020 for account # |
| 4 | 37. | American Express Ledger Payments Made on Thomas and Girardi Am. Ex. Accts. |
| 5 | 38. | BLANK |
| | 39. | Girardi Marriage Certificate |
| 6 | 40. | EJ Global Limited Liability Company Articles of Incorporation |
| | 41. | EJ Global Statement of Information -2009 |
| 7 | 42. | Application for State Gambling License |
| 8 | 43. | Lack letter to Girardi re Interest in Bicycle Club |
| | 44. | Gambling License. Appointment of Designated Agent |
| 9 | 45. | Gambling License Authorization for Release of Information |
| | 46. | Gambling Application Declaration of Full Disclosure |
| 10 | 47. | Gambling License: Spouse Declaration, Acknowledgement, and Agreement |
| 11 | 48. | Gambling License: Supplemental Background Information |
| 12 | 49. | Gambling License: Applicant's Declaration, Acknowledgment, and Agreement |
| 13 | 50. | Retention Agreement: Law Offices of Loy Fernback Harn, APC., re general advice re gaming laws with Erika Girardi |
| 14 | 51. | 2016 Form W-2G, State Lottery Income Tax Statement |
| | 52. | 2016 Income Tax Return |
| 15 | 53. | Statement of Information EJ Global 2016 |
| 16 | 54. | 2017 Income Tax Return |
| | 55. | Notice of Withdrawal of Gaming License Application |
| 17 | 56. | Articles of Incorporation, Pretty Mess, Inc. |
| 18 | 57. | Girardi Financial, Inc. Registration State of Nevada |
| | 58. | 2015 Tax Return |
| 19 | 59. | Book: Erika Jayne: Pretty Mess, Published Simon ^ Schuster, 2018 |
| 20 | 60. | Order: I*n re Girardi Keese; Girardi v. Miller,* CV 22-5176, Decision entered May 1, 2023, 2023 U.S.Dist. LEXIS 75752 (May 1, 2023). |
| 21 | 61. | Girardi and Keese Client Trust Account check 15847 payable to M&M in the amount of $750,000.00. |
| 22 | 62. | Case Card Ledger – Rezulin Case no. 21101, p. 85 . |
| | 63. | November 3, 2020 Petition for Dissolution of Marriage by Erika Girardi |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **JOINT PRE-TRIAL STIPULATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 14, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On _____**,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 14, 2025,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

 January 14, 2025     Cheryl Winsten           /s/ Cheryl Winsten
*Date                            Printed Name                         Signature*

**In re GIRARDI KEESE**
Case No. 2:20-bk-21022-BR
**Elissa D. Miller. Chapter 7 Trustee v. Erika N. Girardi, et al.**
Case No. 2:21-ap-01155-BR

**1.**     **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ori S Blumenfeld**     oblumenfeld@laklawyers.com, nlessard@laklawyers.com;smcfadden@laklawyers.com

- **Evan C Borges**     eborges@ggtriallaw.com, cwinsten@ggtriallaw.com

- **Alan W Forsley**     alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net,addy@flpllp.com

- **Larry W Gabriel**     lgabrielaw@outlook.com, tinadow17@gmail.com

- **Daniel A Lev**     daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

- **Craig G Margulies**     Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com

- **Elissa Miller (TR)**     CA71@ecfcbis.com,MillerTrustee@gmlaw.com; C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com

- **Ronald N Richards**     ron@ronaldrichards.com,7206828420@filings.docketbird.com

- **Frank X Ruggier**     frank@ruggierlaw.com

- **Amir Shakoorian**     AShakoorian@GGTrialLaw.com

- **United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov

- **Timothy J Yoo**     tjy@lnbyb.com

**3.**     **SERVED BY OVERNIGHT MAIL:**

**U.S. Bankruptcy Court:**
U.S. Bankruptcy Court
Hon. Barry Russell
255 E. Temple Street, Courtroom 1668
Los Angeles, CA 90012

JOINT PRE-TRIAL STIPULATION